UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

**JASON K. STRATTON,**

    Plaintiff,

v.                                              Civil Action No. __5:16-cv-12204__
                                               Judge _____

                                               Removed From Circuit Court of
                                               Raleigh County, No. 16-C-724

**ARCH COAL, INC., a foreign corporation,**
**MINGO LOGAN COAL COMPANY, a**
**foreign corporation, and ARCH COAL**
**GROUP, LLC., a foreign corporation,**

    Defendants.

## NOTICE OF REMOVAL

    COME NOW Defendants Arch Coal, Inc, Mingo Logan Coal Company, and Arch Coal Group, LLC, by and through undersigned counsel, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446(b) and (c), and file this Notice of Removal to the United States District Court for the Southern District of West Virginia – Beckley Division, and for grounds of this Notice of Removal, states:

1.     This action, filed and now pending in the Circuit Court of Raleigh County, West Virginia, is an action by Plaintiff against Defendants to recover compensatory and punitive damages, costs and disbursements of the action.

2.     Removal in this matter is timely in that Plaintiff filed his Complaint on or about November 16, 2016. The West Virginia Secretary of State also received service of the Summons and Complaint on behalf of Defendants on November 21, 2016. True and correct copies of the Summons and Complaint served upon Defendant Arch Coal, Inc. in

7352022.1

the state court action are attached hereto as Exhibit A. True and correct copies of the Summons and Complaint served on Defendants Mingo Loan Coal Company and Arch Coal Group, LLC are attached hereto as Exhibit B and Exhibit C, respectively.

3. As required by 28 U.S.C. § 1446(b), Defendants' Notice of Removal is filed in this Court within 30 days after the receipt by Defendants of a copy of Plaintiff's Complaint in this action.

4. The United States District Court for the Southern District of West Virginia has jurisdiction over this case on the basis of diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332.

5. Because the employment dispute in this action arose in Logan County and Raleigh County, West Virginia, removal to this judicial district and division is appropriate.

6. According to Plaintiff's Complaint, Plaintiff is a citizen and resident of Logan, Logan County, West Virginia. *See* Ex. A, Compl., at ¶ 1.

7. Additionally, Defendant Arch Coal, Inc. is now, and was at all pertinent times, a foreign corporation, authorized to do business in West Virginia. Defendant Arch Coal, Inc.'s state of incorporation is Delaware. *See* Secretary of State Business Organization Detail, which is attached as Exhibit D. Defendant Mingo Logan Coal Company is now, and was at all pertinent times, a foreign corporation, authorized to do business in West Virginia. Defendant Mingo Logan Coal Company's state of incorporation is Delaware. *See* Secretary of State Business Organization Detail, which is attached as Exhibit E. Defendant Arch Coal Group, LLC is now, and was at all pertinent times, a Delaware limited-liability company. *See* Secretary of State Business Organization Detail, which is attached as Exhibit F. Therefore, complete diversity of citizenship exists between all parties to this action. *See Central West Virginia Energy Co., Inc. v. Mountain State*

*Carbon, LLC,* 636 F.3d 101, 103 (4th Cir. 2011) (citing *Hertz Corp. v. Friend,* 559 U.S. 77 (2010)); 28 U.S.C. § 1332(c)(1).

8. Finally, pursuant to 28 U.S.C. § 1446(c)(2)(B), and although Defendants dispute the merits of Plaintiff's entitlement to any recovery, the Complaint and this Notice of Removal establish by the preponderance of the evidence that the amount in controversy in this matter exceeds $75,000.00, exclusive of interest and costs.

9. Plaintiff's Complaint seeks a variety of damages, including, *inter alia*:

   a. economic damages, including damages arising from the loss of promotion and damages from discharge, back pay, front pay, and loss of benefits;

   b. non-economic damages, including:

       (1.) emotional distress;

       (2.) mental anguish;

       (3.) embarrassment;

       (4.) humiliation;

       (5.) damage to his reputation; and

       (6.) annoyance and inconvenience;

   c. future economic and non-economic damages;

   d. other general damages;

   e. attorneys' fee and costs;

   f. punitive damages;

   g. interest; and

   h. "such other and further relief as this Court may deem just and proper."

*See* Ex. A., Compl.

10. The Prayer for Relief clause of Plaintiff's Complaint does not seek a specific monetary amount. Thus, when determining the amount in controversy for money damages, as alleged in part of the prayer for relief, "a court looks to the totality of the circumstances, including the complaint, the type and extent of the plaintiff's injuries, the amounts awarded in similar cases, and losses incurred to date of removal. Properly analyzed, a court is not to use this information to estimate the amount a jury would award the plaintiff assuming he prevails, but rather to estimate what a reasonable plaintiff would demand or claim." *See Scaralto v. Ferrell*, 826 F. Supp. 2d 960, 968 (S.D. W. Va. 2011).

