Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305



**USPS CERTIFIED MAIL™**



9214 8901 1251 3410 0001 4940 54

ARCH COAL GROUP LLC
C. T. Corporation System
5400 D Big Tyler Road
CHARLESTON, WV 25313

**Natalie E. Tennant**
Secretary Of State
State Of West Virginia
Phone: 304-558-6000
866-767-8683
Visit us online:
www.wvsos.com

Control Number: 123686

Defendant: ARCH COAL GROUP LLC
5400 D Big Tyler Road
CHARLESTON, WV 25313 US

Agent: C. T. Corporation System
County: Raleigh
Civil Action: 16-C-724
Certified Number: 92148901125134100001494054
Service Date: 11/21/2016

I am enclosing:

**1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in your name and on your behalf.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in your name and on your behalf as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, not to the Secretary of State's office.*

Sincerely,

*Natalie E Tennant*

Natalie E. Tennant
Secretary of State

Exhibit C

# IN THE CIRCUIT COURT OF RALEIGH COUNTY, WEST VIRGINIA

JASON K. STRATTON,
    Plaintiff,

v.

CIVIL ACTION NO.: 16-C-724
HONORABLE _____

ARCH COAL, INC., a foreign corporation,
MINGO LOGAN COAL COMPANY, a
foreign corporation, and ARCH COAL
GROUP, LLC., a foreign corporation,
    Defendants.

To the above-named party:    Arch Coal Group, LLC
CT Corporation System
5400 D Big Tyler Rd.
Charleston, WV 25801

## SERVICE OF THE SUMMONS AND COMPLAINT

    IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby Summoned and required to serve upon STEPHEN P. NEW, ATTORNEY AT LAW, plaintiff's attorney, whose address is P.O. BOX 5516 BECKLEY WV 25801, an answer, including any related counterclaim you may have, to the complaint filed against you in the above styled civil action, a true copy of which is herewith delivered to you. You are required to serve your answer within THIRTY (30) days after service of this summons upon you exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim in the above styled civil action.

Dated: 11-16-16

                                                        Paul H. Flanagan
                                                        Clerk of the Court:

                                                        By: Amy Couch

*Stamp: ACCEPTED FOR SERVICE OF PROCESS — SECRETARY OF STATE OF WEST VA — 2016 NOV 21 A 5:02*

3

# IN THE CIRCUIT COURT OF RALEIGH COUNTY, WEST VIRGINIA

JASON K. STRATTON,
      Plaintiff,

v.        CIVIL ACTION NO.: 16-C-724
      HONORABLE _____

ARCH COAL, INC., a foreign corporation,
MINGO LOGAN COAL COMPANY, a
foreign corporation, and ARCH COAL
GROUP, LLC., a foreign corporation,
      Defendants.

## COMPLAINT

For his Complaint against the Defendants, Plaintiff alleges as follows:

1. Plaintiff, Jason K. Stratton, was at all times relevant herein, a resident of Logan, Logan County, West Virginia. At all times material to this Civil Action, Plaintiff was employed by Defendant, Arch Coal, Inc. and/or Mingo Logan Coal Company as a maintenance technician.

2. Defendant, Arch Coal Inc., is a foreign corporation that at all times relevant hereto was doing business in West Virginia. Its principal place of business is City Place One, Suite 300, St. Louis, Missouri 63141. Its local office address is 7 Player Club Drive, Charleston, West Virginia 25311. Further, Defendant Arch Coal, Inc., does business in Raleigh County, West Virginia. Its agent for service of process is CT Corporation System, 5400 D Big Tyler Road, Charleston, WV 25313.

3. On January 11, 2016, Arch Coal Inc., and a number of its subsidiaries and affiliate companies (collectively "Arch") filed for bankruptcy in the United States Bankruptcy Court for the Eastern District of Missouri ("Bankruptcy Court").

4. By "Notice of (I) Entry of Order Confirming Debtors' Fourth Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code; (II) Occurrence of Effective

Dave and (III) Bar Dates for Filing Certain Claims" entered on October 5, 2016, the Bankruptcy Court confirmed the Debtors' plan and lifted the automatic stay that had been in place. *See* Notice, attached hereto as Exhibit 1.

