UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

JASON K STRATTON,

    Plaintiff,

v().                                             Civil Action No. 5:16-cv-12204

                                            Removed From Circuit Court of
                                            Raleigh County, No. 16-C-724

ARCH COAL, INC., a foreign corporation,
MINGO LOGAN COAL COMPANY, a
foreign corporation, and ARCH COAL
GROUP, LLC., a foreign corporation,

    Defendants.

## ANSWER OF ALL DEFENDANTS

Defendants, Arch Coal, Inc. ("ACI"), Mingo Logan Coal Company ("Mingo") and Arch Coal Group, LLC ("ACG"), hereby respond to Plaintiff's Complaint as follows:

### First Defense

Plaintiff's Complaint fails to state a cause of action upon which relief may be granted.

### Second Defense

Plaintiff's damages, if any, should be reduced by reason of his failure to take reasonable steps to mitigate them.

### Third Defense

Defendants may rely upon the after-acquired evidence defense.

### Fourth Defense

All of the employment decisions relating to Plaintiff were made on the basis of legitimate, non-discriminatory and non-retaliatory factors.

### Fifth Defense

Defendants are entitled to an offset in damages for the amount of money Plaintiff has earned or received since he left employment with Mingo.

### Sixth Defense

To the extent that Plaintiff seeks unmitigated recovery of past and future wages and benefits, West Virginia Code § 55-7E-3(a) explicitly precludes recovery of the same.

### Seventh Defense

West Virginia Code § 55-7E-3(b) grants the trial court exclusive authority to determine the appropriate amount of front pay, if any, to be awarded Plaintiff.

### Eighth Defense

West Virginia Code § 55-7-29(a) requires the Plaintiff to establish by clear and convincing evidence that the damages claimed in Plaintiff's Complaint resulted from conduct carried out by one or more of the defendants with actual malice toward Plaintiff before punitive damages may be considered.

### Ninth Defense

Defendants reserve the right, in accordance with West Virginia Code § 55-7-29(b), to request a bifurcated trial on the issue of punitive damages in this matter.

### Tenth Defense

Any award of punitive damages in this case may be volative of the due process clauses of the United States and West Virginia constitutions.

### Eleventh Defense

1. Plaintiff was never employed by ACI or ACG.

**Twelfth Defense**

1. Defendants admit that Plaintiff was employed by Defendant Mingo as a maintenance technician; deny that Plaintiff was ever employed by ACI; and are without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 1 of the Complaint.

2. ACI, Mingo and ACG deny that ACI's local office address is 7 Player Club Drive, Charleston, West Virginia 25311; but admit the remainder of the allegations contained in paragraph 2 of the Complaint.

3. ACI, Mingo and ACG admit the allegations contained in paragraph 3 of the Complaint.

4. ACI, Mingo and ACG deny the allegations contained in paragraph 4 of the Complaint.

5. Defendants, ACI, Mingo and ACG deny that the principal place of business of Mingo includes "ATTEN: Tax Department"; but admit the remainder of the allegations contained in paragraph 5 of the Complaint.

6. Defendants, ACI, Mingo and ACG admit the allegations contained in paragraph 6 of the Complaint.

7. This matter has been removed to Federal District Court and, therefore, the allegations contained in Paragraph 7 of the Complaint are denied.

8. This matter has been removed to this Court and, therefore, the allegations concerning venue in Paragraph 8 of the Complaint are denied. The balance of the allegations are also denied.

9. ACI, Mingo and ACG deny the allegations contained in Paragraph 9 of the Complaint.

10. ACI, Mingo and ACG admit that, in whatever position Plaintiff held, he was responsible for whatever duties were passed to him by his supervisors.

11-12. ACI, Mingo and ACG deny the allegations contained in Paragraphs 11 and 12 of the Complaint.

13. ACI, Mingo and ACG do not have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint.

14. ACI, Mingo and ACG deny the allegations contained in Paragraph 14 of the Complaint.

15. Mingo admits that Plaintiff was scheduled fewer work shifts; but denies the remainder of the allegations contained in Paragraph 15 of the Complaint. ACI and ACG do not have knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in this Paragraph.

16. Mingo denies the allegations contained in Paragraph 16 of the Complaint; ACI and ACG do not have knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

17. Mingo denies the allegations contained in Paragraph 17 of the Complaint; ACI and ACG are without knowledge or information sufficient to form a belief as to the truth of the allegations.

18. Mingo admits that Plaintiff ceased working on or about December 8, 2016; ACI, Mingo and ACG are without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 18 of the Complaint.

