**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**BECKLEY DIVISION**

**JASON K. STRATTON,**

    **Plaintiff,**

v.                                                       **Civil Action No. 5:16CV12204**
                                                          **Judge Irene C. Berger**
**ARCH COAL, INC., a foreign corporation,**
**MINGO LOGAN COAL COMPANY, a**
**foreign corporation, and ARCH COAL**        **Removed From Circuit Court of**
**GROUP, LLC., a foreign corporation,**           **Raleigh County, No. 16-C-724**

    **Defendants.**

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE**

       Defendants Arch Coal, Inc., Mingo Logan Coal Company, and Arch Coal Group, LLC (collectively, "Defendants"), by counsel, submit this memorandum of law in support of their motion to dismiss Counts I, II, III, and IV of Plaintiff's Complaint pursuant to Rule 12(b)(6) and motion to strike either Count I or Count III pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. Counts I through IV of the Complaint allege that Plaintiff's discharge was wrongful and retaliatory in contravention of West Virginia law, that Defendants conspired with one another to deprive Plaintiff of his employment and concocted fraudulent bases for his discharge, and that Defendants' actions violated one or more unnamed West Virginia statutes. However, as is explained in detail below, Plaintiff cited to no substantial public policy of the State of West Virginia that would support his wrongful or retaliatory discharge claim, and he failed to set forth facts and legal bases that would allow him to recover for civil conspiracy, fraud, or violation of statutes. Therefore, Counts I, II, III, and IV of Plaintiff's Complaint should be dismissed as a matter of law pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be

granted. Additionally, or alternatively, either Count I or Count III should be struck under Rule 12(f) because those two causes of action are redundant, and thus one of them should be struck as a matter or law.

I. **BRIEF STATEMENT OF FACTS**

Because this is a motion to dismiss, for the purpose of this motion only, Defendants rely on the allegations in the Complaint. Plaintiff alleges that he was employed as a maintenance technician and/or a dispatcher with either Arch Coal, Inc. and/or Mingo Logan Coal Company. (Compl., ¶¶ 1, 9.) Plaintiff claims that he "performed his duties in a safe and satisfactory manner and met the reasonable expectations of the Defendant" Arch Coal, Inc. (Compl., ¶11.) According to the Complaint, on May 30, 2014, "numerous officials for and vendors to Defendant Mingo Logan Coal Company were indicted due to their participation in a 'pay-to-play' scheme involving the selection and use of vendors at Defendant Mingo Logan Coal Company's Mountain Laurel Complex." (Compl., ¶ 12.) Plaintiff claims that he cooperated with FBI investigators during a federal and state investigation "into an illegal kickback scheme at the Mountain Laurel Complex." (Compl., ¶ 13.)

The Complaint alleges that Defendants became aware during the investigation and resultant litigation that Plaintiff had voice recordings, notes, and photographs that he planned to disclose if requested to do so by a subpoena. (Compl., ¶ 14.) Plaintiff alleges that, after the administration of Mingo Logan Coal Company found out that Plaintiff was cooperating, he was scheduled for fewer work shifts, he was ostracized by his superiors, and the administration of Mingo Logan Coal Company attempted to interfere with his marital relationship. (Compl., ¶¶ 15-17.) Plaintiff claims that he developed Major Depressive Disorder, and he was taken off of work

on December 8, 2015. (Compl., ¶ 18.) He claims that, when he returned to work on January 29, 2016, he was discharged. (Compl., ¶ 19.)

**ARGUMENT**

    **A. Standard of Review**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a defendant may move to move to dismiss a claim for "failure to state a claim upon which relief can be granted." Thus, "[a] motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is designed to test . . . the sufficiency of the plaintiff's allegations." *F.D.I.C. v. Baldini*, 983 F. Supp. 2d 772, 784 (S.D.W. Va. 2013). "[A] Rule 12(b)(6) motion should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999) (citation omitted).

