UNITED STATE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

JASON K. STRATTON,

    Plaintiff,

v.                                                        Civil Action No. 5:16CV12204
                                                        Judge Irene C. Berger

ARCH COAL, INC., a foreign corporation,
MINGO LOGAN COAL COMPANY, a
foreign corporation, and ARCH COAL            Removed From Circuit Court of
GROUP, LLC, a foreign corporation,                  Raleigh County, No. 16-C-724

    Defendants.

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS, ARCH COAL, INC.,
MINGO LOGAN COAL COMPANY, AND ARCH COAL GROUP, LLC.'S
<u>MOTION TO DISMISS AND MOTION TO STRIKE</u>**

       COMES NOW, the Plaintiff, Jason K. Stratton, by counsel, and in response to the Defendants' Motion to Dismiss and Motion to Strike states as follows:

    **I.**     <u>**LEGAL STANDARD**</u>

        **a.**   <u>**Rule 12(b)(6)**</u>

      "A motion to dismiss should be granted only where 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Forshey v. Jackson*, 222 W.Va. 743, 749, 671 S.E.2d 748, 754 (2008) (*quoting Murphy v. Smallridge*, 196 W.Va. 35, 36, 468 S.E.2d 516 (1995)) (internal citation omitted). Accordingly, motions to dismiss are viewed with disfavor and the Supreme Court of Appeals of West Virginia has expressly counseled lower courts to rarely grant such motions. *Id.* (*citing John W. Lodge Distrib. Co., Inc. v. Texaco*, 161 W.Va. 603, 605-06, 245 S.E.2d 157, 159 (1978)). For the purposes of a motion to dismiss, the complaint is to be construed in the light most favorable to the plaintiff,

and its allegations are to be taken as true. *Id*. Viewing the motion to dismiss in this light, the same should be granted only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Id.* (*quoting* Syl. Pt. 3, *Chapman v. Kane Transfer Co., Inc.*, 160 W.Va. 530, 236 S.E.2d 207 (1977)) (internal citation omitted).

   b. **RULE 8(a)(2)**

Motions to dismiss are to be evaluated under the pleading standard set forth in Rule 8(a)(2) of the Federal Rules of Civil Procedure and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Rule 8(a)(2) requires only that the claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957))."

II.   **ARGUMENT**

   a. **Counts I and III of Plaintiff's Complaint are not duplicative because both meet the threshold requirements for a wrongful discharge in contravention of differing substantial public policy requirements**

*Swears v. R.M. Roach & Sons, Inc.,* 225 W.Va. 699, 696 S.E.2d 1 (2010) set forth a four-part test for claims of wrongful discharge in contravention of substantial public policy. Defendants are incorrect in their assertion that Plaintiff has failed to meet the requirements of the four-part test. Further, Defendants are incorrect in their assertion that by not naming a "particular constitutional provision, statute, legislatively approved regulations, or judicial opinion that articulates substantial public policy" (Motion to Dismiss, p. 9) the Plaintiff's complaint should be dismissed.

The test from *Swears* holds that a Plaintiff must prove four elements to prove a claim for wrongful discharge in contravention of substantial public policy. Those four parts are:

> (1) Whether a clear public policy existed and was manifested in a state or federal constitution, statute or administrative regulation, or in the common law (the *clarity* element).
>
> (2) Whether dismissing employees under circumstances like those involved in the plaintiff's dismissal would jeopardize the public policy (the *jeopardy* element).
>
> (3) Whether the plaintiff's dismissal was motivated by conduct related to the public policy (the *causation* element).
>
> (4) Whether the employer lacked overriding legitimate business justification for the dismissal (the *overriding justification* element).

*Swears*, 225 W. Va. at 704, 696 S.E.2d at 6 (citation and internal editing marks omitted; emphasis in original). Looking to the Plaintiff's complaint and reading the contents thereof in a light most favorable to the Plaintiff, while also looking to the well-established case law regarding substantial public policy and wrongful discharge, it is clear that the Plaintiff has met his burden and the Defendants' Motion to Dismiss and Motion to Strike should be denied. Addressed individually, the Plaintiff meets the four-part test as follows.

