UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

JASON K. STRATTON,

    Plaintiff,

v.                                                  Civil Action No. 5:16CV12204
                                                    Judge Irene C. Berger

ARCH COAL, INC., a foreign corporation,
MINGO LOGAN COAL COMPANY, a
foreign corporation, and ARCH COAL             Removed From Circuit Court of
GROUP, LLC., a foreign corporation,               Raleigh County, No. 16-C-724

    Defendants.

## REPLY BRIEF IN SUPPORT OF
## DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE

Defendants Arch Coal, Inc., Mingo Logan Coal Company, and Arch Coal Group, LLC (collectively, "Defendants"), by counsel, submit this Reply Brief in support of their Motion to Dismiss and Motion to Strike ("Defendants' Motion"). Plaintiff Jason K. Stratton's Response in Opposition to Defendants' Motion ("Plaintiff's Response" or "Response") still fails to point to any source of any substantial public policy that supports his wrongful discharge claims, as alleged; still fails to show that his Complaint sets forth a viable cause of action for civil conspiracy or fraud; and still fails to cite to any statute that Defendants allegedly violated. Therefore, Counts I, II, III, and IV of the Complaint should be dismissed as a matter of law under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**I. STANDARD OF REVIEW**

Defendants cited to the federal standard of review for a motion to dismiss under Rule 12(b)(6) in their Memorandum of Law in support of Defendants' Motion and thus do not go into detail here. However, Plaintiff's Response cited to West Virginia law and federal law that came

1

before *Twombly* and *Iqbal* in the discussion of the standard governing Rule 12(b)(6) motions. (Dkt. No. 12 at 1-2, 6.) The West Virginia standard is different from the federal standard, and since *Twombly* and *Iqbal*, it is clear that the federal standard requires that a pleading offer more than mere "labels and conclusions," which themselves need not be accepted as true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007). Furthermore, for a complaint to survive a motion to dismiss, the facts alleged must render a cause of action probable, not just possible. *Ohio Valley Envtl. Coal. Inc. v. Hernshaw Partners, LLC*, 984 F. Supp. 2d 589, 595 (S.D.W. Va. 2013).[1]

## II. PLAINTIFF HAS STILL FAILED TO POINT TO ANY SOURCE OF PUBLIC POLICY TO SUPPORT EITHER OF HIS WRONGFUL DISCHARGE CLAIMS

### A. *Because Counts I and III Are Duplicative, One of Them Should Be Struck Under Rule 12(f)*

Counts I and III allege that Plaintiff was wrongfully discharged in contravention of public policy. Plaintiff's Response argues that neither Count I nor Count III should be dismissed under Rule 12(b)(6) or struck under Rule 12(f) "[b]ecause there is a substantial public policy in West Virginia against the termination of at-will employees for giving or intending to give testimony and/or present evidence in a legal proceeding." (Dkt. No. 12, at 5.) Plaintiff indicates in a heading in his Response that different substantial public policies support Counts I and III. (*See* Dkt. No. 12, at 2.) However, Plaintiff cites to only one source of public policy, *Page v. Columbia Natural Resources, Inc.*, 198 W. Va. 378, 480 S.E.2d 817 (1996), which recognizes a public policy against discharging an employee who does or may testify truthfully.

---

[1] Copies of opinions cited in this brief that are not reported in United States Reports, West Virginia Reports, or South Eastern Reporter are attached.

Otherwise, Plaintiff points only to *Swears v. R.M. Roach & Sons, Inc.*, 225 W. Va. 699, 696 S.E.2d 1 (2010), which does not recognize a public policy but rather states in a footnote that "if a case arises in which . . . a report is made to the proper authorities, such a factual scenario could present a question as to whether there is a substantial public policy to protect an employee, of a private employer, who reports suspected criminal conduct to the appropriate governmental authorities and is retaliated against as a result of such reporting." *Swears v. R.M. Roach & Sons, Inc.*, 225 W. Va. 699, 705 n.8, 696 S.E.2d 1, 7 n.8 (2010). In support of this statement, the *Swears* court referred to an earlier footnote, which provided a list of statutes with whistleblower provisions, indicating that such statutes could form the basis of a wrongful discharge claim. The *Swears* court thus held that a plaintiff would have to cite to a substantial public policy contained in a statute containing whistleblower protections. In the present case, Plaintiff has not cited to any such statute. Therefore, Plaintiff has cited to only one source of substantial public policy, that is, the one contained in *Page*. Because Plaintiff has cited to only one public policy, he can maintain only one wrongful discharge claim under Rule 12(f) because the second claim is necessarily redundant. Therefore, either Count I or Count III must be struck.

