# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

JASON K. STRATTON,

        Plaintiff,

v.             CIVIL ACTION NO. 5:16-cv-12204

ARCH COAL, INC., et al.,

        Defendants.

## MEMORANDUM OPINION ORDER

The Court has reviewed the *Defendants' Motion to Dismiss and Motion to Strike* (Document 10) and the *Memorandum of Law in Support* (Document 11), the *Plaintiff's Response in Opposition to the Defendants, Arch Coal, Inc., Mingo Logan Coal Company, and Arch Coal Group, LLC's Motion to Dismiss and Motion to Strike* (Document 12), and the *Reply Brief in Support of Defendants' Motion to Dismiss and Motion to Strike* (Document 14). The Court has also reviewed the Plaintiff's *Complaint* (Document 1-1) as well as all attached exhibits. For the reasons stated herein, the Court finds that the Defendants' motion should be granted in part and denied in part.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The Plaintiff, Jason K. Stratton, initiated this action by filing his complaint in the Circuit Court of Raleigh County, West Virginia, on November 16, 2016. The Plaintiff named Arch Coal, Inc., Mingo Logan Coal Company ("Mingo Logan"), and Arch Coal Group, LLC, as defendants.

1

The Defendants removed the matter to this Court on December 15, 2016, citing diversity jurisdiction.

The Plaintiff alleges that he was employed by Arch Coal, Inc., on February 18, 1997, as a dispatcher and that he consistently performed his duties in a safe and satisfactory manner always meeting the Defendants' expectations. On May 30, 2014, several of the Defendants' employees and vendors for Mingo Logan Coal Company were indicted for participation in a "pay-to-play" scheme in which certain vendors paid illegal kickbacks to members of the company. The Plaintiff claims that he cooperated with the FBI during the investigation of the "pay-to-play" schemes and that the Defendants learned that he possessed voice recordings, notes, and photographs relevant to the case. He also claims that the Defendants knew he intended to disclose that evidence and testify against the Defendants if subpoenaed.

The Plaintiff contends that upon learning of his possession of this evidence and intent to testify, the Defendants began scheduling him for fewer work shifts and ostracizing him while at work. He alleges that the Defendants attempted to interfere with his marital relationship, and that the Defendants' actions caused him to develop Major Depressive Disorder. The Plaintiff was allegedly placed on leave due to his medical issues[1] on December 8, 2015. When he returned to work on January 29, 2016, he was terminated from his position.

Mr. Stratton alleges in Count I of the complaint that he was terminated because of his intent to testify against the Defendants and that his termination was wrongful and in violation of West Virginia common law. In Count II, he claims that the Defendants entered into a civil conspiracy and fraud in order to terminate his employment. Count III alleges that Mr. Stratton's discharge

---

1 It is unclear from the Plaintiff's complaint whether he took medical leave on the order of his doctor or if the decision was solely that of the Defendants.

was retaliatory in nature and done in violation of substantial public policy preventing pay-for-play schemes and preventing employers from intimidating employees in an effort to cover up bad acts. Count IV alleges that the Defendants' actions violate West Virginia statutes, and Count V alleges that the Defendants discriminated against the Plaintiff based on a disability or a perceived disability.

The Defendants filed their motion to dismiss and motion to strike on December 22, 2016. The Plaintiff responded on January 4, 2017, and the Defendants replied on January 10, 2017. Both motions are fully briefed and ripe for review.

## STANDARD OF REVIEW

### A. Motion to Dismiss

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009); *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). "[T]he legal sufficiency of a complaint is measured by whether it meets the standard stated in Rule 8 [of the Federal Rules of Civil Procedure] (providing general rules of pleading) . . . and Rule 12(b)(6) (requiring that a complaint state a claim upon which relief can be granted.)" *Id*. Federal Rule of Civil Procedure 8(a)(2) requires that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

In reviewing a motion to dismiss under Rule 12(b)(6) for failure to state a claim, the Court must "accept as true all of the factual allegations contained in the complaint." *Erikson v. Pardus*, 551 U.S. 89, 93 (2007). The Court must also "draw[ ] all reasonable factual inferences from those facts in the plaintiff's favor." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999).

