UNITED STATE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

JASON K. STRATTON,

    Plaintiff,

v.                                                          Civil Action No. 5:16CV12204
                                                         Judge Irene C. Berger

ARCH COAL, INC., a foreign corporation,
MINGO LOGAN COAL COMPANY, a
foreign corporation, and ARCH COAL                  Removed From Circuit Court of
GROUP, LLC, a foreign corporation,                      Raleigh County, No. 16-C-724

    Defendants.

## AMENDED COMPLAINT

COMES NOW Plaintiff Jason K. Stratton, by counsel, and for his Amended Complaint against Defendant Arch Coal, Inc.; Defendant Mingo Logan Coal Company; and Arch Coal Group, LLC; states as follows:

## PARTIES

1. Plaintiff Jason K. Stratton was at all times relevant hereto a resident of Logan, Logan County, West Virginia. At all times material to this Civil Action, Plaintiff was employed by Defendants as a maintenance technician.

2. Defendant Arch Coal, Inc., is a foreign corporation that at all times relevant hereto was doing business in West Virginia and, specifically, in Raleigh County, West Virginia. Its agent for service of process is CT Corporation System, 5400 D Big Tyler Road, Charleston, WV 25313.

3. On January 11, 2016, Arch Coal, Inc., and a number of its subsidiaries and affiliate companies [collectively "Arch"] filed for bankruptcy in the United States Bankruptcy Court for the Eastern District of Missouri.

4. By "Notice of (I) Entry of Order Confirming Debtors' Fourth Amendment Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code; (II) Occurrence of Effective Date; and (III) Bar Dates for Filing Certain Claims" entered on October 5, 2016, the Bankruptcy Court confirmed the Debtors' plan and lifted the automatic stay that had been in place. *See* Notice, attached to Complaint as Exhibit 1.

5. Defendant Mingo Logan Coal Company is a foreign corporation that at all times relevant hereto was doing business in West Virginia and, specifically, in Raleigh County, West Virginia. Its agent for service of process is CT Corporation System, 5400 D Big Tyler Road, Charleston, WV 25313.

6. Defendant Arch Coal Group, LLC, is a foreign limited liability company that is licensed to business in West Virginia. Its notice of process address is CT Corporation System, 5400 D Big Tyler Road, Charleston, WV 25313.

## JURISDICTION AND VENUE

7. Jurisdiction and venue are proper in the United States District Court for the Southern District of West Virginia.

## FACTS

8. Plaintiff Jason K. Stratton was employed by Defendant Arch Coal on February 18. 1997, as a dispatcher.

9. During the course of his employment, Plaintiff was responsible for whatever duties were passed to him by his supervisors.

10. During his employment, Plaintiff consistently performed his duties in a safe and satisfactory manner and met the reasonable expectations of Defendants.

11. On May 30, 2014, numerous officials for and vendors to Defendant Mingo Logan Coal Company were indicted due to their participation in a "pay-to-play" scheme involving the selection and use of vendors at Defendant Mingo Logan Coal Company's Mountain Laurel Complex.

12. Plaintiff cooperated with FBI investigators during a joint federal and state investigation into an illegal kickback scheme at the Mountain Laurel Complex owned, operated, and/or controlled by Defendants.

13. During the investigation, as well as subsequent resulting civil litigation, Defendants learned that Plaintiff possessed certain voice recordings, notes, and photographs relevant to the cases which he planned to disclose if requested by subpoena.

14. Thereafter, Plaintiff was scheduled for fewer work shifts after his cooperation became known to the administration of Defendants.

15. Plaintiff was ostracized by his superiors after his cooperation became known to the administration of Defendants.

16. The administration of Defendants went so far as to attempt to interfere with Plaintiff's marital relationship after his cooperation became known.

17. Plaintiff developed Major Depressive Disorder (including Anxiety, Depression, and some paranoia) and was taken off work on December 8, 2015.

18. When Plaintiff returned to work on January 29, 2016, he was terminated.

19. Further, during the course of his employment with Defendants, Plaintiff was discouraged on multiple occasions from reporting workplace accidents and/or injuries to the responsible government agency or entity.

20. Despite Defendants' efforts to prevent him from doing so, Plaintiff reported or otherwise participated in the investigation of accidents and/or injuries.

21. Plaintiff faced adverse employment actions up to and including his termination as a result of his refusal to cover up accidents and injuries.

22. Following Plaintiff's wrongful termination, he was awarded unemployment compensation benefits at the rate of Four Hundred Twenty Dollars and No Cents ($420.00) per week.

23. Plaintiff's unemployment benefits ended in late July/early August 2016.

## COUNT I – WRONGFUL TERMINATION

24. Plaintiff incorporates the allegations in all preceding paragraphs by reference as if alleged fully herein.

25. Plaintiff while employed by Defendants discovered numerous instances of "pay-to-play" schemes involving repair work, the providing of contract labor, and the awarding of construction projects at the Mountain Laurel Complex.

26. Vendors who refused to participate in the scheme were denied contract labor and the awarding of construction projects at the Mountain Laurel Complex.

27. Plaintiff alleges that hi discharge was in retaliation for information he provided to both the FBI and Arch Coal, Inc., regarding the various kickback schemes that were in place at Mountain Laurel.

