# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# BECKLEY DIVISION

**JASON K. STRATTON,**

    **Plaintiff,**

v.                                                                           **Civil Action No. 5:16CV12204**
                                                                         **Judge Irene C. Berger**

**ARCH COAL, INC., a foreign corporation,**
**MINGO LOGAN COAL COMPANY, a**
**foreign corporation, and ARCH COAL**            **Removed From Circuit Court of**
**GROUP, LLC, a foreign corporation,**               **Raleigh County, No. 16-C-724**

    **Defendants.**

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

    Defendants Arch Coal, Inc., Arch Coal Group, LLC, and Mingo Logan Coal, LLC (collectively, "Defendants") by counsel, C. David Morrison and Shawn A. Morgan, and the law firm Steptoe & Johnson PLLC, respectfully file this Response in Opposition to the Plaintiff's Motion for Leave to File Amended Complaint (the "Motion to Amend"), requesting that the same be denied.

## STATEMENT OF THE CASE

    Plaintiff filed his initial complaint in the Circuit Court of Raleigh County, West Virginia on November 16, 2016, and alleged causes of action for wrongful termination [Count I], civil conspiracy/fraud [Count II], retaliatory discharge [Count III], violation of statutes [Count IV], and disability discrimination [Count V]. On December 16, 2016, Defendants removed Plaintiff's Complaint to this Court. Defendants filed a Motion to Dismiss Counts I, II, III, and IV and a Motion to Strike either Court I or Count III on December 22, 2016. On May 26, 2017, the Court

entered a Memorandum Opinion and Order [Doc 23], granting in part Defendants' Motion to Dismiss and dismissing Counts II and IV of Plaintiff's Complaint.

On January 11, 2017, this Court issued a Scheduling Order [Doc 15], which set the deadline for amendment of pleadings and joinder of parties as March 15, 2017, and which set the deadline for serving discovery requests as August 4, 2017. Significantly, the Court's March 15, 2017 deadline for amendment of the pleadings passed without action by the Plaintiff.

Since February 22, 2017, the parties have exchanged extensive discovery requests, to which the parties responded, and for which they have continued to provide supplemental disclosures. These include:

1. Defendants' First Set of Interrogatories to the Plaintiff [Doc 19];
2. Defendants' First Set of Requests for Documents and Things [Doc 20];
3. Plaintiff's Response to Defendants' First Set of Interrogatories to the Plaintiff [Doc 21];
4. Plaintiff's Response to Defendants' First Set of Requests for Documents and Things to the Plaintiff [Doc 22];
5. Plaintiff's First Set of Discovery to Mingo Logan Coal Company [Doc 24];
6. Plaintiff's First Set of Discovery to Arch Coal, Inc. and Arch Coal Group, LLC [Doc 25];
7. Defendant Arch Coal Group, LLC's Responses to Plaintiff's First Set of Requests for Admissions of Fact [Doc 33];
8. Plaintiff's Supplemental Responses to Defendants' First Set of Requests for Documents and Things [Doc 34];

7730936.2

9. Defendant Arch Coal, Inc.'s Responses to Plaintiff's First Set of Requests for Admissions of Fact [Doc 35];

10. Defendant Mingo Logan Coal, LLC's Responses to Plaintiff's First Set of Requests for Admissions of Fact [Doc 36];

11. Defendants' Second Set of Requests for Documents and Things to the Plaintiff [Doc 38];

12. Defendant Arch Coal Group, LLC's Responses to Plaintiff's Request for Production of Documents [Doc 39];

13. Defendant Arch Coal, Inc.'s Responses to Plaintiff's Request for Production of Documents [Doc 40];

14. Defendant Arch Coal Group, LLC's Response to Plaintiff's First Set of Interrogatories [Doc 43];

15. Defendant Arch Coal, Inc.'s Response to Plaintiff's First Set of Interrogatories [Doc 44];

16. Defendant Mingo Logan Coal, LLC's Responses to Plaintiff's First Set of Interrogatories [Doc 46];

17. Defendant Mingo Logan Coal, LLC's Responses to Plaintiff's Requests for Production of Documents [Doc 47];

18. Defendant Arch Coal Group, LLC's Supplemental Responses to Plaintiff's First Set of Interrogatories [Doc 48];

19. Plaintiff's Supplemental Response to Defendants' First Set of Interrogatories to the Plaintiff [Doc 50]; and

20. Defendant Arch Coal, Inc.'s Supplemental Responses to Plaintiff's First Set of Interrogatories [Doc 51].

On June 22, 2017, Defendants filed their Responses to Plaintiff's First Set of Requests for Admissions of Fact. See Docs 33, 35, and 36. Plaintiff sought admissions regarding safety issues; however, Defendants could neither admit nor deny due to grammatical and/or typographical errors in the Requests. Id. at Request No. 11, attached hereto as "Exhibit A."

