UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

JASON K. STRATTON,

    Plaintiff,

v.                                                           Civil Action No. 5:16CV12204
                                                              Judge Irene C. Berger

ARCH COAL, INC., a foreign corporation,
MINGO LOGAN COAL COMPANY, a
foreign corporation, and ARCH COAL         Removed From Circuit Court of
GROUP, LLC, a foreign corporation,             Raleigh County, No. 16-C-724

    Defendants.

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of June, 2017, I electronically filed the "Certificate of Service" for "Defendant Mingo Logan Coal LLC's Responses to Plaintiff's First Set of Interrogatories" with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record. I further certify that I also served a true copy of "Defendant Mingo Logan Coal LLC's Responses to Plaintiff's First Set of Interrogatories" on this date by United States mail, postage prepaid, to the following counsel of record:

                              Stephen P. New
                              114 Main Street
                              P.O. Box 5516
                              Beckley, WV 25801
                              *Counsel for Plaintiff*

                                                             /s/ C. David Morrison
                                                             C. David Morrison (WV Bar #2643)
                                                             Shawn A. Morgan (WV Bar #6640)

7716855.4

7. While employed by Defendants, did Plaintiff lodge any formal or informal complaints or grievances against Defendants regarding safety and health concerns for miners at the subject mine; potential safety hazards associated with the subject mine; potential violations of federal and/or state mining regulations; and/or complaints related to the calculation of lost time, accidents, accident reports, or calculation of non-fatal days lost. For each said complaint or grievance, state:

   (a) The nature of said complaint or grievance;

   (b) The name and address of the individual or entity Plaintiff made his complaint or grievance, and

   (c) The disposition or action taken on said complaint or grievance.

   **ANSWER:** **Objection.** This interrogatory seeks information that is neither relevant nor reasonably calculated to give rise to the discovery of admissible evidence. There is no allegation in the complaint that Plaintiff's discharge from employment had had anything whatsoever to do with any formal or informal complaints Plaintiff may have made relating to safety, potential violations of federal and/or state mining regulations, lost time accidents, audit reports or calculation of non-fatal days lost. Additionally, the interrogatory is vague, ambiguous, overly broad and unduly burdensome. There is no definition of "informal complaint"; and the scope of the interrogatory is not limited to a reasonable time period.