UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

JASON K. STRATTON,

    Plaintiff,

v.                                             Civil Action No. 5:16CV12204
                                              Judge Irene C. Berger

ARCH COAL, INC., a foreign corporation,
MINGO LOGAN COAL COMPANY, a
foreign corporation, and ARCH COAL          Removed From Circuit Court of
GROUP, LLC, a foreign corporation,             Raleigh County, No. 16-C-724

    Defendants.

## CERTIFICATE OF SERVICE

        I hereby certify that on the 30th day of June, 2017, I electronically filed the "**Certificate of Service**" for "**Defendant Mingo Logan Coal LLC's Response to Plaintiff's Request for Production of Documents**" with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record. I further certify that I also served a true copy of "**Defendant Mingo Logan Coal LLC's Response to Plaintiff's Request for Production of Documents**" on this date by United States mail, postage prepaid, to the following counsel of record:

                            Stephen P. New
                            114 Main Street
                            P.O. Box 5516
                            Beckley, WV 25801
                            *Counsel for Plaintiff*

                            /s/ C. David Morrison
                            C. David Morrison (WV Bar #2643)
                            Shawn A. Morgan (WV Bar #6640)

7716858.2

Exhibit C

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# BECKLEY DIVISION

**JASON K. STRATTON,**

    **Plaintiff,**

v.                                                                      Civil Action No. 5:16CV12204
                                                                  Judge Irene C. Berger

**ARCH COAL, INC., a foreign corporation,**
**MINGO LOGAN COAL COMPANY, a**
**foreign corporation, and ARCH COAL**           Removed From Circuit Court of
**GROUP, LLC, a foreign corporation,**              Raleigh County, No. 16-C-724

    **Defendants.**

## DEFENDANT MINGO LOGAN COAL LLC'S RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS

    In accordance with Rule 34 of the Federal Rules of Civil Procedure, Defendant, Mingo Logan Coal LLC ("ML"), subject to providing supplemental requests as discovery continues, hereby responds to the Plaintiff's Request for Production of Documents as follows:

    1.    Produce a complete copy of Plaintiff's personnel file and employment records.

    **RESPONSE:**     See the documents attached hereto as Mingo-Logan 00216-00920; 00974-01011; 01080; 01088-01121; 01137-01185; and 01186-01341.

    2.    Produce any and all email and / or other documents with Arch Coal, Inc.; Mingo Logan Coal Company; or Arch Coal Group, LLC; complaint / grievance / administrative filing with the West Virginia Office of Miners Health Safety and Training; complaint / grievance / administrative filing with the Mine Safety and Health Administration; and / or any other similar type document filed with any state or federal agency which pertains to safety and health concerns for miners at the subject mine; potential safety hazards associated with the subject mine;

potential violations of federal and/or state mining regulations; and/or complaints related to lost time, accidents, accident reports, or calculation of non-fatal days lost.

**RESPONSE:** **Objection.** This request is overly broad and unduly burdensome. First, there is no limit on the years for which the request is being made. Second, there is no limit in the locations or operations pertaining to which a "complaint/grievance/administrative filing" with the listed companies was filed. Further, the request calls for information that is neither relevant nor reasonably likely to give rise to the discovery of admissible evidence. The Plaintiff's Complaint makes no allegations regarding safety issues in the mine. Finally, Plaintiff can send reasonably tailored FOIA requests to the agencies at issue to obtain the information he wants.

3. A complete copy of any and all documents relating to Plaintiff's employment or his termination including but not limited to correspondence, memoranda, e-mail, notes, and faxes.

**RESPONSE:** See the documents attached hereto as Mingo-Logan 00047-00215; 00479-00507; 00539-00579; 00921-01011; 01080; 01088-01121; and 01122-01134. See also ML's response to Request No. 1.

4. A complete copy of any and all medical records, worker's compensation records, and documents in your possession, custody or control regarding Plaintiff.

**RESPONSE:** See the documents attached hereto as Mingo-Logan 00216-00478; 00539-00577; and 00578-00579. See also ML's response to Request Nos. 1, 2 and 3.

5. Produce a complete copy of any policy of insurance that may provide coverage to satisfy all or part of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy a potential judgment.

**RESPONSE:** **Objection.** This request is overly broad and unduly burdensome. Subject to and without waiving this objection, please see ML's response to Request No. 7.

12. Copies of your employee handbooks and/or employment policies and procedures in effect from January 2010 through present.

**RESPONSE:** See the documents attached hereto as Mingo-Logan 00059-00215; 00921-00970; 00976-01011.

13. Copies of any and all safety policies, protocols and procedures in effect in January of 2016.

**RESPONSE:** **Objection.** (a) This request is overly broad and unduly burdensome, and calls for information that is neither relevant nor reasonably calculated to give rise to the discovery of admissible evidence. By way of example only, Plaintiff's request encompasses copies of all machine operation manuals, roof control plans, safety posters and signs, etc.; none of these policies, protocols and procedures relate to Plaintiff's claims. (b) Additionally, the request seeks information that is neither relevant nor reasonably calculated to give rise to the discovery of admissible evidence. The Complaint raises no issue regarding safety.

14. A copy of any and all job descriptions for any position held by Plaintiff during his employment with Defendants(s) as well as for the position of Mine Superintendent.

**RESPONSE:** See the documents attached hereto as Mingo-Logan 00971-00975.

15. Produce any and all e-mail messages, minutes or correspondence in your possession, custody or control written by, regarding or relating to Jason K. Stratton; the investigation in Mingo Logan Coal; or Mr. Stratton's participation in the investigation for the past five (5) years.

4