

STEPTOE &
JOHNSON PLLC
ATTORNEYS AT LAW

400 White Oaks Boulevard
Bridgeport, WV 26330
(304) 933-8000    (304) 933-8183 Fax
www.steptoe-johnson.com

Writer's Contact Information
DIRECT DIAL
Phone: (304) 933-8113
Fax: (304) 933-8183

E-mail:
david.morrison@steptoe-johnson.com

August 1, 2017

**Via Email (mandy@newlawoffice.com)**
Amanda J. Taylor
The Law Office of Stephen P. New
114 Main Street
P.O. Box 5516
Beckley, WV 25801

       Re:    Jason K. Stratton v. Arch Coal, Inc.
              Civil Action No. 5:16-CV-12204

Dear Ms. Taylor:

       I write in response to your July 25, 2017 letter, pursuant to Rule 37 of the Federal Rules of Civil Procedure, regarding Defendant Mingo Logan Coal, LLC's June 30, 2017 Responses to Plaintiff's First Set of Interrogatories and Requests for Production of Documents. I respond in the order in which your letter requests supplementation.

## INTERROGATORIES

**Interrogatory No. 1**: We will supplement.

**Interrogatory No. 3**: We will supplement.

**Interrogatory No. 4**: We will supplement.

**Interrogatory No. 6**: Although we objected to Plaintiff's Interrogatory No. 6 as irrelevant and not reasonably calculated to give rise to the discovery of admissible evidence, we did not refuse to provide information identifying cases against Defendants involving disability discrimination and retaliatory discharge. Indeed, our answer to Interrogatory No. 6 specifically identifies such a case filed and now pending in the Circuit Court of Logan County, West Virginia. There are no other disability discrimination cases that have been filed against these Defendants. We will stand on our objection that cases asserting theories of liability that have not been asserted in this case do not fall with the scope of discoverable information as set forth in Rule 26 of the Federal Rules of Civil Procedure.

7748613.2

**EXHIBIT 3**

Amanda J. Taylor
August 1, 2017
Page 2

**Interrogatory No. 9**: Defendant Mingo Logan Coal, LLC's discovery disclosures included plaintiff's personnel file, documenting instances in which he was disciplined prior to his termination. For example, Plaintiff was counseled for leaving work in the middle of the day without notice when he became angry.

**Interrogatory No. 11**: Defendant Mingo Logan Coal, LLC provided initial Rule 26(a)(1) Disclosures and supplemental Rule 26(a)(1) Disclosures. It also has filed answers to interrogatories, responses to requests for production of documents, and supplemental responses to requests for production of documents. These filings identify more than two dozen potential witnesses in the case. The Rule 26(a)(1) Disclosures also reference the subject matter of these witnesses' knowledge of the subject matter of this litigation. The Court's Scheduling Order does not require the filing of Rule 26(a)(2) Disclosures until September 1, 2017. Likewise, Defendants' Rule 26(a)(3) Disclosures are not due until January 2, 2018. Given the breadth and depth of discoverable information disclosed, Plaintiff is not entitled to additional information at this time. Moreover, we simply do not know who we will call as witnesses yet.

**Interrogatory No. 13**: Although we objected to Plaintiff's Interrogatory No. 13 as irrelevant and not reasonably calculated to give rise to the discovery of admissible evidence, we did not refuse to provide information identifying cases against Defendants involving disability discrimination and retaliatory discharge. Our reference to our answer to Interrogatory No. 6 specifically identifies a case filed and now pending in the Circuit Court of Logan County, West Virginia. There are no other proceedings before federal or State agencies since January 2011 involving disability discrimination or retaliatory discharge claims as to Defendants. We object to providing information relating to proceedings occurring more than five years prior to the Plaintiff's January 2016 discharge.

