# STEPHEN P. NEW

---------------- Attorney at Law ------------------
*114 Main Street*
*P.O. Box 5516*
(304) 250-6017                    *Beckley, West Virginia 25801*        *Facsimile (304) 250-6012*

---

July 25, 2017

**VIA U.S. MAIL AND EMAIL**
C. David Morrison
Shawn A. Morgan
Kaitlin L. H. Robidoux
STEPTOE & JOHNSON PLLC
400 White Oaks Boulevard
Bridgeport, WV 26330

> **RE:**   **Jason Stratton v. Arch, et al.**
> **In the United States District Court for the Southern District of**
> **West Virginia (5:16-cv-12204)**

Counsel:

I am in receipt of Defendant Mingo Logan Coal, LLC's Responses to Plaintiff's First Set of Interrogatories and Requests for Production of Documents dated June 30, 2017. Please allow this letter to serve as a good faith communication, pursuant to Rule 37 of the Federal Rules of Civil Procedure, regarding your responses.

## INTERROGATORIES

**Interrogatory No. 1:** Plaintiff's Interrogatory sought to discover the identity of each individual who participated in or was involved in the decision to terminate Jason Stratton's employment. For each such individual, the request specifically sought: (1) a name, address, and telephone number; (2) the individual's job title; and (3) a description of the individual's job duties. For each individual identified, Defendant failed to provide a description of the individuals' job duties. Please supplement this information.

Moreover, the response indicates that the decision was made after obtaining legal advice. While it is understood that such legal advice itself may be protected from disclosure by the attorney-client privilege, the identity of counsel participating in such decisions is not. Please supplement this information as well.

1

EXHIBIT 2

**Interrogatory No. 3:** Plaintiff's Interrogatory sought to discover, in part, the dates of any alleged misconduct. This information was omitted from the response and should be supplemented.

**Interrogatory No. 4:**  This Interrogatory sought information regarding conversations about or with Jason Stratton regarding his termination.  Specifically, it requested dates and times of conversations; individuals who participated; and nature and substance of conversation. The answer, in part, states that Mr. Carey reported the contents of his January 5, 2016, interview to representatives of ML and ACI.  Nothing regarding this conversation was provided in response to the interrogatory. Please provide the requested information. Further, the answer refers back to Interrogatory No. 1 for the names of people involved in the decision to terminate Plaintiff, but does not provide dates, times, and substance of conversations among the individuals identified. Please also supplement this information.

**Interrogatory No. 6:** This Interrogatory sought to discover other lawsuits against Defendant for wrongful or retaliatory discharge.  Plaintiff has alleged violations of the West Virginia Human Rights Act, as well as retaliatory discharge.  Defendant has made an objection which asserts that the request for information relating to discharges that were not specifically disability discrimination or retaliation are not calculated to give rise to the discovery of admissible evidence. As an initial matter, Plaintiff takes the position that any wrongful discharge under *at least* the West Virginia Human Rights Act is germane in this matter.  Moreover, relevancy is broadly construed at the discovery stage of litigation.  A request for discovery is considered relevant if there is any possibility that the information sought may be relevant to the subject matter of action.  *See Pulsecard v. Discover Card Services, Inc.,* 168 F.R.D. 295 (D. Kan. 1996). The party resisting discovery bears the burden of establishing the lack of relevance by demonstrating that the requested discovery either does not come within the broad scope of relevancy or is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption that each request is relevant.  *See Enron Corp. Savings Plan v. Hewitt Associates, LLC,* 258 F.R.D. 149  (S.E. Tex. 2009).  Please respond to the interrogatory as phrased.

**Interrogatory No. 9:** This Interrogatory sought to discover whether Plaintiff was disciplined or reprimanded during the course of his employment. While this case revolves around Mr. Stratton's termination, the interrogatory was geared to discovery disciplinary actions taken during his employment. If the answer is no absent his termination, please so specify.

**Interrogatory No. 11:** This Interrogatory sought to discover the identity of witnesses Defendant may call at trial.  While it is understood that discovery is ongoing, Rule 33 requires a party to provide such information as is available to it at the time discovery is sought.  Moreover, Rule 26 requires disclosure of individuals who may have discoverable knowledge.  To the extent Defendants have information available to them responsive to this request, there is no basis in the Rules for delaying a response.

**Interrogatory No. 13:**  To the extent this Interrogatory utilizes the same response or otherwise incorporates the response to Interrogatory No. 6, see above.  Further, this interrogatory was more broad that Interrogatory No. 6, in that it sought to discover information regarding proceedings

before state or federal agencies, and not simply lawsuits. Please provide all responsive information in that regard.

**Interrogatory No. 17:** This Interrogatory sought to discover what exhibits Defendant may utilize trial. While it is understood that discovery is ongoing, Rule 33 requires a party to provide such information as is available to it at the time discovery is sought. Moreover, Rule 26 requires disclosure of documents that a party may use to support its claims or defenses. To the extent Defendants have information available to them responsive to this request, there is no basis in the Rules for delaying a response.

**Interrogatory No. 20:**     This interrogatory sought to discover the identity, by name, address, and date of birth, any individual who assumed Plaintiff's duties following his termination. Defendant's response that "others" assumed Plaintiff's duties is nonresponsive.

**Interrogatory No. 23:**     This interrogatory had several subparts. It requested the name of any responsive insurer, the identification number of the policy, the amount of each type of coverage available under the policy, whether notice of this claim has been provided to the insurer; whether a defense of this claim is being provided by the insurer; and whether there has been any coverage dispute.

Defendant's response of "no" does not respond fully and adequately to the subparts of the interrogatory as posed. Please do so.