11. Plaintiff seeks economic damages associated with his discharge, including back pay, front pay, loss of benefits, and loss of promotion. Plaintiff's salary grade was $51,000/year. In 2014, Plaintiff was paid $85,144.00. In 2015, Plaintiff was paid $77,430.22. *See* Affidavit of Pamela Tucker, Mountain Laurel Complex Human Resources Manager, which is attached as Exhibit G.

12. Attorney's fees are an element of the amount in controversy where recovery is authorized by the statute under which the plaintiff claims. *See Burdette v. ReliaStar Life Ins. Co.*, No. 2:06-0210, 2006 WL 1644234, at *2 (S.D. W. Va. June 12, 2006). Significantly, because attorney's fees could be awarded upon successful prosecution of the Plaintiff's claim under the West Virginia Human Rights Act, W. Va. Code § 5-11-1 *et seq.*, such fees are to be considered when determining the amount in controversy.

13. It is well-settled that damages for emotional distress, front pay, and punitive damages are available for claims of wrongful termination. *Dobson v. Eastern Associated Coal Corp.*, 422 S.E.2d 494 (W. Va. 1992); *Akers v. Cabell Huntington Hosp., Inc.*, 599 S.E.2d 769, 777 (W. Va. 2004) (holding that emotional distress damages are available under the West Virginia Human Rights Act); *Haynes v. Rhone-Poulehc, Inc.*, 521 S.E.2d 331 (W. Va.

1999) (upholding punitives award under West Virginia Human Rights Act). In West Virginia, "a good faith claim for punitive damages may augment compensatory damages in determining the amount in controversy unless it can be said to a legal certainty that plaintiff cannot recover punitive damages in the action." *See Asbury-Casto v. GlaxoSmithKline, Inc.*, 352 F.Supp.2d 729, 732 (N.D. W. Va. 2005); *Bryant v. Wal–Mart,* 117 F.Supp.2d 555, 556–557 (S.D. W. Va. 2000). Punitive damages may exceed compensatory damage awards by "single-digit multipliers." *See State Farm Mutual Auto Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003); *see also Woods v. Nationwide Mut. Ins. Co.*, 2006 WL 1706040, *2 (N.D. W. Va. 2006) (evaluating the amount in controversy and noting that punitive damages awards may exceed compensatory damages awards by single digit multipliers); *Etchison v. Westfield Ins. Co.*, 2006 WL 2796658, *6 (N.D. W. Va. 2006) (same).

14. Based on the allegations contained in Plaintiff's Complaint and the types of damages that Plaintiff seeks to recover, Defendants assert that the amount in controversy is greater than $75,000.00.

15. "Competent proof" also exists, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See Asbury-Casto*, 352 F.Supp.2d at 731 (quoting *Chase v. Shop 'N Save Warehouse Foods*, 110 F.3d 424, 427 (7th Cir. 1997)).

16. Defendants have complied with all provisions of 28 U.S.C. § 1446 governing the process for removal.

17. Therefore, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), and the state court action is properly removable.

18. After filing this Notice of Removal, Defendants will promptly provide written notice of the filing to Plaintiff and to the Clerk of the Circuit Court of Raleigh County, West Virginia, where the state court action is pending.

WHEREFORE, Defendants pray this Honorable Court accept jurisdiction of said action.

Respectfully submitted this 15th day of December, 2016.

**ARCH COAL, INC. MINGO LOGAN COAL COMPANY, and ARCH COAL GROUP, LLC.,**

**By Counsel**

/s/ Shawn A. Morgan
C. David Morrison   (WV State Bar # 2643)
Shawn A. Morgan   (WV State Bar #6640)

STEPTOE & JOHNSON PLLC
   Of Counsel

400 White Oaks Blvd.
Bridgeport, WV 26330
(304) 933-8000
david.morrison@steptoe-johnson.com
shawn.morgan@steptoe-johnson.com
Counsel for Defendants

6

7352022.1

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## BECKLEY DIVISION

**JASON K STRATTON,**

    **Plaintiff,**

v.                                                      **Civil Action No. _____**
                                                         **Judge _____**

                                                         **Removed From Circuit Court of**
                                                         **Raleigh County, No. 16-C-724**

**ARCH COAL, INC., a foreign corporation,**
**MINGO LOGAN COAL COMPANY, a**
**foreign corporation, and ARCH COAL**
**GROUP, LLC., a foreign corporation,**

    **Defendants.**

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the "Notice of Removal" filed electronically with the Clerk of the Court this 15th day of December, 2016, to be served by operation of the Court's electronic filing system, and which I also served by FedEx, on:

                                  Stephen P. New
                                  114 Main Street
                                  P.O. Box 5516
                                  Beckley, WV 25801
                                  *Counsel for Plaintiff*

                                                       /s/ Shawn A. Morgan
                                                       Shawn A. Morgan (WVSB #6640)
                                                       *Counsel for Defendants*
                                                       Steptoe & Johnson PLLC
                                                       400 White Oaks Boulevard
                                                       Bridgeport, WV 26330
                                                       Telephone: (304) 933-8000
                                                       Facsimile: (304) 933-8183
                                                       Email: shawn.morgan@steptoe-johnson.com

7352022.1