5. Defendant, Mingo Logan Coal Company, is a foreign corporation that at all times relevant hereto was doing business in West Virginia. Its principal place of business is City Place One, Suite 300, Atten: Tax Department, St. Louis, Missouri 63141. Its local office address is Rt 17, Mountain Laurel Drive, PO Box E, Sharples, West Virginia 25183. Its agent for service of process is CT Corporation System, 5400 D Big Tyler Road, Charleston, WV 25313.

6. Defendant, Arch Coal Group, LLC, is a foreign limited liability company, that is licensed to do business in West Virginia. Its principal office address is One City Place Drive, Suite 300, Saint Louis, Missouri, 63141. Its notice of process address is CT Corporation System, 5400 D Big Tyler Road, Charleston, WV 25313.

## JURISDICTION AND VENUE

7. Pursuant to W.Va. Code §51-2-2, this Court has jurisdiction over the parties and claims asserted in this action.

8. The Defendant, Arch Coal, Inc.'s local office is located at 7 Player Club Drive, Charleston, West Virginia and has operations in Raleigh County. Venue, therefore, is appropriate pursuant to W.Va. Code §56-1-1.

## FACTS

9. The Plaintiff, Jason K. Stratton, was employed by Defendant, Arch Coal, Inc. on February 18, 1997 as a Dispatcher.

10. In said position, Plaintiff was responsible for whatever duties were passed to him by his supervisors.

11. During his employment, Plaintiff, Jason Stratton, consistently performed his duties in a safe and satisfactory manner and met the reasonable expectations of the Defendant.

12. On May 30, 2014 numerous officials for and vendors to Defendant Mingo Logan Coal Company were indicted due to their participation in a "pay-to-play" scheme involving the selection and use of vendors at Defendant Mingo Logan Coal Company's Mountain Laurel Complex.

13. Plaintiff cooperated with FBI investigators during a joint federal and state investigation into an illegal kickback scheme at the Mountain Laurel Complex of the defendant, Mingo Logan Coal Company.

14. During the investigation, as well as subsequent resulting civil litigation, Defendants learned that Plaintiff possessed certain voice recordings, notes and photographs relevant to the cases which he planned to disclose if requested by subpoena.

15. Thereafter, Plaintiff was scheduled for fewer work shifts after his cooperation became known to the administration of Mingo Logan Coal Company.

16. Plaintiff was ostracized by his superiors after his cooperation became known to the administration of Mingo Logan Coal Company.

17. The administration of Mingo Logan Coal Company went so far as to attempt to interfere with Plaintiff's marital relationship after his cooperation became known.

18. Plaintiff developed Major Depressive Disorder (including Anxiety, Depression and some paranoia) and was taken off of work on December 8, 2015.

19. When Plaintiff returned to work on January 29, 2016 he was terminated.

20. Following Plaintiff's wrongful termination, he was awarded unemployment compensation benefits at the rate of Four Hundred Twenty Dollars and No Cents ($420.00) per week.

21. Plaintiff's unemployment compensation benefits ended in late July/early August 2016.

## COUNT I - WRONGFUL TERMINATION

22. Plaintiff incorporates the allegations in all preceding paragraphs by reference and as if alleged fully herein.

23. Plaintiff while employed by Defendants discovered numerous instances of a "pay-to-play" scheme involving repair work, the providing of contract labor and the awarding of construction projects at the Mountain Laurel Complex.

24. Vendors who refused to participate in the scheme were denied contracts with Mountain Laurel.

25. Plaintiff alleges that his discharge was in retaliation for information he provided to both the FBI and Arch Coal Inc. regarding the various kickback schemes that were in place at Mountain Laurel.

26. Plaintiff's termination was wrongful and/or retaliatory in nature and was in violation of West Virginia common law.

27. As a direct and proximate result of Defendants' conduct, Plaintiff has incurred economic damages and non-economic damages and will continue to suffer economic and non – economic damages in the future.

28. Defendants' actions were willful, wanton, reckless, and intentional and demonstrate gross indifference to the rights of Plaintiff.

29. Defendants' conduct is so reprehensible that punitive damages should be addressed by a jury to punish Defendants and to deter and prevent similar conduct in the future.

## COUNT II - CIVIL CONSPIRACY/FRAUD

30. Plaintiff incorporates the allegations in all preceding paragraphs by reference and as if alleged fully herein.

31. Upon information and belief the Defendants conspired with one another to deprive the Plaintiff of his employment with Defendants based upon Plaintiff's cooperation with the FBI investigation, and concocted fraudulent bases for Plaintiff's discharge which Defendants knew were false at the time the statements were made.