19. ACI, Mingo and ACG admit that the Plaintiff's employment was terminated on January 29, 2016; but deny the remainder of the allegations contained in Paragraph 19 of the Complaint.

20-21. ACI, Mingo and ACG admit that Plaintiff received unemployment compensation; but deny the remainder of the allegations contained in Paragraphs 20 and 21 of the Complaint.

22. ACI, Mingo and ACG incorporate by reference, as if fully set forth herein, each and every response made to the allegations contained in Paragraphs 1-21 of the Complaint.

23-24. ACI, Mingo and ACG are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 23 and 24 of the Complaint.

25-29. ACI, Mingo and ACG deny the allegations contained in Paragraphs 25, 26, 27, 28 and 29 of the Complaint.

30. ACI, Mingo and ACG incorporate by reference, as if fully set forth herein, each and every response made to the allegations contained in Paragraphs 1-29 of the Complaint.

31-34. ACI, Mingo and ACG deny the allegations contained in Paragraphs 31, 32, 33, and 34 of the Complaint.

35. ACI, Mingo and ACG incorporate by reference, as if fully set forth herein, each and every response made to the allegations contained in Paragraphs 1-34 of the Complaint.

36-37. ACI, Mingo and ACG state that the allegations in Paragraphs 36 and 37 set forth legal conclusions to which no response is necessary. To the extent that a

response is necessary, they do not have knowledge or information sufficient to form a belief as to the truth of the allegations.

38-41. ACI, Mingo and ACG deny the allegations contained in Paragraphs 38, 39, 40 and 41 of the Complaint.

42. ACI, Mingo and ACG incorporate by reference, as if fully set forth herein, each and every response made to the allegations contained in Paragraphs 1-41 of the Complaint.

43-46. ACI, Mingo and ACG deny the allegations contained in Paragraphs 43, 44, 45 and 46 of the Complaint.

47. ACI, Mingo and ACG incorporate by reference, as if fully set forth herein, each and every response made to the allegations contained in Paragraphs 1-46 of the Complaint.

48. ACI, Mingo and ACG admit that Mingo discharged the Plaintiff from his employment; deny that Mingo discharged him "upon his return to work"; and are without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 48 of the Complaint.

49. ACI, Mingo and ACG state that the allegations contained in Paragraph 49 of the Complaint set forth legal conclusions to which a response is not necessary. To the extent that a response is necessary, they admit the allegations.

50. ACI, Mingo and ACG deny the allegations contained in Paragraph 50 of the Complaint.

51. ACI, Mingo and ACG deny each and every allegation contained in the Complaint which was not specifically addressed herein.

7362708

WHEREFORE, Defendants Arch Coal, Inc., Mingo Logan Coal Company, and Arch Coal Group, LLC, hereby request that this civil action be dismissed, and that they be awarded their costs, including attorneys' fees, in defense thereof.

        **ARCH COAL, INC. MINGO LOGAN COAL COMPANY, and ARCH COAL GROUP, LLC.,**

        **By Counsel**

        /s/ C. David Morrison
        C. David Morrison   (WV State Bar # 2643)
        Shawn A. Morgan   (WV State Bar #6640)
        Kaitlin L. Robidoux  (WV State Bar #12342)

STEPTOE & JOHNSON PLLC        400 White Oaks Blvd.
    Of Counsel                            Bridgeport, WV 26330
                                           (304) 933-8000
                                           david.morrison@steptoe-johnson.com
                                           shawn.morgan@steptoe-johnson.com
                                           kaitlin.robidoux@steptoe-johnson.com

        Counsel for Defendants

7362708

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

**JASON K STRATTON,**

    **Plaintiff,**

v.                                       **Civil Action No. 5:16-cv-12204**

                                       **Removed From Circuit Court of**
                                       **Raleigh County, No. 16-C-724**

**ARCH COAL, INC., a foreign corporation,
MINGO LOGAN COAL COMPANY, a
foreign corporation, and ARCH COAL
GROUP, LLC., a foreign corporation,**

    **Defendants.**

**CERTIFICATE OF SERVICE**

    I hereby certify that on the 20th day of December, 2016, I electronically filed the "**ANSWER OF ALL DEFENDANTS**" with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to the following counsel of record:

Stephen P. New
114 Main Street
P.O. Box 5516
Beckley, WV 25801
*Counsel for Plaintiff*

                                                           /s/ C. David Morrison
                                                      C. David Morrison    (WV State Bar # 2643)