"The primary purpose of the complaint[] . . . [is] as a notice-giving device." *Baldini*, 983 F. Supp. 2d at 785. "Rule 8(a)(2) of the Federal Rules of Civil Procedure, which defines a complaint, requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Baldini*, 983 F. Supp. 2d at 784. While Rule 8 does not "require detailed factual allegations," "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Cozmyk v. Prompt Recovery Servs., Inc.*, 851 F. Supp. 2d 991, 992 (S.D.W. Va. 2012) (quoting, *inter alia*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009)). A pleading offering simply "labels and conclusions" or "naked assertions devoid of further factual enhancement" does not suffice. *Id.* (citation and internal editing marks

omitted). "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678–79, 129 S. Ct. at 1950, 173 L. Ed. 2d 868.

Indeed, "[m]odern cases have made clear[] . . . that while the official standard in federal courts is still the lenient one of accepting all well-pled facts as true and construing them in the light most favorable to the plaintiff, not all allegations are to be considered 'well-pled.'" *Baldini*, 983 F. Supp. at 784-85 (citing *Nemet Chevrolet, Ltd. v. Consumeraffairs.com,* 591 F.3d 250, 255 (4th Cir.2009)). That is, "the Supreme Court has drawn the line between factual allegations and legal conclusions." *Id.* at 785. The Supreme Court has explained, "[t]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949, 173 L. Ed. 2d 868 (citation omitted). "As such, in order to survive a 12(b)(6) motion, a complaint must allege sufficient factual material, above and beyond mere legal conclusions which are not entitled to truth, 'to state a claim to relief that is plausible on its face.'" *Baldini*, 983 F. Supp. 2d at 785 (quoting *Iqbal* at 676, 129 S. Ct. 1937 (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007))).

In other words, to survive a motion to dismiss, a complaint must "allege facts sufficient to state elements of the claim." *Blankenship v. Manchin*, 410 F. Supp. 2d 483, 489 (S.D.W. Va.), *aff'd*, 471 F.3d 523 (4th Cir. 2006) (citation and editing marks omitted). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679, 129 S. Ct. at 1950, 173 L. Ed. 2d 868 (citation omitted). "To achieve facial plausibility, the plaintiff must plead facts that allow the court to draw the reasonable inference that the defendant is liable, and those facts must be more than merely consistent with the defendant's liability to raise the claim

from merely possible to probable." *Ohio Valley Envtl. Coal. Inc. v. Hernshaw Partners, LLC*, 984 F. Supp. 2d 589, 595 (S.D.W. Va. 2013) (citation omitted). The U.S. Supreme Court has explained:

> Determining whether a complaint states a plausible claim for relief will[] . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief."

*Iqbal*, 556 U.S. at 679, 129 S. Ct. at 1950, 173 L. Ed. 2d 868 (quoting Fed. R. Civ. P. 8(a)(2)) (internal citation omitted). Therefore, when considering a motion to dismiss, a court "can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.*

### B. Counts I and III are Duplicative of Each Other and Both Fail as a Matter of Law Because They Allege that Plaintiff was Wrongfully Discharged But Fail to Set Forth any Alleged West Virginia Substantial Public Policy in Support of the Claims

In West Virginia, "an at-will employee serves at the will and pleasure of his or her employer and can be discharged at any time, with or without cause." *Swears v. R.M. Roach & Sons, Inc.*, 225 W. Va. 699, 703-04, 696 S.E.2d 1, 5-6 (2010) (citation and editing marks omitted). At-will employment is "tempered by the principle that where the employer's motivation for the discharge is to contravene some substantial public policy principle, then the employer may be liable to the employee for damages." *Harless v. First Nat'l Bank in Fairmont*, 162 W. Va. 116, 116, 246 S.E.2d 270, 271 (1978).

A claim for wrongful discharge in contravention of substantial public policy requires proof of four necessary elements:

> (1) Whether a clear public policy existed and was manifested in a state or federal constitution, statute or administrative regulation, or in the common law (the *clarity* element).
>
> (2) Whether dismissing employees under circumstances like those involved in the plaintiff's dismissal would jeopardize the public policy (the *jeopardy* element).
>
> (3) Whether the plaintiff's dismissal was motivated by conduct related to the public policy (the *causation* element).
>
> (4) Whether the employer lacked overriding legitimate business justification for the dismissal (the *overriding justification* element).