> **(1) Whether a clear public policy existed and was manifested in a state or federal constitution, statute or administrative regulation, or in the common law (the *clarity* element).**

*Swears*, which the defendants rely heavily on throughout their Motion to Dismiss and Motion to Strike involved a factual scenario wherein an employee of a closely held private

company reported alleged criminal conduct of one partner to another partner. In the case *sub judice*, Mr. Stratton reported the alleged criminal conduct to the proper authorities, was interviewed by those authorities on multiple occasions, and was prepared to testify at trial if needed in criminal and companion litigation. In a footnote to the *Swears* opinion, the Court stated:

> While the alleged criminal conduct complained of was not reported to law enforcement officials in the case *sub judice,* if a case arises in which such a report is made to the proper authorities, *such a factual scenario could present a question as to whether there is a substantial public policy to protect an employee*, of a private employer, who reports suspected criminal conduct to the appropriate governmental authorities and is retaliated against as a result of such reporting. (Emphasis Added) *Id.* at FN 8

Thus, Defendants' reliance on *Swears* to state that it is settled law that terminating an at-will employee for reporting alleged criminal conduct to the authorities does not violate substantial public policy is misplaced. Further, it is well settled law in West Virginia, that "[i]t is against substantial public policy of West Virginia to discharge an at-will employee because such employee has given or may be called to give truthful testimony in a legal action." Syl. Pt. 4, *Page v. Columbia Natural Res.*, 198 W.Va. 378, 480 S.E.2d 817 (1996), *see also,* Syl. Pt. 7, *Roth v. DeFelicecare, Inc.*, 226 W.Va. 214, 700 S.E.2d 183 (2010).

> **(2) Whether dismissing employees under circumstances like those involved in the plaintiff's dismissal would jeopardize the public policy (the *jeopardy* element).**

Plaintiff was dismissed upon discovery by the Defendants that he intended to produce evidence and/or testify if subpoenaed in the federal criminal cases and companion civil cases brought against Defendants, members of Defendants' management, fellow employees and vendors of the Defendants. To allow an employer to discharge employees upon learning that the

employee intends to cooperate with legal authorities would result in a chilling effect on employees who see wrongdoing and dare to speak out against it.

### (3) Whether the plaintiff's dismissal was motivated by conduct related to the public policy (the *causation* element).

Plaintiff was dismissed following the discovery by the Defendants that he possessed certain voice recordings, notes and photographs relevant to the criminal cases brought by the Federal Government against numerous employees, management and vendors of Defendants and that he planned to disclose to the authorities if requested by subpoena. Specifically, close in time to Plaintiff's termination, Plaintiff's evidence had been disclosed in companion civil litigation. From February 18, 1997 until the discovery by Defendants of Plaintiff's cooperation with the authorities, Plaintiff consistently performed his duties in a safe and satisfactory manner and met the reasonable expectations of the Defendant.

### (4) Whether the employer lacked overriding legitimate business justification for the dismissal (the *overriding justification* element).

As previously stated, plaintiff had been employed by the Defendants for over fifteen years without incident. This was not a case of a justifiable discharge. Plaintiff consistently performed his job duties, met and exceeded the Defendants' employment expectations. Plaintiff was terminated because he lawfully cooperated with the authorities and was prepared to testify and present evidence in legal proceedings.

Because there is a substantial public policy in West Virginia against the termination of at-will employees for giving or intending to give testimony and/or present evidence in a legal proceeding, and because the Plaintiff can prove all four parts of the *Swears* test, the Defendants'

Motion to Dismiss and Motion to Strike Counts I and III of the Plaintiff's Complaint should be denied.

### b. Count II of Plaintiff's Complaint meets the threshold requirement of Rule 8(a)(2) and the formal sufficiency requirements of Rule 12(b)(6).

"The trial court, in appraising the sufficiency of a complaint on a Rule 12(b)(6) motion, should not dismiss the complaint unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Syl. Pt. 3, *Chapman v. Kane Transfer Co.,* 160 W.Va. 530, 236 S.E.2d 207 (1977); *see also* Syl. Pt. 2, *Roth v. DeFelicecare, Inc.,* 226 W.Va. 214, 700 S.E.2d 183 (2010). "As noted by the leading commentators on the Federal Rules of Civil Procedure, 'the purpose of a motion under Federal Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; the motion is not a procedure for resolving a contest between the parties about the facts or the substantive merits of the plaintiff's case.' 5B Charles A. Wright and Arthur R. Miller, *Federal Practice and Procedure* §1356 (3d ed.2004)." *Blankenship v. Manchin,* 410 F.Supp.2d 483, 485-486 (S.D.W.Va. 2006). Additionally, "[a] complaint need not "make a case" against a defendant or "forecast evidence sufficient to prove an element" of the claim. *Chao v. Rivendell Woods, Inc.*, 415 F.3d 342, 349 (4th Cir. 2005) [**13] (quoting *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Rather, it need only "allege facts sufficient to state elements" of the claim. *Id.; Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003)" *Blankenship,* 410 F.Supp.2d at 489.