### B. *Neither Count I nor Count III Alleges a Cognizable Cause of Action*

Furthermore, while Plaintiff is correct that West Virginia has recognized that it is against substantial public policy to discharge an employee who did or who may be called to testify truthfully in a legal action, *see Page*, 198 W. Va. at 387, 480 S.E.2d at 826, Plaintiff's Complaint does not allege that he did or may have been called to testify. Plaintiff *first* makes the allegation that he "was prepared to testify" in his Response, but neither his Complaint nor his Response alleges that he was or may have been called to testify. Plaintiff points to no authority for the proposition that an employee's willingness to testify, when no such testimony is called for, can

provide a ground for a wrongful discharge action. Thus, Plaintiff's Response fails to point to any source of public policy to support either Count I or Count III.

Even if Plaintiff could rely on *Page* as a source of public policy in support of his claims, his Complaint fails to set forth any facts that would make his cause of action probable. *See Ohio Valley Envtl. Coal. Inc. v. Hernshaw Partners, LLC*, 984 F. Supp. 2d 589, 595 (S.D.W. Va. 2013). For instance, his Complaint does not allege that any testimony Plaintiff might have given was or would have been truthful, that Defendants knew that he may be called to testify, that they said anything to Plaintiff about any testimony he may give, that they attempted to influence his testimony, or that they responded in any other way to his potential testimony. Rather, the Complaint states merely that Plaintiff provided information to the FBI and to Arch Coal Inc. and that he possessed recordings, notes, and photographs that he planned to produce if requested by subpoena. (Compl., ¶¶ 14, 25.) Plaintiff failed to provide any support in the law for his claim that these alleged facts give rise to a wrongful discharge claim.

Plaintiff's remaining allegations regarding information he did or was prepared to turn over are also insufficient to give rise to a wrongful discharge claim. West Virginia's whistleblower statute applies only to public employers and public employees; therefore, Plaintiff cannot rely on that statute to support his claim. *See* W. Va. Code § 6C–1–1, *et seq*. Plaintiff also failed to name or cite to a whistleblower provision of any other statute, much less one that "expresses a public policy component such that [it] may form the basis for a possible violation of a substantial public policy to support a claim for wrongful discharge." *See Swears*, 225 W. Va. at 704 n.7, 705, 696 S.E.2d at 6 n.7, 7 (footnote omitted). Therefore, Plaintiff's allegations concerning the information he turned over and that he was prepared to turn over clearly do not support a wrongful discharge claim.

4

In sum, Plaintiff failed to cite to a substantial public policy supporting his claim, and he failed to allege facts sufficient to support such a claim. West Virginia courts have dismissed wrongful discharge claims in these circumstances. For example, the Circuit Court of Kanawha County dismissed a suit that alleged that the plaintiff was wrongfully discharged shortly after she complained that a change in her employer's overtime policy provided that she would no longer be paid time-and-a-half for overtime work. *Selinger v. Loved Ones in Home Care, LLC*, Civ. A. No. 10-C-183 (Cir. Ct. Kanawha Co., W. Va. Sept. 23, 2011). The court dismissed the complaint, finding that West Virginia has no public policy that all employees must be paid for overtime work or that employees eligible for overtime pay be permitted to work overtime. *Id.* at ¶ 9. Additionally, the plaintiff in that case had not alleged that she was eligible for overtime, that she had worked overtime, or that she had not been paid for overtime that she had worked. *Id.* The court also found that the complaint was deficient because it did "not set forth any facts whatsoever regarding the circumstances of her discharge," instead simply stating that after her complaint about the policy change, "'the defendant unlawfully and maliciously terminated the plaintiff's employment.'" *Id.* at ¶ 11 (quoting the complaint).