However, statements of bare legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009). Furthermore, the Court need not "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., v. J.D. Assocs. Ltd. P'ship,* 213 F.3d 175, 180 (4th Cir. 2000). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice… [because courts] 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal,* 556 U.S. at 678 (quoting *Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 570.) In other words, this "plausibility standard requires a plaintiff to demonstrate more than 'a sheer possibility that a defendant has acted unlawfully.'" *Francis v. Giacomelli,* 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Twombly,* 550 U.S. at 570.) In the complaint, a plaintiff must "articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling him to relief." *Francis,* 588 F.3d at 193 (quoting *Twombly,* 550 U.S. at 557.) "Determining whether a complaint states [on its face] a plausible claim for relief [which can survive a motion to dismiss] will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679.

### B. Motion to Strike

Rule 12(f) of the Federal Rules of Civil Procedure permits a district court to "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." "Motions to strike are a *drastic remedy*, often used by the movant as a dilatory tactic, and are therefore disfavored

4

and infrequently granted." *Jackson v. United States*, No. CV 3:14-15086, 2015 WL 5174238, at *1 (S.D.W. Va. Sept. 2, 2015) (Chambers, C.J.) (citing *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001)) (emphasis added). "Thus, to prevail on a motion to strike, the movant must show that the challenged material 'has no bearing on the subject matter of the litigation and that its inclusion will prejudice the defendants.'" *Id.*

## DISCUSSION

### A. *Counts I and III*

The Defendants argue that Counts I and III of the Plaintiff's complaint, alleging wrongful termination and retaliatory discharge, both fail as a matter of law because the Plaintiff has failed to set forth any substantial public policy of which the Defendants acted in contravention. The Defendants contend that the Plaintiff cited no specific constitutional provision, statute, regulation, or judicial opinion that sets forth any substantial West Virginia public policy, and by failing to specifically plead any substantial public policy, the Plaintiff has failed to set forth a viable cause of action. The Defendants also argue, alternatively, that Count I or Count III should be stricken from the complaint as duplicative inasmuch as both allege wrongful retaliatory discharge in contravention of public policy.

The Plaintiff counters that he has satisfied his burden of pleading a substantial public policy in his complaint. The Plaintiff contends that he alleged in his complaint that the Defendants violated West Virginia's substantial public policy of preventing employees from intimidating fellow employees in an effort to cover up their bad acts. The Plaintiff further argues that he alleged the Defendants terminated his employment precisely because he had information and

intended to testify for the government concerning the bad acts of the Defendants, and he has therefore satisfactorily pled a substantial public policy sufficient to survive a motion to dismiss.

With respect to the discharge of at-will employees, the West Virginia Supreme Court of Appeals held in *Harless v. First National Bank in Fairmont* that "where the employer's motivation for the discharge [of an at-will employee] is to contravene some substantial public policy principle, then the employer may be liable to the employee for damages occasioned by the discharge." 246 S.E.2d 270, 271 (W.Va. 1978). In proving that an employee was discharged in contravention of some public policy, the plaintiff employee has the burden of establishing that a substantial public policy does actually exist. *Roth v. DeFeliceCare, Inc.*, 700 S.E.2d 183, 190 (W.Va. 2010) (citing Syl. Pt. 8, *Page v. Columbia Natural Res.*, 480 S.E.2d 817 (W.Va. 1996)). Further, "[t]o identify a substantial public policy, the Court looks to 'established precepts in the State's constitution, legislative enactments, legislatively approved regulations, and judicial opinions.'" *Id.* (citing *Birthisel v. Tri-Cities Health Servs. Corp.*, 424 S.E.2d 606, 612 (W.Va. 1992)).

In *Roth*, the plaintiff was employed by the defendant DeFeliceCare and upon arriving at work witnessed her employer engaging in sexual conduct with another female employee. *Roth*, 700 S.E.2d at 187. Upon returning from vacation after the incident, the plaintiff's employment was terminated and she subsequently filed a complaint alleging counts of wrongful termination and retaliatory discharge in violation of a substantial public policy, among other counts. *Id.* at 188. The trial court dismissed the complaint for failure to state a claim, and the plaintiff employee appealed. *Id.* The Supreme Court held that the trial court's dismissal of the wrongful termination claim was improper. *Id.* at 191. The Court found that the trial court failed to recognize a substantial public policy in West Virginia against terminating an at-will employee for agreeing to

6

be a witness in other litigation involving the employer. *Id.* The Court held that "it is against substantial public policy of West Virginia to discharge an at-will employee because such employee has given or may be called to give truthful testimony in a legal action." *Id.* at 192 (citing *Page*, 480 S.E.2d at 821). Therefore, because the plaintiff may have been able to ultimately prove that her employment was terminated because she was willing to testify in other litigation concerning what she witnessed, the Court found dismissal of the complaint was inappropriate. *Id.*