28. Plaintiff's termination was wrongful and/or retaliatory in nature and was in violation of West Virginia common law.

29. As a direct and proximate result of Defendants' conduct, Plaintiff has incurred economic damages and non-economic damages and will continue to suffer the same into the future.

30. Defendants' actions were willful, wanton, reckless, and demonstrate gross indifference to the rights of Plaintiff.

31. Defendants' conduct is so reprehensible that punitive damages should be addressed by a jury to punish Defendants and deter and prevent similar conduct in the future.

## COUNT II – RETALIATORY DISCHARGE

32. Plaintiff incorporates herein by reference all preceding paragraphs of his Amended Complaint as if set forth fully herein verbatim.

33. There is a substantial public policy in preventing the type and manner of pay-for-play schemes that were in place at Defendants' Mountain Laurel Complex.

34. Likewise, there is a substantial public policy in preventing employees from intimidating fellow employees in an effort to cover up their bad acts.

35. The actions of Defendants in violating Plaintiff due to his cooperation in the FBI investigation into the illegal activities of numerous employees of Defendant's Mountain Laurel Complex amounts to retaliatory or wrongful discharge and violates the laws of the State of West Virginia.

36. As a direct and proximate result of Defendants' conduct, Plaintiff has incurred economic damages and non-economic damages and will continue to suffer economic and non-economic damages in the future.

37. Defendants' actions were willful, wanton, reckless, and demonstrate gross indifference to the rights of Plaintiff.

38. Defendants' conduct is so reprehensible that punitive damages should be addressed by a jury to punish Defendants and to deter and prevent similar conduct in the future.

## COUNT III - VIOLATION OF THE WEST VIRGINIA HUMAN RIGHTS ACT

39. Plaintiff incorporates herein by reference all preceding paragraphs of his Amended Complaint as if set forth fully herein verbatim.

40. Defendants discharged Plaintiff after upon his return to work after receiving treatment for a psychiatric disorder, specifically, Major Depressive Disorder (including anxiety, depression, and some paranoia).

41. Discrimination based upon a disability or perceived disability violates the West Virginia Human Rights Act, W.Va. Code § 5-11-1 *et seq*.

42. As a result of the disability discrimination by Defendants in discharging Plaintiff, Defendants are liable to compensate Plaintiff for damages.

43. As a direct and proximate result of Defendants' conduct, Plaintiff has incurred economic damages and non-economic damages and will continue to suffer economic and non-economic damages in the future.

44. Defendants' actions were willful, wanton, reckless, and demonstrate gross indifference to the rights of Plaintiff.

45. Defendants' conduct is so reprehensible that punitive damages should be addressed by a jury to punish Defendants and to deter and prevent similar conduct in the future.

## COUNT IV – DISCHARGE IN CONTRAVENTION OF PUBLIC POLICY

46. Plaintiff incorporates herein by reference all preceding paragraphs of his Amended Complaint as if fully set forth herein verbatim.

47. West Virginia recognizes a substantial public policy in favor of the health and safety of employees in general, and of coal miners in particular. *See eg.* W.Va. Code § 22-1-1 *et seq*. and W.Va. Code § 56-3-1 *et seq*.

48. Pursuant to 30 C.F.R. § 50.20 *et seq*. all operators of coal mines, including Defendants must report mining related injuries and/or accidents.

49. Other provisions of both West Virginia and federal law including, but not limited to, W.Va. Code § 22a-2-67; 30 U.S.C. § 813(d), and 30 U.S.C. §820(f) require accurate record keeping in regarding to accidents and injuries and provide criminal penalties for failure to comply.

50. West Virginia and federal law further recognize a substantial public policy in favor of reporting violations of federal and state mine safety and health laws and regulations, as seen in W.Va. Code § 22A-1-22, W.Va. C.S.R. § 56-3-19, and in 30 U.S.C. § 815(c).

51. Defendants' actions, as alleged herein, were in violation of West Virginia public policy, as evidenced by the failure to report and discouraging reporting of accidents and injuries in violation of the statutes and regulations referenced herein.

52. Plaintiff's election to disregard Defendant's directives and report and/or participate in the investigation of accidents and/or injuries was a substantial factor in Defendants' decisions to demote Plaintiff and/or terminate Plaintiff's employment.

53. Upon information and belief, other employees who ignored Defendants' unlawful directives were terminated from their employment with Defendants.

54. Defendants' conduct was malicious, willful, wanton, and in reckless disregard of Plaintiff's state protected rights.

55. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered economic and non-economic damages, and will continue to suffer the same into the future.

56. Defendants' conduct has risen to such a level as to merit an award of punitive damages.

## COUNT V - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

57. Plaintiff incorporates herein by reference all preceding paragraphs of his Amended Complaint as if set forth fully herein verbatim.

58. Defendants' actions as set forth herein were reckless, extreme, intolerable, and outrageous.

59. Defendants' actions caused Plaintiff to suffer severe emotional distress.

60. In addition to Plaintiff's wrongful termination, Defendants' behavior in effectuating his termination, as set forth herein, gave rise to Plaintiff's emotional distress.

A TRIAL BY JURY IS DEMANDED ON ALL ISSUES SO TRIABLE.

**JASON K. STRATTON,**
By Counsel,

Stephen P. New (WVSB#7756)
Amanda J. Taylor (WVSB#11635)
THE LAW OFFICE OF STEPHEN P. NEW
P.O. Box 5516
Beckley, WV 25801
Telephone: (304) 250-6017