Thereafter, on June 30, 2017, when Defendant Mingo Logan Coal, LLC filed its Response to Plaintiff's First Set of Interrogatories [Doc 46], the pertinent part of which is attached as "Exhibit B", it objected to Plaintiff's Interrogatory 7, which sought information "regarding any complaint or grievance Plaintiff lodged with Defendants regarding safety and health concerns for miners at the subject mine; potential safety hazards associated with the subject mine; potential violations of federal and/or state mining regulations; and/or complaints related to the calculation of lost time, accidents, accident reports, or calculation of non-fatal days lost." Id. at 14. Defendant Mingo Logan Coal, LLC objected, in pertinent part, on the basis that "[t]here is no allegation in the complaint that Plaintiff's discharge from employment had had anything whatsoever to do with any formal or informal complaints Plaintiff may have made relating to safety, potential violations of federal and/or state mining regulations, lost time accidents, audit reports or calculation of non-fatal days lost." Id.

Similarly, on the same date, when Defendant Mingo Logan Coal, LLC filed its Response to Plaintiff's First Set of Requests for Production of Documents [Doc 47], the pertinent part of which is attached as "Exhibit C", it objected to Plaintiff's Request 2 for production of

> any and all email and / or other documents with Arch Coal, Inc.; Mingo Logan Coal Company; or Arch Coal Group, LLC; complaint / grievance / administrative filing with the West Virginia Office of Miners Health Safety and Training; complaint / grievance / administrative filing with the Mine Safety and Health

4

Administration; and / or any other similar type document filed with any state or federal agency which pertains to safety and health concerns for miners at the subject mine; potential safety hazards associated with the subject mine; potential violations of federal and/or state mining regulations; and/or complaints related to lost time, accidents, accident reports, or calculation of non-fatal days lost.

Id. at 1-2. Defendant Mingo Logan Coal, LLC objected, in pertinent part, on the basis that "[t]he Plaintiff's Complaint makes no allegations regarding safety issues in the mine." Id.

Likewise, Defendant Mingo Logan Coal, LLC objected to Plaintiff's Request 13 for production of "[c]opies of any and all safety policies, protocols and procedures in effect in January of 2016." Id. at 4. Defendant Mingo Logan Coal, LLC objected, in pertinent part, on the basis that "[t]he Complaint raises no issue regarding safety." Id.

Plaintiff filed his Motion for Leave to File Amended Complaint [Doc 41], proposed Amended Complaint [Doc 41-1], and supporting Memorandum of Law [Doc 42] on June 28, 2017. The proposed Amended Complaint belatedly seeks to add two additional causes of action: one for discharge in contravention of public policy favoring employee health and safety [proposed Count IV] and one for intentional infliction of emotional distress [proposed Count V].

Plaintiff's motion claims that amendment is sought "based on newly discovered information." See Doc 41 at 1. Plaintiff's memorandum states that "[i]n reviewing the documents <u>provided by Plaintiff</u>, his counsel has come to the conclusion that Defendants engaged in a scheme to cover up accidents and injuries that occurred at their Mountain Laurel Complex in violation of the law." See Doc 42 at 2 (underlining supplied). Plaintiff's counsel fails to state which documents were reviewed to reach this conclusion, when counsel reviewed those documents, and, most importantly, whether counsel could have reviewed those documents and reached this conclusion prior to filing suit. Plaintiff's counsel certainly had ample opportunity to do so since Plaintiff was discharged from employment on January 29, 2016, about ten months

5

before the Complaint was filed initiating in this case. Nor does counsel offer any explanation for failing to timely allege a claim for intentional infliction of emotional distress.