**Interrogatory No. 17:** Defendants have disclosed 2,101 pages of discovery regarding this matter. Defendant Mingo Logan Coal, LLC has provided initial Rule 26(a)(1) Disclosures and supplemental Rule 26(a)(1) Disclosures. It also has filed answers to interrogatories, responses to requests for production of documents, and supplemental responses to requests for production of documents. These filings identify that all of these documents may be used to support Defendants' defenses. The Court's Scheduling Order does not require the filing of Rule 26(a)(2) Disclosures until September 1, 2017. Likewise, Defendants' Rule 26(a)(3) Disclosures are not due until January 2, 2018. Given the breadth and depth of discoverable information disclosed, Plaintiff is not entitled to additional information at this time.

**Interrogatory No. 20:** We will provide the name and address of any individual who assumed Plaintiff's job duties following his termination. As previously noted, however, his job position was not filled.

**Interrogatory No. 23**: As reflected in the insurance agreement previously disclosed in Defendant Mingo Logan Coal LLC's June 30, 2017 responses to Plaintiff's First Set of Request for Production of Documents, the insurer is The Hartford. As reflected in the insurance agreement previously disclosed in those responses to Plaintiff's First Set of Request for Production of Documents, the policy number is GT 0271611. As reflected in the insurance

7748613.2

Amanda J. Taylor
August 1, 2017
Page 3

agreement previously disclosed in those responses to Plaintiff's First Set of Request for
Production of Documents, the limit of liability coverage is $10,000,000. As reflected in the
insurance agreement previously disclosed in those responses to Plaintiff's First Set of Request
for Production of Documents, notice of this claim was provided to the insurer, which is
providing a defense; thus, there has not been a coverage dispute, declination of coverage, or
reservation of rights regarding such policy.

## REQUESTS FOR PRODUCTION

**Request Nos. 15 and 23**:   With respect to additional information concerning documents
protected from disclosure due to attorney-client privilege and/or attorney work product, please
see attached Privilege Log.  Despite Defendants' objection that these requests are overly broad
and unduly burdensome, counsel reviewed Mr. Carey's entire file, some 32 bankers' boxes.  See
my affidavit, attached hereto.   As noted in the June 30, 2017 response to Request No. 23,
"Subject to those objections, ML is producing all of the documents pertaining to Plaintiff's
involvement in the investigation."   Moreover, Defendants supplemented their response to
Request No. 15 on July 25, 2017.

**Request Nos. 16 and 18**:  Good faith efforts in resolving this conflict are futile.  Until Plaintiff
establishes a *prima facie* case for recovery of punitive damages, these requests call for
information that is neither relevant nor reasonably calculated to give rise to the discovery of
relevant information. Further, the information requested contains sensitive financial information
that will not be provided without a Court Order to do so. Pursuant to the new statute, we plan to
move to bifurcate the liability portion of the case from any punitive damages portion of the case.
See copies of other court orders attached hereto that do not require that Defendants produce
information relevant to punitive damages until Plaintiff can demonstrate a *prima facie* case for an
award of punitive damages, one of which was entered by Judge Berger while she was on the state
bench.

**Request No. 19**:  Good faith efforts in resolving this conflict are futile.  The same objections
hold true with respect to information plaintiff seeks concerning "the value of employees' total
compensation packages from 2010 – present" as with the sensitive financial information plaintiff
seeks in Request Nos. 16 and 18, concerning Defendants' financial position, operating results,
financial statements, corporate tax returns, audit reports, balance sheets, income statements, and
cash flow statements.

Your statement that Defendants "did not produce any information regarding Plaintiffs' (*sic*)
compensation packages. . ." is inaccurate.  First, Defendants' response to Interrogatory No. 21
provided information regarding Plaintiff's most recent wages and/or salary.    Second,
Defendants' response to Interrogatory No. 22 provided information regarding all benefits
available to Plaintiff at the time his employment with Mingo Logan ceased and the value of each
benefit.  Third, Mingo Logan provided a copy of Plaintiff's personnel file containing information
regarding his compensation and benefits.