## REQUESTS FOR PRODUCTION

**Request Nos. 15 and 23:**     The attorney-client privilege and attorney work product doctrine were asserted in response to these requests. This objection, in the absence of a privilege log is an improper objection. Rule 26(b)(5) of the Federal Rules of Civil Procedure requires that "[w]hen a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must: expressly make the claim; and *describe the nature of the documents, communications, or tangible things not produced or disclosed – and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.*" Fed. R. Civ. P., Rule 26 [2010]; *see also Susko v. City of Weirton*, 2011 WL 98557 (N.D.W.Va. January 12, 2011). I would respectfully request that you either withdraw any claim of privilege that is not applicable or that you produce a privilege log with regard to withheld information.

Further, an assertion that a discovery response is unduly burdensome must be demonstrated by the objecting party by submitting affidavits and other evidence revealing the nature of the burden. *Douty v. Rubenstein*, 2015 WL 4163093 (S.D. W.Va. 2015)(*citing McKelvey v. Western Regional Jail, 2015 WL 2144668 (S.D. W.Va. May 7, 2015), Convertino v. United States Department of Justice, 565 F. Supp.2d 10, 14 (D.D.C. 2008)(the court will only consider an unduly burdensome objection when the objecting party demonstrates how discovery is overly broad, unduly burdensome, and oppressive by submitting affidavits or other evidence revealing the nature of the burden.)).*

3

Moreover, relevancy is broadly construed at the discovery stage of litigation.  A request for discovery is considered relevant if there is any possibility that the information sought may be relevant to the subject matter of action. *See Pulsecard v. Discover Card Services, Inc.*, 168 F.R.D. 295 (D. Kan. 1996). The party resisting discovery bears the burden of establishing the lack of relevance by demonstrating that the requested discovery either does not come within the broad scope of relevancy or is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption that each request is relevant. *See Enron Corp. Savings Plan v. Hewitt Associates, LLC*, 258 F.R.D. 149 (S.E. Tex. 2009).

Defendant has not met its burden of substantiating its objections and, in light of that fact, has failed to provide any substantive response to this Interrogatory. Please do so immediately.

**Request Nos. 16 and 18:**     Defendant's objection to these requests is counterintuitive. Defendant states that the information is not relevant until Plaintiff establishes a *prima facie* case. However, at the time such a determination is made, the period for discovery has closed.  The information is discoverable.  Whether it is admissible will be a question of whether Plaintiff can establish a right to recover punitive damages.  Defendants have indicated they will not produce this information in the absence of a Court Order.  Please advise if good faith efforts in resolving this conflict are futile.

**Request No. 19:**     Defendant's relevancy objection does not meet the burden for substantiating such an objection.  As with Requests No. 16 and 18, Defendant advises that it will not respond to this Request without a Court Order, please advise if good faith efforts to resolve disputes regarding this request are futile. Finally, Defendant did not produce any information regarding Plaintiffs' compensation packages despite having stated that information regarding other employees was sensitive and protected.

**REQUESTS FOR ADMISSION**

**Request for Production No. 4:**     This request sought an admission regarding Plaintiff's performance of his job duties. Defendant's response incorporates its response to Request No. 2, dealing with the circumstances of Plaintiff's termination from his employment. Whether Plaintiff violated the Code of Business Conduct, as alleged by Defendant, has no bearing on whether Plaintiff performed the job duties assigned to his position(s) with Defendants. Please respond to the Request as posed, by stating whether Mr. Stratton performed the duties assigned to his position(s) during the course of his employment in a satisfactory manner. Moreover, the statement that it is impossible to "go back and determine what errors or mistakes Plaintiff may have made while employed" is nonresponsive. Defendant, as Plaintiff's employer is in the best position to know whether Plaintiff performed his job duties in a satisfactory manner. Defendant's response is nothing more than an attempt to avoid affirming that Plaintiff did, in fact, based upon the knowledge available to it, perform his job duties in a satisfactory manner.  Please respond to the request as posed.

**Request for Production No. 5:**     Rule 36 of the Federal Rules of Civil Procedure permits a party to give lack of information as a response only where the party indicates that it has made an inquiry sufficient to attempt a response and that, following such inquiry, no sufficient information

4

was available. Defendant states that it cannot admit or deny this request due to the use of the word "cooperated," but gives no basis or rationale as to why the word renders the request unanswerable. The response as posed is evasive, nonresponsive, and fails to comply with Rule 36.

**Request for Production No. 6:**    This request sought an admission or denial that Defendants were aware that Plaintiff possessed voice recordings, notes, and photographs that he intended to disclose if requested by subpoena. Defendant denied the request, stating that it was not clear as to when Defendants gained such knowledge. The fact that Plaintiff did not ask the question Defendants wanted to answer does not render a request improper. The question asks if Defendants were aware, at any time, that Plaintiff possessed such information and that he intended to disclose it. It would appear from the statement that Defendants had no knowledge of photographs, that they did have knowledge of other information. Further, while Defendants allege they were never told Plaintiff would disclose information to the FBI if subpoenaed, it does not indicate whether they were otherwise aware. Please respond fully and adequately to the request as posed.

**Request No. 7:**    To the extent this response incorporates the response to Request No. 5, see above.

Given the deadline for filing a motion to compel set forth in the Federal Rules of Civil Procedure and the Local Rules of Civil Procedure for the United States District Court for the Southern District of West Virginia, I look forward to your response and supplementation no later than July 28, 2017. Please feel free to contact me if you wish to discuss these matters further.

Regards,

*Amanda J. Taylor*

Amanda J. Taylor, Esq.

5