32. As a direct and proximate result of defendants' conduct, plaintiff has incurred economic damages and non-economic damages and will continue to suffer economic and non-economic damages in the future.

33. Defendants' actions were willful, wanton, reckless, and intentional and demonstrate gross indifference to the rights of Plaintiff.

34. Defendants' conduct is so reprehensible that punitive damages should be addressed by a jury to punish Defendants and to deter and prevent similar conduct in the future.

## COUNT III - RETALIATORY DISCHARGE

35. Plaintiff incorporates the allegations in all preceding paragraphs by reference and as if alleged fully herein.

36. There is a substantial public policy in preventing the type and manner of pay-for-play schemes that were in place at Defendants' Mountain Laurel Complex mine.

37. Likewise, there is a substantial public policy in preventing employees from intimidating fellow employees in an effort to cover up their bad acts.

38. The actions of the Defendants in discharging the Plaintiff due to his cooperation with the FBI investigation into the illegal activities of numerous employees of the Defendants' Mountain Laurel Complex mine amounts to retaliatory or wrongful discharge and violates the laws of the State of West Virginia.

39. As a direct and proximate result of Defendants' conduct, Plaintiff has incurred economic damages and non-economic damages and will continue to suffer economic and non – economic damages in the future.

40. Defendants' actions were willful, wanton, reckless, and intentional and demonstrate gross indifference to the rights of Plaintiff.

41. Defendants' conduct is so reprehensible that punitive damages should be addressed by a jury to punish Defendants and to deter and prevent similar conduct in the future.

## COUNT IV - VIOLATION OF STATUES

42. Plaintiff incorporates the allegations in all preceding paragraphs by reference and as if alleged fully herein.

43. The actions of Defendants violate the aforesaid laws of West Virginia and confer jurisdiction on this Court for action of the defendants pursuant to §55-7-9 of the West Virginia Code.

44. As a direct and proximate result of defendants' conduct, plaintiff has incurred economic damages and non-economic damages and will continue to suffer economic and non – economic damages in the future.

45. Defendants' actions were willful, wanton, reckless, and intentional and demonstrate gross indifference to the rights of Plaintiff.

46. Defendants' conduct is so reprehensible that punitive damages should be addressed by a jury to punish Defendants and to deter and prevent similar conduct in the future.

## COUNT V – DISABILITY DISCRIMINATION VIOLATION OF WV HUMAN RIGHTS ACT

47. Plaintiff incorporates the allegations in all preceding paragraphs by reference and as if alleged fully herein.

48. The Defendants discharged the Plaintiff, upon his return to work after receiving treatment for a psychological disorder, specifically, Major Depressive Disorder (including Anxiety, Depression and some paranoia).

49. Discrimination based upon a disability or perceived disability violates the West Virginia Human Rights Act, W.Va. Code §5-11-1 *et seq*.

50. As a result of the disability discrimination by the Defendants in discharging the Plaintiff, the Defendants are liable to compensate the Plaintiff for damages arising from the loss of promotion, damages from discharge, back pay, front pay, loss of benefits, emotional distress, mental anguish, embarrassment, humiliation, damage to his reputation, annoyance and inconvenience, other general damages, attorneys' fees and costs.

**WHEREFORE**, Plaintiff respectfully request the Court grant the following relief, jointly and severally:

A. That he be awarded general and other damages in an amount to be determined at trial, by a jury, including but not limited to, damages to compensate him for monetary loss, back pay, front pay, loss of benefits, loss of promotion, incidental, consequential, actual and compensatory damages;

B. That he be awarded damages for mental anguish, emotional distress, humiliation, aggravation and inconvenience, and damage to his reputation;

C. That he be awarded punitive damages in an amount to be determined by a jury;

D. That he be awarded attorneys' fees, costs, and pre and post judgment interest as allowed by law; and

E. That he be awarded such other and further relief as this Court may deem just and proper.

**THE PLAINTIFF DEMANDS A TRIAL BY JURY.**

JASON K. STRATTON
PLAINTIFF,
BY COUNSEL

Stephen P. New (#7756)
Stacey L. Fragile (#8532)
Amanda J. Taylor (#11635)
114 Main Street
PO Box 5516
Beckley, WV 25801
Telephone: (304) 250-6017
Facsimile: (304) 250-6012