*Swears*, 225 W. Va. at 704, 696 S.E.2d at 6 (citation and internal editing marks omitted; emphasis in original). Whether a West Virginia public policy exists is a question of law, not a question of fact for a jury. *Id.* at Syl. Pt. 3 (citation omitted).

"To identify the sources of public policy for purposes of determining whether a retaliatory discharge has occurred, we look to established precepts in our constitution, legislative enactments, legislatively approved regulations, and judicial opinions." *Id.* at Syl. Pt. 7. West Virginia "retaliatory discharge cases are generally based on a public policy articulated by the legislature." *Id.*, 225 W. Va. at 704, 696 S.E.2d at 6 (internal citations and editing marks omitted).

The plaintiff has the burden of establishing the existence of a public policy, and the public policy that the plaintiff relies on must be "substantial." *Roth v. DeFeliceCare, Inc.*, 226 W. Va. 214, 221, 700 S.E.2d 183, 190 (2010); *Birthisel v. Tri-Cities Health Servs. Corp.*, 188 W. Va. 371, 377, 424 S.E.2d 606, 612 (1992). "Significantly, [the West Virginia Supreme] Court has acknowledged that to be substantial, a public policy must not just be recognizable as such but must be so widely regarded as to be evident to employers and employees alike." *Swears*, 225 W. Va. at 704, 696 S.E.2d at 6 (citation and editing marks omitted). "An employer should not be exposed to liability where a public policy standard is too general to provide any specific

6

guidance or is so vague that it is subject to different interpretations." *Birthisel*, 188 W. Va. at 377, 424 S.E.2d at 612.

"Inherent in the term 'substantial public policy' is the concept that the policy will provide specific guidance to a reasonable person." *Swears*, 225 W. Va. 699, 696 S.E.2d 1, at Syl. Pt. 6 (citation and editing marks omitted). The United States District Court for the Southern District of West Virginia recognized that "[n]o such guidance is provided where a plaintiff . . . cites no authority of any kind to support his public policy claim. This type of pleading practice will not survive a motion to dismiss under [Federal] Rule 12(b)(6)." *Wallace v. Crossroads Hosp. Co.*, No. Civ.A. 5:06-00014, 2006 WL 1134075, at *2 (S.D.W. Va. Apr. 24, 2006) (not reported in F. Supp. 2d).

Accordingly, when a plaintiff asserts a cause of action for wrongful discharge in violation of a substantial public policy, under West Virginia law, the complaint must identify the policy to survive a motion to dismiss. See *Wallace*, 2006 WL 1134075, at *2 (dismissing public policy claim that stated in its entirety, "The acts of the Defendant violate West Virginia Public Policy."); *Wilhelm v. W. Va. Lottery*, 198 W. Va. 92, 96, 479 S.E.2d 602, 606 (1996) (finding allegation of discrimination failed to a state claim upon which relief could be granted where no public policy was identified); *Owen v. Bd. of Educ. of Cty. of Mercer*, 190 W. Va. 677, 678, 441 S.E.2d 398, 399 (1994). Furthermore, a plaintiff's "mere citation of a statutory provision is not sufficient to state a cause of action for retaliatory discharge without a showing that the discharge violated the public policy that the cited provision clearly mandates." *Roth*, 226 W. Va. at 221, 700 S.E.2d at 190 (footnote omitted).