"The law of this State recognizes a cause of action sounding in civil conspiracy. At its most fundamental level, a "civil conspiracy" is "a combination to commit a tort." *State ex rel. Myers v. Wood,* 154 W. Va. 431, 442, 175 S.E.2d 637, 645 (1970) (citing 15A C.J.S. Conspiracy

§ 1 (1967)). In *Dixon v. American Indus. Leasing Co.*, 162 W. Va. 832, 834, 253 S.E.2d 150, 152 (1979), we provided a more detailed definition of this theory of liability: civil conspiracy is a combination of two or more persons by concerted action to accomplish an unlawful purpose or to accomplish some purpose, not in itself unlawful, by unlawful means. The cause of action is not created by the conspiracy but by the wrongful acts done by the defendants to the injury of the plaintiff." *Kessel v. Leavitt,* 204 W.Va. 95, 128-129, 511 S.E.2d 720, 753-754 (1998).

"Generally speaking, 'fraud has been defined as including all acts, omissions, and concealments which involve a breach of legal duty, trust or confidence justly reposed, and which are injurious to another, or by which undue and unconsciousness advantage is taken of another.' *Stanley v. Sewell Coal Co.*, 169 W. Va. 72, 76, 285 S.E.2d 679, 682 (1981) (citations omitted). *Accord Dickel v. Smith*, 38 W. Va. 635, 641, 18 S.E. 721, 723 (1893)." *Kessel* 204 W.Va. at 128, 511 S.E.2d at 752.

In applying these principles and holdings to Plaintiff's Complaint, the Defendants' Motion to Dismiss must fail. Plaintiff has recited facts and allegations that meet both the requirements for a civil conspiracy claim and a fraud claim. In Plaintiff's Complaint, he has alleged that upon learning that he had cooperated with both state and federal investigators and that he was prepared to produce more evidence of illegal activities of employees and management of the Defendants, the Defendants then conspired together to unlawfully discharge the Plaintiff and to fraudulently state the reasons for his discharge.

Because Plaintiff's Complaint meets the threshold requirements of Rule 8(a)(2), the Defendants' Motion to Dismiss Count II of the Plaintiff's Complaint pursuant to Rule 12(b)(6) should be denied.

c. **Count IV of Plaintiff's Complaint meets the threshold requirement of Rule 8(a)(2)**

"Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense" *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868, 884 (2009) (internal citation omitted). As such, in the case *sub judice*, the Court can look at the entirety of the Plaintiff's Complaint, as well as take into account the fact that federal charges were filed against ten individuals for the pay-for-play scheme alleged in Plaintiff's Complaint to determine that both federal and state statutes were violated by the Defendants and then Defendants and members of Defendants' management attempted to cover up said actions by wrongfully terminating the Plaintiff. Thus, the Defendants' Motion to Dismiss Count IV should be dismissed.

### III. CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully asks that this Honorable Court:

   a. DENY Defendants' Motion to Dismiss;

   b. DENY Defendants' Motion to Strike;

   c. GRANT all such other and further relief as this Court deems just and proper.

Respectfully submitted this the 4th day of January, 2017.

/s/ *Stacey L. Fragile*
Stephen P. New (WVSB 7756)
Stacey L. Fragile (WVSB 8532)
The Law Office of Stephen P. New
114 Main Street
P.O. Box 5516
Beckley, WV 25801
Phone 304-250-6017
Fax 304-250-6012
*Counsel for Plaintiff*

UNITED STATE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

**JASON K. STRATTON,**

    Plaintiff,

v.                                                                 Civil Action No. 5:16CV12204
                                                                  Judge Irene C. Berger

**ARCH COAL, INC.**, a foreign corporation,
**MINGO LOGAN COAL COMPANY**, a
foreign corporation, and **ARCH COAL**            Removed From Circuit Court of
**GROUP, LLC.**, a foreign corporation,                Raleigh County, No. 16-C-724

    Defendants.

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of January, 2017, I electronically filed the "**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS, ARCH COAL, INC., MINGO LOGAN COAL COMPANY, AND ARCH COAL GROUP, LLC.'S MOTION TO DISMISS AND MOTION TO STRIKE**" with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to the following counsel of record:

C. David Morrison
Shawn A. Morgan
Kaitlin L. H. Robidoux
STEPTOE & JOHNSON PLLC
400 White Oaks Boulevard
Bridgeport, WV 26330
*Counsel for Defendants*

                                                /s/ *Stacey L. Fragile*
                                                Stephen P. New (WVSB 7756)
                                                Stacey L. Fragile (WVSB 8532)
                                                Amanda J. Gardner (WVSB 11635)
                                                The Law Office of Stephen P. New
                                                114 Main Street
                                                P.O. Box 5516
                                                Beckley, WV 25801
                                                Phone 304-250-6017
                                                Fax 304-250-6012
                                                *Counsel for Plaintiff*