Another wrongful discharge claim was dismissed by the Circuit Court of Fayette County, West Virginia, where it determined that the complaint "neither identifie[d] a substantial public policy that [the defendant] allegedly violated by terminating Plaintiff, nor [did] it set forth specific facts precipitating Plaintiff's discharge." *See Gibson v. Shentel Cable Co.*, No. 12-0132, 2013 WL 500202 (W. Va. Feb. 11, 2013) (unpublished). The complaint had pointed to the West Virginia Occupational Safety and Health Act, which the court found did not provide a source of substantial public policy because it applies only to public employers. *Id.* at ¶ 23. Further, the court found that "[e]ven if Plaintiff had identified a substantial public policy, he ha[d] not alleged

sufficient facts surrounding his discharge" because he "state[d] simply that he was discharged for reporting a hazardous working condition." *Id.* at ¶ 26. The court found that the plaintiff's general statement did "not sufficiently describe the circumstances surrounding his discharge," given that the wrongful discharge context requires plaintiffs to allege sufficient facts to outline the elements of the claim. *Id.* at ¶ 26.

Importantly, Plaintiff has the burden of establishing that a public policy exists in support of his claim; Defendants do not have the burden of proving that no public policy exists. *Roth v. DeFeliceCare, Inc.*, 226 W. Va. 214, 221, 700 S.E.2d 183, 190 (2010). Plaintiff's Complaint should be dismissed because Plaintiff has pointed to no authority that, combined with the allegations in the Complaint, supports either of his wrongful discharge claims. *See Wallace v. Crossroads Hosp. Co.*, No. Civ.A. 5:06-00014, 2006 WL 1134075, at *2 (S.D.W. Va. Apr. 24, 2006) (not reported in F. Supp. 2d). That is, Plaintiff did not allege that he was or may have been called to testify, and it contains no sufficient allegations of facts or circumstances to link his discharge to any testimony he may have been called to give. Furthermore, Plaintiff failed to meet his burden of citing to a substantial public policy to support either of his wrongful discharge claims.

In short, Counts I and III should be dismissed under Rule 12(b)(6) because they offer simply "labels and conclusions" without factual or legal support and thus fail to state a claim upon which relief may be granted. *See Cozmyk v. Prompt Recovery Servs., Inc.*, 851 F. Supp. 2d 991, 992 (S.D.W. Va. 2012) (citation omitted).

### III. COUNT II FAILS AS A MATTER OF LAW BECAUSE THE FACTS ALLEGED IN THE COMPLAINT DO NOT AMOUNT TO ANY UNLAWFUL CONDUCT

Count II alleges that "the Defendants conspired with one another to deprive the Plaintiff of his employment with Defendants based upon Plaintiff's cooperation with the FBI

investigation, and concocted fraudulent bases for Plaintiff's discharge." (Compl., ¶ 31.) However, Plaintiff's complaint does not allege that Plaintiff was anything other than an employee at will, meaning that he could be discharged at any time, with or without cause. *See Swears v. R.M. Roach & Sons, Inc.*, 225 W. Va. 699, 703-04, 696 S.E.2d 1, 5-6 (2010). As shown above, Plaintiff failed to show that his discharge was in contravention of any substantial public policy. Therefore, even if Defendants did communicate regarding Plaintiff's discharge, their conduct does not amount to "conspiracy." Also, although Plaintiff claims that Defendants "concocted fraudulent bases for Plaintiff's discharge," Plaintiff does not set forth the alleged fraudulent bases. (Compl., ¶ 31.)

Count II certainly does not meet the federal pleadings standards.[2] It alleges that Defendants learned that Plaintiff cooperated with state and federal investigators and cursorily concludes that Defendants must have conspired to unlawfully discharge him and "concocted fraudulent bases for" his discharge. Plaintiff offers no facts sufficient to state the elements of a claim for fraud or conspiracy. *See Blankenship v. Manchin*, 410 F. Supp. 2d 483, 489 (S.D.W. Va.), *aff'd*, 471 F.3d 523 (4th Cir. 2006). In fact, identifying and removing the conclusions in Count II, which "are not entitled to the assumption of truth," strips Count II bare of any allegations at all that could support a fraud or a conspiracy claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009). Therefore, Count II cannot survive a motion to dismiss and should be dismissed as a matter of law.