Similarly, in the case at hand, Mr. Stratton has alleged that he cooperated with investigating officers in criminal investigations involving the Defendants and that he possessed evidence relevant to the investigation, which he planned to disclose if subpoenaed. (Pl.'s Compl. at ¶ 13-14.) Mr. Stratton alleges in Count I that he was wrongfully terminated in retaliation after the Defendants learned of his cooperation and intent to testify against the Defendants, and that said termination violated the substantial public policy against discharging an at-will employee. (*Id.* at ¶¶ 15-19, 25-26.) Mr. Stratton also alleges in Count III that, based on these same facts, his discharge was retaliatory in violation of substantial public policies "in preventing the type and manner of pay-for-play schemes that were in place at Defendants' Mountain Laurel Complex" and in "preventing employees from intimidating fellow employees in an effort to cover up their bad acts." (*Id.* at ¶¶ 36-37.) These allegations allow Mr. Stratton the opportunity to prove his employment was terminated in violation of the substantial public policy against discharging an employee who may be called to give truthful testimony or against substantial public policy of preventing pay-for-play schemes supported by applicable criminal statutes. The Court finds that the Plaintiff has satisfactorily alleged sufficient facts and a substantial public policy to state a plausible claim for relief, and the Defendants' motion to dismiss Counts I and III should be denied.

In seeking to strike Count I or Count III from the Plaintiff's complaint, the Defendants assert that both counts allege wrongful or retaliatory discharge, and that the Plaintiff cannot recover twice for the same wrong or injury.

The Court finds that Counts I and III are not duplicative. The Plaintiff alleges in Count I of his complaint that the Defendants wrongfully discharged him "in retaliation for information he provided to both the FBI . . . . Plaintiff's termination was wrongful and/or retaliatory in nature and was in violation of West Virginia common law." (Pl.'s Compl. at ¶¶ 25-26.) The Plaintiff alleges in Count III that "there is a substantial public policy in preventing the type and manner of pay-for-play schemes that were in place at Defendants' Mountain Laurel Complex mine" and that there is substantial public policy in preventing employees from intimidating fellow employees in an effort to cover up their bad acts." Further, the Plaintiff alleges that the Defendants wrongfully discharged the Plaintiff "due to his cooperation with the FBI investigation into the illegal activities" of the Defendants. (Pl.'s Compl. at ¶¶ 36-38.) These allegations on their face reflect the violation of at least two different substantial public policies: preventing employers from retaliatory discharge of an employee who may be called to give truthful testimony as established by common law and preventing the type of pay-for-play schemes about which the Plaintiff allegedly agreed to testify as supported by statute. Although the Plaintiff can only recover once for the same retaliatory discharge if proven, the Court finds that Counts I and III of the Plaintiff's complaint are alternative counts rather than duplicative. Therefore, the Defendants' motion to strike should be denied.

### B. Count II

The Defendants also move to dismiss Count II of the Plaintiff's complaint. The Defendants contend that Count II alleges that the Defendants committed civil conspiracy and fraud, but offers no factual or legal development of how the Defendants perpetrated fraud against the Plaintiff. The Defendants, therefore, assert that Count II should be dismissed for failure to state a claim.

The Plaintiff counters that Count II alleges sufficient facts to state the elements of the claim of fraud and civil conspiracy. The Plaintiff contends that his complaint alleges that upon learning of the Plaintiff's cooperation with the FBI, the Defendants conspired to unlawfully discharge him and to fraudulently state the reasons for his discharge. The Plaintiff argues that these facts support his claim of fraud and civil conspiracy such that the Defendants' motion to dismiss Count II should be denied.