Although all remaining discovery requests must be served by August 4, 2017, all discovery responses must be served by September 1, 2017, and all depositions must be completed by September 29, 2017, Plaintiff alleges that "[s]ubstantial time remains in the discovery period. . . ." See Doc 42 at 3. Defendants have not consented to Plaintiff's Motion for Leave to Amend, pursuant to Fed. R. Civ. P. 15(a)(2).

## LEGAL STANDARD

The interplay between Rules 15 and 16 of the Federal Rules of Civil Procedure controls the resolution of this issue. Rule 15(a) provides, in pertinent part:

(a) Amendments Before Trial.

(1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:

(A) 21 days after serving it, or

(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

(2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Because it is too late to amend as a matter of course and Defendants do not consent, Plaintiff must seek the Court's leave. Fed. R. Civ. P. 15(a)(2).

Motions for leave to amend a pleading filed after the deadline provided by a scheduling order also are governed by Rule 16. While Rule 15 permits the amendment of pleadings if certain conditions are met, Rule 16 addresses the conditions under which the Court's scheduling order can be modified. Once a scheduling order is entered, it "may be modified only for good

cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The flexibility of the 'freely give leave' standard [in Rule 15(a)(2)] is diminished somewhat when the amendment is sought after the expiration of the deadline … set by a Rule 16(b) scheduling order." Cunningham v. LeGrand, No. CIV.A. 2:11-0142, 2012 WL 3028015, at *1 (S.D.W. Va. July 24, 2012). This is so because the United States Fourth Circuit Court of Appeals has held that "after the deadlines provided by a scheduling order have passed, the good cause standard must be satisfied to justify leave to amend the pleadings." Nourison Rug Corp. v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008). If the motion to amend meets the Rule 16(b) standard, "Rule 15(a) then requires the Court to look at the potential bad faith of the moving party as well as prejudice to the opposing party." Clark v. Anderson Merchandisers, LLC, No. CV 3:15-0384, 2016 WL 1715189, at *1 (S.D.W. Va. Apr. 27, 2016).

## ARGUMENT

**I.　Plaintiff's Motion to Amend should be denied because Plaintiff fails to meet the "good cause" standard required by Rule 16.**

The "good cause" standard required by Rule 16(b) focuses on the diligence of the movant and the reasons for the delay. Montgomery v. Anne Arundel Cty., 182 F. App'x 156, 162 (4th Cir. 2006); Marcum v. Zimmer, 163 F.R.D. 250, 254 (S.D.W. Va. 1995). A scheduling order may be modified if the deadline could not possibly have been met despite the diligence of the movant. Marcum, 163 F.R.D. 250 at 254. "Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. . . . If [the moving] party was not diligent, the inquiry should end." Id. In Nourison, the moving party sought to amend his answer to add an additional defense two months after the deadline for amending pleadings. The movant explained the delay by stating that when his counsel reviewed the previously raised defenses to respond to a motion, he realized that another defense was available that had not been raised.

7

Nourison Rug Corp., 535 F.3d 295 at 297. He did not include any additional reasoning. Id. The Fourth Circuit held that this explanation fell "far short of what is required to satisfy the good cause standard." Id. at 298.

In the present Motion to Amend, Plaintiff seeks to add causes of action for unlawful termination in contravention of public policy [proposed Count IV] and intentional infliction of emotional distress [proposed Count V]. Although Plaintiff claims that these causes of action are based on "newly discovered information," that is not the case. The facts underlying these causes of action were known to Plaintiff from the outset of the case, and he has provided no evidence to the contrary.

As to proposed Count IV, Plaintiff has only explained the reason for his nearly three month delay in making a motion to amend by stating that his counsel, after reviewing documents provided by Plaintiff, came to the conclusion that Plaintiff was unlawfully terminated for refusing to participate in an accident cover-up scheme. Plaintiff did not specify which, if any, documents led to this conclusion, nor did he specify when the documents were received or reviewed. Additionally, he did not state when his counsel came to the conclusion that an additional cause of action may exist. Plaintiff's explanation falls short of the good cause standard. As Nourison makes clear, a statement, without any supporting facts or reasoning, that counsel recently realized that an additional cause of action could be asserted is insufficient for the court to grant leave to amend.

Nor can Plaintiff establish that his counsel lacked information to support proposed Count IV prior to June 2017. To the contrary, the following documents and things, tendered by Plaintiff on March 23, 2017 in his discovery responses [Doc 22], reference Plaintiff's interest in claiming that his termination related to safety issues:

8

7730936.2

1. Plaintiff's Response to Request No. 4, including:
    a. Plaintiff's handwritten note regarding his text messages with John Ball, attached as Exhibit D;
    b. Plaintiff's text messages with James M. Mullens, at page 20, attached as Exhibit E; and
    c. Plaintiff's tape recording of coworkers, made in 2015; and
2. Plaintiff's Response to Request No. 12, also referencing his 2015 tape recording of coworkers.

Plaintiff's Complaint, which was filed in November 2016, references this tape recording. See Doc 1-1 at 3¶14. Because Plaintiff's counsel possessed this recording prior to filing the Complaint, its contents are not "newly discovered" information that constitutes good cause for amendment of the pleadings.

Likewise, as to proposed Count V, Plaintiff's motion to add a cause of action for intentional infliction of emotional distress also falls far short of reaching the good cause standard. In explaining his reason for adding this cause of action, Plaintiff simply states that it is "based on earlier-made allegations," see Doc 41 at 1, and arose "from the manner in which he was terminated," see Doc 42 at 2. These statements alone show that the Plaintiff was not diligent in raising this claim, as it too could have been raised from the outset of filing the complaint. In any event, Plaintiff certainly could have realized and plead emotional distress during the more than three months allotted in the Scheduling Order for making such an amendment.

Plaintiff has not shown that it was impossible for him to have complied with the Scheduling Order, nor has he shown that the amendments could not have been made earlier than June 28, 2017. Moreover, Plaintiff's failure to consider all possible causes of action when

initially filing his complaint cannot be remedied by erroneously claiming good cause exists due to "newly discovered information" which, in fact, his counsel apparently possessed all along. Because Plaintiff has made no showing that good cause exists for modifying the scheduling order, the Motion to Amend should be denied.

## II. Plaintiff's Motion to Amend should be denied under Rule 15 on the basis of undue delay, dilatory motive, and prejudice to the Defendants.

Even if Plaintiff could meet the good cause standard required by Rule 16, his Motion to Amend should be denied under Federal Rule of Civil Procedure 15. Under Rule 15(a)(2), the "grant or denial of an opportunity to amend [a complaint] is within the discretion of the District Court." Scott v. Family Dollar Stores, Inc., 733 F.3d 105, 121 (4th Cir. 2013) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)). A court may deny a motion for leave to amend a complaint in the presence of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." Foman, 371 U.S. 178 at 182. Courts have specifically held that a motion to amend under Rule 15(a) may be denied where the motion has been unduly delayed and where allowing the amendment would unduly prejudice the nonmovant. Davis v. Piper Aircraft Corp., 615 F.2d 606, 613 (4th Cir. 1980); Woodson v. Fulton, 614 F.2d 940, 943 (4th Cir. 1980); Deasy v. Hill, 833 F.2d 38, 40 (4th Cir. 1987), cert. denied, 485 U.S. 977, 108 S. Ct. 1271, 99 L. Ed. 2d 483 (1988).

### A. Undue Delay and Dilatory Motive

As this Court has explained, where a party was aware of the facts underlying the proposed allegations from the outset of the litigation, such that the party could have included the allegations initially or sought an amendment earlier, the party was dilatory in seeking an amendment to the Complaint. Gum v. General Elec. Co., 5 F. Supp. 2d, 412, 414 (S.D.W. Va.

10

1998). As noted in section I above, a careful reading of the new causes of action alleged by Plaintiff shows that the information underlying both proposed causes of action was readily apparent prior to the commencement of litigation.

In his proposed Amended Complaint, Plaintiff alleges in Count IV that, during his employment, Defendants attempted to prevent him from reporting or participating in the investigation of accidents and/or injuries, and that Plaintiff faced adverse employment actions for not doing so. See Doc 41-1 at ¶¶ 20,21. However, it is undisputed that Plaintiff knew about the facts alleged to support this cause of action prior to commencing the litigation and certainly long before the deadline set forth in the Scheduling Order. Moreover, Plaintiff's assertion in his Memorandum of Law that his counsel only recently concluded that this cause of action exists is directly contradicted by the Complaint. As noted in section I above, paragraph 14 of the Complaint references Plaintiff's tape recording. Plaintiff's March 2017 discovery responses list this tape recording as evidence supporting Plaintiff's claims. It is undisputed that this recording mentions the safety issues Plaintiff's counsel claims to have "newly discovered" in June 2017.

Likewise, Plaintiff's discovery requests included Requests for Admission of Facts regarding safety issues; this further confirms Plaintiff's counsel knew of this information well before June 2017, which further solidifies that the motion to amend is not based upon "newly discovered information." With respect to Plaintiff's proposed claim in Count V for intentional infliction of emotional distress, he admits that this claim is based upon his "earlier-made allegations." See Doc. 41 at 1. Plaintiff does not allege that newly discovered information led him to this conclusion.

This case was filed in November 2016, and the deadline to amend the pleadings lapsed on March 15, 2017. Yet, Plaintiff failed to request leave to amend until June 28, 2017, when only

11

five weeks remained for parties to serve discovery requests. This delay in making a motion to amend is clearly undue, as the underlying facts were known to Plaintiff even before he filed his Complaint. Plaintiff has acted with dilatory motive in seeking to add these claims now, near the end of the discovery period. Doing so prevents Defendants from adequately responding to and conducting discovery on these claims without prolonging the course of the litigation. Because Plaintiff unduly delayed in amending his Complaint and acted with dilatory motive, the Motion to Amend should be denied.

### B. Prejudice to the Defendants

When addressing the prejudice to the party opposing the motion to amend the pleading, a "court considers whether the assertion of the new claim or defense would require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction." Phelps v. McClellan, 30 F.3d 658, 663 (6th Cir. 1994).

Although Plaintiff contends that substantial time remains in the discovery period and, therefore, Defendants can establish no prejudice, that is simply not the case. The deadline for parties to submit discovery requests in this case is August 4, 2017. To date, extensive discovery has been exchanged and completed in relation to Plaintiff's initially pled causes of action. Both parties have exchanged and answered interrogatories and requests for the production of documents, and Defendants have responded to Plaintiff's requests for admission of facts. Plaintiff also has been deposed. If Plaintiff's Motion to Amend is granted, all of the discovery exchanged thus far would need to be supplemented to include the new causes of action, which would delay the entire course of the litigation. Additionally, because Defendants have already deposed the Plaintiff, they would need to do so again regarding the new allegations. Plaintiff's

12

Motion to Amend should be denied because all of the additional time, expenses, and resources that would be required if it is granted would certainly unduly prejudice Defendants.

## CONCLUSION

While the Court may grant leave "when justice so requires," doing so is not warranted in this case. Plaintiff has not met the good cause standard as required by Rule 16. Even if he had, Plaintiff unduly delayed in making his Motion to Amend, in violation of Rule 15. Granting the motion at this stage of the litigation would delay the proceedings and unduly prejudice Defendants. For all of the foregoing reasons, Plaintiff's Motion for leave to File Amended Complaint should be denied.

Respectfully submitted this 13th day of July, 2017.

/s/ Shawn A Morgan
C. David Morrison (WV ID #2643)
Shawn A. Morgan (WV Bar #6640)

STEPTOE & JOHNSON PLLC
OF COUNSEL

400 White Oaks Boulevard
Bridgeport, WV 26330
(304) 933-8000

*Counsel for Defendants*

CERTIFICATE OF SERVICE

       I hereby certify that on the 13th day of July, 2017, I electronically filed the "Defendants' Response in Opposition to Plaintiff's Motion for Leave to File Amended Complaint" with the Clerk of the Court using the CM/ECF system which will send notice thereof upon the following counsel of record

> Stephen P. New
> 114 Main Street
> P.O. Box 5516
> Beckley, WV 25801
> *Counsel for Plaintiff*

> /s/ Shawn A. Morgan
> C. David Morrison (WV ID #2643)
> Shawn A. Morgan (WV Bar #6640)

STEPTOE & JOHNSON PLLC  
   OF COUNSEL

400 White Oaks Boulevard
Bridgeport, WV 26330
(304) 933-8000

*Counsel for Defendants*

7730936.2