7748613.2

Amanda J. Taylor
August 1, 2017
Page 4

## REQUESTS FOR ADMISSION

**Request for Production (*sic*) No. 4**: A significant portion of Plaintiff's job duties involved complying with the Code of Business Conduct and with the employee handbook. It is quite obvious, and he admitted in his deposition, that he did not comply with the Code of Business Conduct as required. By failing to comply, he did not perform his duties in a satisfactory manner. Defendants reiterate that it is impossible to "go back and determine what errors and mistakes Plaintiff may have made while employed." Mingo Logan also disclosed Plaintiff's personnel file and information regarding his performance and evaluations. Our denial of the request is legitimate and not an effort "to avoid affirming that Plaintiff performed his duties in a satisfactory manner." In fact, the evidence that even he admits demonstrates the opposite.

**Request for Production (*sic*) No. 5 and Request No. 7**: Request for Admission No. 5 sought an admission that "Defendants were aware that Plaintiff cooperated with FBI investigators during a joint federal and state investigation into an illegal kickback scheme at the Mountain Laurel Complex of Mingo Logan Coal Company." Similarly, Request for Admission No. 7 sought an admission that "following Defendant's discovery of Plaintiff's cooperation with the FBI, his work hours were reduced."

As to Request No. 7, Defendants denied the request because "reducing his hours was completely unrelated to any information Plaintiff supplied to the FBI." This denial stands.

As noted in Defendants' responses, these requests do not define "cooperated" or "cooperation." Despite Defendants advising Plaintiff on June 22, 2017 that these terms needed to be defined, Plaintiff has not done so. Accordingly, sufficient information is not available to permit Defendants to further respond.

Additionally, we know, as admitted by Plaintiff, that he did not "cooperate" with the investigation of Michael Carey because he was not honest when Mr. Carey interviewed him on April 21, 2014. The Plaintiff admitted further that he knew that being dishonest was not "cooperation." None of the Defendants were present when Plaintiff was interviewed by the FBI, so how would we know whether he was open and honest with the FBI?

**Request for Production (*sic*) No. 6**: Request for Admission No. 6 sought an admission that "Defendants were aware that Plaintiff possessed voice recordings, notes, and photographs relevant to the aforementioned investigation, and that Plaintiff intended to disclose the same if requested by subpoena." Defendants reassert their denial because the request is not clear as to when the Defendants supposedly gained knowledge that Plaintiff had information that he did not share with Defendants about the illegal kickback scheme. Defendants still have no knowledge of photographs as Plaintiff still has not disclosed them. Defendants were never told that Plaintiff would disclose information to the FBI if subpoenaed. To the extent the Plaintiff possesses other voice recordings, Defendants remain unaware. Defendants were not aware until after January 5, 2016 that plaintiff possessed notes relevant to the aforementioned investigation. As Plaintiff stated in his deposition, he never shared this information with Mr. Carey or Defendants prior to

7748613.2

Amanda J. Taylor
August 1, 2017
Page 5

that date because he "did not trust" anyone.   Finally, Defendants are to answer Requests as written.  Defendants are not responsible for the imprecise wording of the request.

Although your letter demands a response and supplementation no later than July 28, 2017, as you know I was on vacation through and including that date.  Accordingly, you can expect the supplementation noted herein on or before August 8, 2017.

I look forward to hearing from you if you wish to discuss these matters further.

Very truly yours,

C. David Morrison

CDM/sg

Enclosures

7748613.2

# DOCUMENT PRIVILEGE LOG
## Stratton v. Arch Coal, Inc., et al.
## US District Court for the Southern District of WV
## Civil Action No. 5:16-cv-12204

| Date | Custodian | Description of Document | Privilege Asserted |
|---|---|---|---|
| 04/23/14 – 01/28/16 | Steptoe & Johnson | E-Mail communications exchanged among Michael A. Kafoury, Esq., Assistant General Counsel for Arch Coal, Inc., Robert Jones, Esq., General Counsel for Arch Coal, Inc. and Michael W. Carey, Esq., regarding the interviews of Jason Stratton | Attorney-Client Communication |
| 07/06/17 | Steptoe& Johnson | Detail Fee Transaction File List for Carey, Scott, Douglas & Kessler, PLLC | Attorney-Client Communication<br>Attorney Work Product |
| 10/14/16 | Steptoe & Johnson | E-Mail communication exchanged among Michelle Polson and Jeff Roberts | Attorney-Client Communications |

7725058

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT CHARLESTON

LAWANDA BENTLER, individually and
as next friend and legal guardian of
DESTINY A. BENTLER, a minor child,

        Plaintiff,

v.                            Civil Action No. 2:12-cv-1682

THE ESTATE OF JOHN W. HANER;
and PHILLIP H. HANER, individually,

        Defendants.

## ORDER

Pending before the Court is the Defendants' Motion for Protective Order filed on September 20, 2013 (ECF No. 66), requesting that Defendants be protected from being compelled to answer questions with regard to net worth or assets owned because Plaintiff has not alleged any entitlement to punitive damages. Plaintiff filed a First Amended Complaint[1] on June 25, 2013 (ECF No. 56). Plaintiff's Amended Complaint failed to demonstrate entitlement to punitive damages. (*Id.*)

The Southern District of West Virginia has held that a plaintiff must demonstrate her claim for punitive damages is viable before discovery of a defendant's financial worth. *Chesapeake Appalachia LLC v. Mountain V Oil & Gas, Inc.*, 2012 U.S. Dist. LEXIS 130579 (S.D.W.Va. 2012). Plaintiff alleges that Defendants were negligent and failed to make disclosures required pursuant to the Residential Lead Based Paint Hazard Reduction Act of 1992. However, Plaintiff's Amended Complaint failed to assert

---

[1] The Honorable Judge John T. Copenhaver, Jr. entered an Order on June 25, 2013 (ECF No. 55), granting Plaintiff's Motion to Amend Complaint (ECF No. 45).

1

Defendants' disclosures, conduct or lack of conduct demonstrated a claim for punitive damages.

It is therefore hereby **ORDERED** that Defendants' Motion for Protective Order is **GRANTED.**

The Clerk is directed to transmit a copy of this Order to counsel of record.

**ENTER:** September 25, 2013

Dwane L. Tinsley
United States Magistrate Judge

FILED

2008 MAR 22 AM 10

CATHY S. GATSON
KANAWHA COUNTY CLERK
CIRCUIT COURT

# IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

BILLY L. SKILES, as Executor of the
ESTATE OF BARBARA L. SKILES, deceased,

**Plaintiffs,**

v.

CIVIL ACTION NO.: 07-C-1482
HON. CHARLES E. KING

GENESIS HEALTHCARE CORPORATION, a
Pennsylvania corporation;
HR OF CHARLESTON, INC., a
West Virginia corporation; and
OAKRIDGE CENTER, a licensed business,

**Defendants.**

## ORDER DENYING PLAINTIFF'S MOTION TO COMPEL

On April 2, 2008, the parties, by and through their counsel, appeared before the

Court upon plaintiff's motion to compel certain discovery responses from the defendants.

Plaintiff sought the production of various documents created by defendants with respect to

plaintiff's decedent, Barbara Skiles. Of particular note was the plaintiff's request for incident

reports generated as a result of falls suffered by plaintiff's decedent. In addition, plaintiff

sought various financial documents from defendants.

Defendants filed a written response to plaintiff's motion to compel, citing the

quality assurance and peer review privilege (W. Va. Code § 30-3C-1, *et seq.*), as the basis for

objecting to plaintiff's requests for the incident reports. Further, the defendants took the

position that while the financial condition of the defendants may be discoverable at some point,

it was not relevant until a *prima facie* case of punitive damages had been made by the plaintiff.

CH4894518.1

Upon review of the parties' written submission, having heard oral argument on the same, and after due deliberation being had thereon, the Court DENIES plaintiff's motion to compel.

With respect to the plaintiff's requests for financial information of the defendants, the Court agrees that while the financial condition of the defendants may be discoverable at some point, it is not a relevant consideration unless and until the plaintiff has made a *prima facie* case of punitive damages.

The defendants submitted the alleged privileged material, along with privilege logs to the Court for an *in camera* review, in accordance with W. Va. Code § 30-3C-1. See, Shroades v. Henry, 187 W. Va. 723, 725, 421 S.E.2d 264, 266 (1992); see also, Young v. Saldanha, 189 W. Va. 330, 431 S.E.2d 669 (1993). Plaintiff received a copy of the privilege logs.

The defendants operate a nursing home facility in Kanawha County. The documents produced for the Court's *in camera* review included the facility's incident reports, falls focus guides, incident and accident follow up reports, and accident reviews. The documents submitted to the Court are the very type of documents contemplated by W. Va. Code § 30-3C-1, *et seq*. Specifically, the documents pertain to the facility's review of patient safety; and evaluation of the quality of health care the facility renders, in an ongoing effort to improve the quality of care through the peer review process. This Court has previously discussed the importance of the peer review process. See, Saldanha, at 334-5, 431 S.E.2d at 673-4.

2

CH4894518.1

Therefore, those documents are privileged, and not subject to the plaintiff's discovery requests, in accordance with W. Va. Code § 30-3C-1, *et seq.*, and the case law cited herein.

Accordingly, it is ORDERED that the plaintiff's motion to compel be and is hereby DENIED.

The objections and exceptions of any party aggrieved by this Order are reserved unto them.

ENTERED this 21 day of May, 2008.

HONORABLE CHARLES E. KING
Chief Judge, 13th Judicial Circuit

Prepared by:

Jake H. Goins (WVSB ID No. 6894)
Paul A. Konstanty (WVSB ID No. 9210)
**STEPTOE & JOHNSON PLLC**
Chase Tower, Eighth Floor
707 Virginia Street East
P O Box 1588
Charleston WV 25326-1588
Telephone:     (304) 353-8000
Telecopier:    (304) 353-8180
*Counsel for defendants*

Approved as to form by:

Marvin W. Masters (WVSB ID No. 2359)
Charles M. Love, IV (WVSB ID No. 7477)
**THE MASTERS LAW FIRM lc**
181 Summers Street
Charleston WV 25301
Telephone:     (304) 342-3106
Telecopier:    (304) 342-3189
*Counsel for plaintiff*

329580.00020
m.masters
J. Goins



3

IN THE CIRCUIT COURT OF MARSHALL COUNTY, WEST VIRGINIA

CARL THOMPSON,

    Plaintiff,

v.                                    CIVIL ACTION NO. 04-C-173M
                                         Judge Madden

AMERICAN COMMERCE
INSURANCE COMPANY

    Defendant.

## ORDER GRANTING MOTION FOR PROTECTIVE ORDER

    On September 16, 2005, came the plaintiff, Carl Thompson, by counsel, James Bordas, III, Esquire, and came the defendant, American Commerce Insurance Company ("ACIC"), by its counsel, Melanie Morgan Norris, Esquire, for a hearing on ACIC's previously filed Motion for Protective Order. Whereupon after hearing the oral arguments of both parties, this Court hereby finds that plaintiff's well plead complaint alleging punitive damages is not sufficient to entitle the plaintiff to discovery of ACIC's financial information at this juncture. Accordingly, ACIC's Motion for Protective Order is sustained. Should the parties wish to again address this issue following the completion of discovery, the Court will reconsider plaintiff's request for ACIC's financial information at that time.

    Plaintiff's exceptions and objections are noted and reserved.

ENTERED: ___9/26/05___              _____
                                     Judge Madden

              A Copy Teste:

                        David R. Ealy, Clerk

              By _____ Deputy

WH123880.1

SEEN & AGREED BY:

Melanie Morgan Morris, Esq.

James Bordas, III, Esq.

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

FILED

MARY KATHERINE PAYNE, et al.,
and PATTY DRAKE, et al.,
       Plaintiffs,

2005 JUL 14  PH 3: 13

CATHY S. GATSON, CLERK
KANAWHA CO. CIRCUIT COURT

v.

Civil Action No.: 01-C-2360
The Honorable Irene Berger

SAMUEL TEXIDOR, and
PRIME, INC., a corporation doing
Business in the State of West Virginia,
       Defendants,

## ORDER

Pending before the Court is Plaintiffs' Motion for Partial Summary Judgment on the Issue of Liability and Defendants Texidor and Prime, Inc.'s Motion for Partial Summary Judgment on Plaintiffs' Claim for Punitive Damages. At a hearing held June 27, 2005, the Court heard the arguments of the parties with respect to both motions, and the Court has reviewed the briefing submitted by the parties.

Rule 56 of the West Virginia Rules of Civil Procedure provides, in pertinent part, that:

> judgment . . . shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

W.Va. Civ. P. R. 56(c); Dunn v. Consolidation Coal Co., 180 W.Va. 681, 379 S.E.2d 485 (1989). To resist the motion for summary judgment, the defendant must present some evidence to indicate that there is a genuine issue of a material fact in dispute. Williams v. Precision Coil, Inc., 194 W.Va. 52, 459 S.E.2d 329 (1995). To satisfy this burden of proof, the defendant must offer more than a mere "scintilla of evidence" and must

pl҉ː                                                    to find in defendant's favor.  Painter v.

Peavy, 19‿

Pursuant to ℟                          ⸗Rules of Civil Procedure, and the cases
interpreting this Rule by our Supreme Court of Appeals, this Court finds and concludes
that there are no genuine issues of material fact in dispute and that summary judgment is
appropriate as a matter of law.  Construing all inferences in favor of the defendants, the
Court finds and concludes that there is no evidence to allow the trier of fact to find in
favor of the defendants on the issue of liability.  The Court further finds and concludes
that there is no evidence to allow the trier of fact to find any comparative negligence on
the part of the plaintiffs.  As such, the Court GRANTS the Plaintiffs' Motion for Partial
Summary Judgment on the issues of liability and comparative negligence in favor of the
plaintiffs and against the defendants.  The objections and exceptions of the defendants are
reserved unto them.

The Court held in abeyance the Defendants' Motion for Partial Summary
Judgment on Plaintiffs' Claim for Punitive Damages.  The Court instructed the parties
that the Court will determine at the close of the plaintiffs' case-in-chief whether the
question of punitive damages will reach the jury.

As plaintiffs have discovery outstanding relative to the punitive damages claim
regarding the financial status of defendant Prime, Inc., and as the defendants have
objected to producing the requested financial documents until such time as the plaintiffs
have proved a *prima facie* case of punitive damages, the Court instructs defendant Prime,
Inc. to provide the documents responsive to the plaintiffs' requests to the Court for an *in
camera* review.  If the plaintiffs prove a *prima facie* case for punitive damages at trial, the

2

documents will be provided to the plaintiffs.  If the documents are needed by the plaintiffs prior to that time, a motion may be made with the Court to release the documents to the plaintiffs.

The objections and exceptions of any parties aggrieved by this Order are reserved unto them.

Entered this ___ day of July, 2005.

Honorable Irene C. Berger, Judge

Prepared by:

Lori Simpson Davis (W.Va. Bar No. 6715)
DAVIS LAW OFFICES, PLLC
1118 Kanawha Boulevard, East, Suite 100
Charleston, WV 25301
(304) 346-5200
*Counsel for Plaintiffs*

Reviewed as to form by:

Paul A. Konstanty, Esquire (W.Va. Bar No. 9210)
STEPTOE & JOHNSON, PLLC
Bank One Center
P.O. Box 1588
Charleston, WV 25326-1588
*Counsel for Defendants Samuel Texidor and Prime, Inc.*

3

□ COPY

*Handwritten: Hacota 1/6/05*

*Handwritten (left margin): Order re: Finance info*

IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA

MARY MCLAUGHLIN, individually and
ROBERT MCLAUGHLIN, individually and
on behalf of themselves and all
other persons similarly situated,

        Plaintiffs,

vs.

                                         CIVIL ACTION NO. 01-C-498
                                         Russell M. Clawges, Jr., Judge

ELECTRIC MOBILITY CORPORATION,
a New Jersey Corporation, and
JOHN G. BILLIRIS

        Defendants.

ORDER REGARDING PLAINTIFFS'
MOTION TO COMPEL TAX RETURNS AND
DEFENDANTS' MOTION FOR PROTECTIVE ORDER
REGARDING THE DEPOSITION OF MICHAEL FLOWERS

    These two motions came before the Court on November 12, 2004, upon motion of counsel. Specifically, Plaintiffs filed a motion seeking to compel the production of unspecified financial records of Electric Mobility for the years of 1997, 1998, 1999, 2000, 2001 and 2002. Electric Mobility, in addition to opposing said motion, filed a Motion for a Protective Order regarding the Deposition of Michael Flowers, to be taken on December 1, 2004. Upon review of those filings, and after the consideration of the arguments by counsel, the Court hereby rules as follows:

    1.    Electric Mobility Corporation is ORDERED to gather its federal tax returns for the years at issue and submit them to the Court UNDER SEAL.

MO299573.1

1

2.   These records shall remain UNDER SEAL with the Court until such time as the Court has determined that the Plaintiffs have set forth evidence sufficient to raise an issue of fact with respect to their claim of punitive damages.

3.   The issue of punitive damages, to the extent it may be shown to exist, will be bifurcated from the liability and compensatory damages phase of trial.

4.   In the event that the issue of punitive damages does not reach a jury, these documents shall be returned to Electric Mobility and shall otherwise not be disclosed to Plaintiffs or their counsel.

5.   With respect to the deposition of Michael Flowers, Plaintiffs are prohibited from inquiring into the general financial condition or profits of Electric Mobility, but may inquire as to the profit margin with respect to the various products generally sold by Electric Mobility and also regarding other sales practices of Electric Mobility.

6.   In the event the issue of punitive damages is permitted to be heard by the jury, the deposition of Mr. Flowers will be reconvened, under circumstances to be determined by the Court, to address the sole issue of the general financial status of Electric Mobility.

7.   This Order makes no finding or ruling regarding the viability or validity of Plaintiffs' punitive damage claim.

MQ290392.1

2

It is so ORDERED.

Entered: _January 6, 2005_

_[signature]_

The Honorable Russell M. Clawges, Jr.
Chief Judge

Approved for consideration by the Court:

_[signature]_

William E. Galeota, WV State Bar I.D. #1322
John Callcott, WV State Bar I.D. # 9206
STEPTOE & JOHNSON PLLC
United Center, Suite 400
1085 Van Voorhis Road
P. O. Box 1616
Morgantown, WV  26507-1616
(304) 598-8109
Counsel for Defendants

MO299573.1

3

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

ELESZABETH McNEEL, as
guardian of Ann M. Alderman,
a protected person,

03 DEC -9 PH 3: 52

Plaintiff,  CATHY S. GAISON, CLERK
(KANAWHA COUNTY CIRCUIT COURT

v.                                                    Civil Action No. 02-C-1322

ASPLUNDH TREE EXPERT CO., ASPLUNDH
BRUSH CONTROL CO., ALLEGHENY ENERGY
SERVICE CORPORATION, ALLEGHENY ENERGY,
INC., ALLEGHENY POWER, ALLEGHENY & WESTERN
ENERGY CORP., WEST PENN POWER COMPANY,
WEST VIRGINIA POWER COMPANY, APPALACHIAN
POWER COMPANY, VIRGINIA ELECTRIC AND POWER
COMPANY, MONONGAHELA POWER COMPANY,
UTILICORP ENERGY SOLUTIONS, INC., AQUILA, INC.,
and DONALD W. and MARILYN DEE BROWN,

Defendants.

## ORDER

Pursuant to the October 18, 2002 *Order* of Louis H. Bloom, Circuit Judge of the 13th Judicial Circuit,

the following is submitted in the above-referenced civil action.

On December 8, 2003 a telephone conference was held with counsel and the Discovery Commissioner

concerning Plaintiff's Motion to Compel Discovery Answers of Plaintiff's Fifth Request for Production of the

Asplundh Defendants. Participating in the conference were Paul R. Thompson III, Andrew L. Paternostro,

Michael M. Fisher, Jonathan R. Mani, Phillip E. Tatolan, General Counsel for Asplundh, Courtland C. Putbrese,

and R. Ford Francis.

Inasmuch as all of the Requests for Production seek information with which to support a claim for

punitive damages, Plaintiff's Motion to Compel is denied until such time as a *prima facie* case has been



PLAINTIFF'S
EXHIBIT
2

established entitling the plaintiff's to punitive damages. If such case is established, the Asplundh defendants are to have available the information requested in Request for Production #1, 3, 4, 5, 8, 9, 14, and 17 for the time frame of 1998 to the present inclusive. Should such information be required, it will be produced subject to a Protective Order to be drafted by the parties.

The parties will have five (5) days from the entry of this Order to file written objections with the Court.

The cost for the Commissioner, which is assessed at $150.00 per hour for one hour, will be paid by the plaintiff.

The Clerk is directed to send copies of this Order to all counsel of record.

Entered this _9__ day of December, 2003.

Louis H. Bloom, Judge
13th Judicial Circuit

Recommended By:

Bruce L. Freeman, Special Commissioner
(WV State Bar ID#1291)
FREEMAN & CHIARTAS
Post Office Box 347
Charleston, West Virginia 25322
304/342-4508

STATE OF WEST VIRGINIA
COUNTY OF KANAWHA, SS
I, CATHY S. GATSON, CLERK OF CIRCUIT COURT OF SAID COUNTY AND IN SAID STATE, DO HEREBY CERTIFY THAT THE FOREGOING IS A TRUE COPY FROM THE RECORDS OF SAID COURT
GIVEN UNDER MY HAND AND SEAL OF SAID COURT THIS __10th__
DAY OF __December, 2003__
__Cathy S. Gatson__ CLERK
CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

12-9-03  BF/PXT/ALP/TO F/JW/BR/RFF/CP/SM

-2-

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

JASON K. STRATTON,

      Plaintiff,

v.                                     Civil Action No. 5:16-cv-12204
                                        Honorable Irene C. Berger

ARCH COAL, INC., a foreign corporation,
MINGO LOGAN COAL COMPANY, a
foreign corporation, and ARCH COAL
GROUP, LLC., a foreign corporation,

      Defendants.

## AFFIDAVIT

      C. David Morrison, being first duly sworn, deposes and says:

      1.     That he is one of the attorneys of record for the Defendants in this case;

      2.     That he and others at Steptoe & Johnson PLLC reviewed the 32 bankers boxes of files provided to him by Michael W. Carey, Esquire;

      3.     That he understands that Mr. Carey was hired by Arch Coal, Inc. and Mingo Logan Coal LLC to lead an investigation, and to work with state and federal authorities, regarding alleged illegal conduct by employees and vendors at the Mountain Laurel Mine in 2014-2016;

      4.     That the 32 boxes of files contain highly confidential information, attorney-client privileged material and attorney work product relating to the investigation;

      5.     That representatives of Steptoe & Johnson PLLC spent approximately 118 hours reviewing the boxes to locate information on the Plaintiff;

7749550

6.     That all information contained in those files regarding the Plaintiff has been produced in discovery in this case.

And further the affiant sayeth naught.

_____
**C. David Morrison**

Taken, subscribed and sworn to before me this _1st_ day of _August_, 2017.

My commission expires: _December 9, 2018_.

_____
Notary Public

(NOTARIAL SEAL)

OFFICIAL SEAL
NOTARY PUBLIC
STATE OF WEST VIRGINIA
VIRGINIA L. VINCENT
199 HOMEWOOD AVENUE
FAIRMONT, WV 26554
My commission expires December 9, 2018

7749550

2