By way of example, dismissal of a suit brought in state court was proper in a case in which the plaintiff claimed to have been "a strong advocate for special education students and

7

for the enforcement of their rights," and "the complaint contained only the conclusionary statement that 'Plaintiff was wrongfully and deliberately fired ... for unlawful reasons in violation of substantial public policies of the State of West Virginia and state and federal law, including, but not limited to, the Education of Exceptional Children Act, West Virginia Code § 18–20–1, et seq., and the Education of the Handicapped Act, 20 USCS § 1401.'" *Owen*, 190 W. Va. at 678, 441 S.E.2d at 399 (citing *Fass v. Nowsco Well Service, Inc.*, 177 W. Va. 50, 350 S.E.2d 562 (1986)).

The Supreme Court of Appeals of West Virginia came to a similar result in *Swears*, where the plaintiff had been employed as the Controller for R.M. Roach and Sons, Inc. ("R.M. Roach"). 225 W. Va. at 701, 696 S.E.2d at 3. He claimed that he was discharged in retaliation for reporting to his superiors that another employee of R.M. Roach was misappropriating company funds for that employee's own benefit. *Id.*, 225 W. Va. at 702, 696 S.E.2d at 4. Though he cited to W. Va. Code § 61-3-20 (the criminal embezzlement statute) and W. Va. Code § 61-3-13 (the criminal larceny statute), the Court held that Mr. Swears did not "identify any constitutional provision, legislative enactment, legislatively approved regulations or judicial opinion that establishes a public policy in contravention of which he was discharged." *Id.*, 225 W. Va. at 705, 696 S.E.2d at 7. The Court reasoned that neither criminal statute "expresses a public policy component such that the statutes may form the basis for a possible violation of a substantial public policy to support a claim for wrongful discharge." *Id*. The Court recognized that "Mr. Swears' action against R.M. Roach does not involve a claimed violation of public policy or anything that may be injurious to the public good." *Id*. Therefore, the Court affirmed summary judgment that had been entered by the Circuit Court of Raleigh County, West Virginia.

In the present action, similar to the allegations in *Swears*, in Count I, Plaintiff alleged that "his discharge was in retaliation for information he provided to both the FBI and Arch Coal Inc. regarding the various kickback schemes that were in place at Mountain Laurel," which he alleged "was in violation of West Virginia common law." (Compl., ¶¶ 25, 26.) In Count III, also similar to the allegations in *Swears*, Plaintiff generally alleged that there are substantial public policies "in preventing the type and manner of pay-for-play schemes that were in place at Defendants' Mountain Laurel Complex mine" and "in preventing employees from intimidating fellow employees in an effort to cover up their bad acts." (Compl., ¶¶ 36-37.) Count III further alleged that Plaintiff's discharge was "due to his cooperation with the FBI investigation into the illegal activities of numerous employees of the Defendants' Mountain Laurel Complex mine" and "amounts to retaliatory or wrongful discharge and violates the laws of the State of West Virginia." (Compl., ¶ 38.)

Importantly, although Plaintiff has the burden of establishing the source and existence of a substantial public policy and showing that his discharge violated the policy, in Counts I and III, Plaintiff cited to no West Virginia constitutional provision, statute, legislatively approved regulations, or judicial opinion that articulates a substantial public policy. *See Swears*, 225 W. Va. at 705, 696 S.E.2d at 7; *Roth*, 226 W. Va. at 221, 700 S.E.2d at 190. Plaintiff thus did not provide information for the Court to be able to identify any substantial public policy of the State of West Virginia allegedly at issue, particularly given the caution and restraint that courts must exercise when declaring such a policy. *See Swears*, 225 W. Va. at 704, 696 S.E.2d at 6.

Moreover, by failing to identify the source of the alleged substantial public policy, as in *Swears*, *Owen*, *Wallace*, and *Wilhelm*, Plaintiff failed to set forth a viable cause of action. Although Plaintiff offered factual allegations in his Complaint, he failed to show in Counts I and

9

III that those factual allegations, even if true, show that he could probably meet the essential elements of a wrongful discharge claim, including whether Plaintiff's discharge could jeopardize any substantial public policy (the jeopardy element) or whether Plaintiff's discharge was motivated by conduct related to a substantial public policy (the causation element). *See Swears*, 225 W. Va. at 704, 696 S.E.2d at 6; *Baldini*, 983 F. Supp. 2d at 785; *Ohio Valley Envtl. Coal. Inc.*, 984 F. Supp. 2d at 595. Therefore, Plaintiff is "armed with nothing more than conclusions" that he has a cause of action for wrongful or retaliatory discharge. *See Iqbal*, 556 U.S. at 678-79, 129 S. Ct. at 1950, 173 L. Ed. 2d 868 (2009).

Plaintiff's Complaint is "an unadorned, the-defendant-unlawfully-harmed-me accusation" that is insufficient to meet the requirements of Rule 8 of the Federal Rules of Civil Procedure. *See Cozmyk*, 851 F. Supp. 2d at 992 (citations omitted). Plaintiff's Complaint offers mere "labels and conclusions" and "naked assertions devoid of further factual enhancement," which does not suffice. *Id.* (citation and internal editing marks omitted). Rather, Plaintiff's Complaint shows simply that Plaintiff was an employee at will who was discharged, which is perfectly lawful absent contravention of a substantial public policy. Accordingly, as a matter of law, Counts I and III should be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

Alternatively, either Count I or Count III should be struck as a matter of law because those two counts are duplicative of each other. Fed. R. Civ. P. 12(f) ("The court may strike from a pleading . . . any redundant[] . . . matter.") Counts I and III both allege wrongful or retaliatory discharge, and both are premised on the allegation that Plaintiff was discharged for cooperating with an FBI investigation, which Plaintiff claims to have been in contravention of an alleged but unnamed public policy. Plaintiff cannot recover twice for the same alleged wrong, and therefore

either Count I or Count III, if not dismissed for failure to state a claim upon which relief may be granted under Rule 12(b)(6), should be struck pursuant to Rule 12(f) for being a redundant, duplicative cause of action.

### C. Count II Fails as a Matter of Law Because It Sets Forth Only Legal Conclusions Without Factual Enhancement and Because It Alleges Fraud without Stating the Circumstances with Particularity

Count II of the Complaint alleges merely that "[u]pon information and belief the Defendants conspired with one another to deprive the Plaintiff of his employment with Defendants based upon Plaintiff's cooperation with the FBI investigation, and concocted fraudulent bases for Plaintiff's discharge which Defendants knew were false at the time the statements were made." (Compl., ¶ 31.) When a complaint alleges fraud, "a party must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). Nevertheless, Plaintiff offers no factual or legal development of his alleged cause of action.

Otherwise, Plaintiff alleges nothing other than that he was an employee at will, meaning that he could be discharged at any time, with or without cause. *See Swears*, 225 W. Va. at 703-04, 696 S.E.2d at 5-6. Therefore, Count II fails to state a cause of action upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). That is, Count II fails to allege any fact or legal basis that made it unlawful for Defendants to discharge him or to "conspire" with one another about his discharge. Additionally, Plaintiff fails to specify what "fraudulent bases for Plaintiff's discharge" Defendants allegedly "concocted" or, if Plaintiff is claiming that concocting fraudulent bases for his discharge was unlawful, on what legal foundation he bases his claim. Certainly, Plaintiff has not stated with particularity the circumstances allegedly constituting fraud.

In Count II, Plaintiff has not alleged facts sufficient to state elements of any claim, and that count thus does not state a plausible claim for relief. *See Blankenship*, 410 F. Supp. 2d at 489; *Iqbal*, 556 U.S. at 679, 129 S. Ct. at 1950, 173 L. Ed. 2d 868. Plaintiff failed to plead facts that would allow the Court "to draw the reasonable inference that the defendant is" probably, as opposed to simply possibly, liable. *See Ohio Valley Envtl. Coal. Inc.*, 984 F. Supp. 2d at 595. Therefore, Count II fails to state a cause of action upon which relief can be granted, and it should be dismissed as a matter of law under Rule 12(b)(6).

### D. Count IV Should Be Dismissed as a Matter of Law Because It Alleges that Defendants Violated West Virginia Statutes but Fails to Name any Statute that Defendants Allegedly Violated or Any Facts in Support of the Claim

Count IV of the Complaint alleges that "[t]he actions of Defendants violate the aforesaid laws of West Virginia and confer jurisdiction on this Court for action of the defendants pursuant to § 55-7-9 of the West Virginia Code." (Compl., ¶ 43.) Count IV alleges no facts or further legal support for Plaintiff's claim. (*See* Compl., ¶¶ 42-46.)

Section 55-7-9 is merely a jurisdictional statute. It provides that "[a]ny person injured by the violation of any statute may recover from the offender such damages as he may sustain by reason of the violation . . . ." Thus, an action brought pursuant to Section 55-7-9 must allege that a *separate* West Virginia Code Section was violated and that the plaintiff was injured as a result of the violation. However, Plaintiff's Complaint does not allege that Defendants violated any other statute. In fact, other than provisions cited with regard to jurisdiction and venue, the only statute cited in Plaintiff's Complaint in Count IV or in the paragraphs preceding it is Section 55-7-9 itself.[1]

---

[1] Plaintiff cites to the West Virginia Human Rights Act ("WVHRA") in Count V, but that statute is inapplicable to Count IV for at least two reasons. First, Count IV refers to "the aforesaid laws of West Virginia," and Count V comes after Count IV. Second, if Count IV was referring to the WVHRA, then Count IV should be struck under Rule 12(f) for being redundant of Count V. That is, Plaintiff cannot

Count IV alleges no material facts or legal support for any claim beyond bare legal conclusions. *See Baldini*, 983 F. Supp. 2d at 785. Once again, Plaintiff merely provides a completely "unadorned, the-defendant-unlawfully-harmed-me accusation." *See Cozmyk*, 851 F. Supp. 2d at 992 (quoting, *inter alia*, *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949, 173 L. Ed. 2d 868.) In Count IV, Plaintiff alleges no "facts sufficient to state elements of" any claim and, indeed, fails to show that any claim exists. *See Blankenship*, 410 F. Supp. 2d at 489. Count IV thus does not suffice and should be dismissed as a matter of law for failing to state a claim upon which relief can be granted.

### III. CONCLUSION

For all of the foregoing reasons, Counts I, II, III, and IV of Plaintiff's Complaint should be dismissed and/or struck, with prejudice.

Respectfully submitted this 22nd day of December, 2016.

/s/ C. David Morrison
C. David Morrison (WV Bar #2643)
Shawn A. Morgan (WV Bar #6640)
Kaitlin L. H. Robidoux (WV Bar #12342)

STEPTOE & JOHNSON PLLC
OF COUNSEL

400 White Oaks Boulevard
Bridgeport, WV 26330
(304) 933-8000
*Counsel for Defendants*

---

recover directly under the WVHRA in Count V and also recover for violating the WVHRA via § 55-7-9 in Count IV.

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

JASON K. STRATTON,

    Plaintiff,

v.                                           Civil Action No. 5:16CV12204
                                             Judge Irene C. Berger

ARCH COAL, INC., a foreign corporation,
MINGO LOGAN COAL COMPANY, a
foreign corporation, and ARCH COAL         Removed From Circuit Court of
GROUP, LLC., a foreign corporation,             Raleigh County, No. 16-C-724

    Defendants.

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of December, 2016, I electronically filed the "**Memorandum of Law in Support of Defendants' Motion to Dismiss and Motion to Strike**" with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to the following counsel of record:

        Stephen P. New
        114 Main Street
        P.O. Box 5516
        Beckley, WV 25801
        *Counsel for Plaintiff*

        /s/ C. David Morrison
        C. David Morrison (WV Bar #2643)
        Shawn A. Morgan (WV Bar #6640)
        Kaitlin L. H. Robidoux (WV Bar #12342)

STEPTOE & JOHNSON PLLC         400 White Oaks Boulevard
OF COUNSEL                             Bridgeport, WV 26330
                                          (304) 933-8000

                                          *Counsel for Defendants*