---

[2] Defendants note that, in support of Count II, Plaintiff's Response again cites to West Virginia pleadings standards and federal standards that pre-date *Iqbal* (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

## IV. COUNT IV, "VIOLATION OF STATUES," [SIC] FAILED AS A MATTER OF LAW BECAUSE PLAINTIFF HAS STILL FAILED TO CITE TO ANY STATUTE THAT DEFENDANTS ALLEGEDLY VIOLATED

Count IV of the Complaint alleges that Defendants violated West Virginia statutes and that Plaintiff has incurred damages as a result. (Compl., ¶¶ 42-46.) However, neither the Complaint nor Plaintiff's Response cites to a single statute that Defendants allegedly violated. Therefore, Count IV fails as a matter of law.

In West Virginia, if the violation of a statute is alleged as "the centerpiece of a theory of liability, the question arises whether the statute creates an implied private cause of action." *Arbaugh v. Bd. of Educ., Cty. of Pendleton*, 214 W. Va. 677, 681, 591 S.E.2d 235, 239 (2003) (citation and internal editing marks omitted). Application of a four-part test determines whether a private cause of action exists:

> The following is the appropriate test to determine when a State statute gives rise by implication to a private cause of action: (1) the plaintiff must be a member of the class for whose benefit the statute was enacted; (2) consideration must be given to legislative intent, express or implied, to determine whether a private cause of action was intended; (3) an analysis must be made of whether a private cause of action is consistent with the underlying purposes of the legislative scheme; and (4) such private cause of action must not intrude into an area delegated exclusively to the federal government.

*Arbaugh*, 214 W. Va. at 681, 591 S.E.2d at 239 (quoting *Hurley v. Allied Chem. Corp.*, 164 W. Va. 268, at Syl. Pt. 1, 262 S.E.2d 757, at Syl. Pt. 1 (1980)).

In the present action, Plaintiff failed to cite to any statute that Defendants allegedly violated. Thus, not only are Defendants not on notice of what Plaintiff is alleging, Defendants and the Court have no way of determining whether Plaintiff is a member of a protected class, whether the Legislature intended to create a private cause of action, whether a private cause of action is consistent with the legislative scheme, or whether a private cause of action intrudes into

an area exclusively delegated to the federal government. Plaintiff has thus failed to show that he has a cause of action at all, and he has failed to allege any facts that could make his cause of action probable. *See Ohio Valley Envtl. Coal. Inc. v. Hernshaw Partners, LLC*, 984 F. Supp. 2d 589, 595 (S.D.W. Va. 2013). Therefore, Count IV should be dismissed under Rule 12(b)(6) as a matter of law.

## V.  CONCLUSION

For all of the foregoing reasons, Counts I, II, III, and IV of Plaintiff's Complaint should be dismissed and/or struck, with prejudice.

Respectfully submitted this 10th day of January, 2017.

/s/ C. David Morrison
C. David Morrison  (WV Bar #2643)
Shawn A. Morgan (WV Bar #6640)
Kaitlin L. H. Robidoux (WV Bar #12342)

STEPTOE & JOHNSON PLLC
OF COUNSEL

400 White Oaks Boulevard
Bridgeport, WV  26330
(304) 933-8000
*Counsel for Defendants*

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION**

JASON K. STRATTON,

    Plaintiff,

v.                                                      Civil Action No. 5:16CV12204
                                                       Judge Irene C. Berger

ARCH COAL, INC., a foreign corporation,
MINGO LOGAN COAL COMPANY, a
foreign corporation, and ARCH COAL          Removed From Circuit Court of
GROUP, LLC., a foreign corporation,            Raleigh County, No. 16-C-724

    Defendants.

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 10th day of January, 2017, I electronically filed the "**Reply Brief in Support of Defendants' Motion to Dismiss and Motion to Strike**" with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to the following counsel of record:

                Stephen P. New
                114 Main Street
                P.O. Box 5516
                Beckley, WV 25801
                *Counsel for Plaintiff*

                /s/ C. David Morrison
                C. David Morrison (WV Bar #2643)
                Shawn A. Morgan (WV Bar #6640)
                Kaitlin L. H. Robidoux (WV Bar #12342)

STEPTOE & JOHNSON PLLC         400 White Oaks Boulevard
    OF COUNSEL                       Bridgeport, WV 26330
                                        (304) 933-8000

                                        *Counsel for Defendants*