At the outset, the Court notes that it interprets Count II to allege a claim of civil conspiracy wherein the Plaintiff claims that the Defendants entered into a conspiracy to commit a fraud against him. The West Virginia Supreme Court has defined a civil conspiracy as "a combination of two or more persons by concerted action to accomplish an unlawful purpose or to accomplish some purpose, not in itself unlawful, by unlawful means. The cause of action is not created by the conspiracy but by the wrongful acts done by the defendants . . . ." *Dixon v. American Indus. Leasing Co.*, 253 S.E.2d 150, 152 (W.Va. 1979). "In order for civil conspiracy to be actionable it must be proved that the defendants have committed some wrongful act or have committed a lawful act in an unlawful manner to the injury of the plaintiff." *Dunn v. Rockwell*, 689 S.E.2d 255, 268-69 (W.Va. 2009). Further, "[a] civil conspiracy is not a stand-alone cause of action; it

9

is instead a legal doctrine under which liability for a tort may be imposed on people who did not actually commit a tort themselves but who shared a common plan for its commission with the actual perpetrators." *Id.* at 269 (citing *Kessel v. Leavitt*, 511 S.E.2d 720, 754 (W.Va. 1998)). Although the conspiracy itself does not give rise to the cause of action, in order to survive a motion to dismiss, "the existence of a conspiracy must nonetheless be factually alleged to support a claim of civil conspiracy." *Tucker v. Thomas*, 853 F.Supp.2d 576, 594 (N.D.W. Va. 2012). "The essence of a conspiracy is an agreement between two or more persons to accomplish an unlawful purpose. Mere similarity of conduct by various persons and the fact that they have associated with each other . . . is not necessarily sufficient to prove a conspiracy." *Precision Piping & Instruments, Inc. v. E.I. duPont De Nemours & Co.*, 707 F. Supp. 225, 229 (S.D.W. Va. 1989).

Here, in support of his civil conspiracy claim, the Plaintiff alleges that the Defendants "conspired with one another to deprive the Plaintiff of his employment with Defendants based upon Plaintiff's cooperation with the FBI investigation." (Pl.'s Compl. at ¶ 31.) However, at no point does the Plaintiff allege any agreement between the named Defendants wherein they attempt to accomplish some purpose, lawful or unlawful. The Plaintiff specifically names Mingo Logan Coal Company as the Defendant that terminated his employment, and alleges that he was scheduled for fewer shifts and eventually terminated from his employment after Mingo Logan learned of his evidence and intent to testify if subpoenaed. (*Id.* at 11-17.) However, the Plaintiff fails to provide any *factual* basis to support the claim that the Defendants worked in concerted action to accomplish his termination. Conclusory allegations are insufficient. Thus, Count II of the Plaintiff's amended complaint should be dismissed.

*C. Count IV*

Finally, the Defendants seek to dismiss Count IV of the Plaintiff's complaint. The Defendants assert that Count IV, entitled "Violation of Statutes," alleges that the Defendants' actions violated the laws of West Virginia, but fails to state which laws or statutes the Defendants violated and therefore alleges no facts or legal support for the Plaintiff's complaint. The Defendants further assert that the only statutory provision cited by the Plaintiff in Count IV is W.Va. Code §55-7-9, which is merely a jurisdictional statute. Thus, the Defendants contend that the Plaintiff has failed to provide sufficient factual matter in Count IV to survive a motion to dismiss. The Plaintiff counters that, when read with the rest of the complaint and viewed in its entirety, Count IV satisfies the plausibility standard such that the Defendants' motion to dismiss should be denied. The Plaintiff contends that his complaint alludes to federal charges being filed against individuals under the Defendants' employ, and that those charges were the cause of the Plaintiff's termination in violation of state statutes.

As stated above, in order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 570.). Further, Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief" which must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Here, Count IV of the Plaintiff's complaint has failed to put the Defendants on notice of what his claim is, much less articulate facts that, when accepted as true, would show the Plaintiff is entitled to some relief. Count IV merely states that the Defendants violated "aforesaid laws of West Virginia" in a manner that "confer

jurisdiction on this Court for an action of the Defendants pursuant to §55-7-9 of the West Virginia Code." (Pl.'s Compl. at ¶ 43.) The Plaintiff fails to allege any facts in Count IV to support the Defendants' violation of any statutes in a manner that gave rise to the Plaintiff's claim for relief, and further fails to set forth which statutes the Defendants' alleged conduct violated. The Court finds that Count IV of the Plaintiff's Complaint should be dismissed.

## CONCLUSION

WHEREFORE, after careful consideration, the Court **ORDERS** that the *Defendants' Motion to Dismiss and Motion to Strike* (Document 10) be **GRANTED** in part and **DENIED** in part. Specifically, the Court **ORDERS** that the motion to dismiss be **GRANTED** as to Count II and Count IV, but **DENIED** as to all other counts. The Court **ORDERS** that the motion to strike be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: May 26, 2017

_____
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA