

**STEPTOE &
JOHNSON**
PLLC
ATTORNEYS AT LAW

400 White Oaks Boulevard
Bridgeport, WV 26330
(304) 933-8000   (304) 933-8183 Fax
www.steptoe-johnson.com

Writer's Contact Information
DIRECT DIAL
Phone: (304) 933-8119
E-mail:
shawn.morgan@steptoe-johnson.com

June 30, 2017

Stephen P. New, Esquire
The Law Office of Stephen P. New
114 Main Street
P.O. Box 5516
Beckley, WV 25801

       Re:    Jason K. Stratton v. Arch Coal, Inc.
              Civil Action No. 5:16-CV-12204

Dear Steve:

       Enclosed please find a copy of the "Defendant Mingo Logan Coal LLC's Responses to Plaintiff's First Set of Interrogatories" and "Defendant Mingo Logan Coal LLC's Responses to Plaintiff's Requests for Production of Documents" in the above-referenced matter.

       Should you have any questions regarding the foregoing, please do not hesitate to contact me.

       Very truly yours,

       Shawn A. Morgan

SAM/sg
enclosures

7726048.1

West Virginia • Ohio • Kentucky • Pennsylvania • Texas • Col

**EXHIBIT 1**

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
### BECKLEY DIVISION

JASON K. STRATTON,

      Plaintiff,

v.

                                        Civil Action No. 5:16CV12204
                                        Judge Irene C. Berger

ARCH COAL, INC., a foreign corporation,
MINGO LOGAN COAL COMPANY, a
foreign corporation, and ARCH COAL
GROUP, LLC, a foreign corporation,

                                        Removed From Circuit Court of
                                        Raleigh County, No. 16-C-724

      Defendants.

## DEFENDANT MINGO LOGAN COAL LLC'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

In accordance with Rule 33 of the Federal Rules of Civil Procedure, Defendant, Mingo Logan Coal LLC ("ML") hereby responds to Plaintiff's interrogatories as follows:

1.    For each individual who participated or was otherwise involved in the decision to terminate the employment of Jason K. Stratton provide:

    (a)   The individual's name, address and telephone number;

    (b)   The individual's job title; and

    (c)   Provide a description of the individual's job duties.

**ANSWER:**      Mr. Kenneth Cochran
                    Senior Vice President of Operations
                    Arch Coal, Inc.
                    c/o C. David Morrison, Esq.
                    Steptoe & Johnson, PLLC
                    400 White Oaks Blvd.
                    Bridgeport, WV  26330
                    (304) 933-8000

7716855.4

Mr. Chris Sykes
Group President - Eastern Operations
Arch Coal, Inc.
c/o C. David Morrison, Esq.
Steptoe & Johnson, PLLC
400 White Oaks Blvd.
Bridgeport, WV 26330
(304) 933-8000

Mr. Jeff Roberts
Former General Manager
Mingo Logan Coal Co.
2800 Davids Ridge
St. Albans, WV 25177
(304) 721-9653

Ms. Pamela Tucker
Human Resources Manager
Mingo Logan Coal Co.
c/o C. David Morrison, Esq.
Steptoe & Johnson, PLLC
400 White Oaks Blvd.
Bridgeport, WV 26330
(304) 933-8000

The above made the decision after obtaining legal advice, which of course is protected against disclosure by the attorney-client privilege.

2.   Why was Jason K. Stratton's employment terminated?

**ANSWER:**    The primary reason for Plaintiff's employment termination was his failure to be honest and forthcoming during an internal investigation of wrongdoing at the Mountain Laurel mine in violation of the Code of Business Conduct and company policies, and despite being told on April 21, 2014, that he had an obligation to cooperate in Michael W. Carey's investigatory interview of him. Mr. Stratton also could have been discharged based on his admission that he borrowed $3,000.00 from a vendor in violation of the Code of Business Conduct.

2

3.   Do you contend that Jason K. Stratton committed any act during the course of his employment which constituted misconduct or inappropriate behavior?  If so, please provide the date and nature of the misconduct or inappropriate behavior.

**ANSWER:**      Yes.  In addition to the acts described in the answer to interrogatory No. 2, Mr. Stratton apparently had knowledge of one or more kickback schemes between employees and vendors of the Mountain Laurel Mining complex, yet failed to report those schemes in violation of the Code of Business Conduct and company policies.

4.   For each conversation that your managers, directors, and/or supervisors had with or about Jason K. Stratton regarding the termination of his employment, provide:

(a)  The date and time of said conversation;

(b)  Every individual who was present during the conversation;

(c)  The nature and substance of the conversation; and

(d)  The name, address and telephone number of the individuals who participated or overheard the conversation.

**ANSWER:**      The issue of discharging Mr. Stratton never arose until on or shortly after January 5, 2016.  It was on January 5, 2016 that Mr. Stratton called Mr. Carey's office and spoke with Nancy E. Smith, who works with Mr. Carey, and asked for a meeting with Mr. Carey.  A meeting was scheduled for later that day, at which time Mr. Stratton provided information regarding alleged conduct at the mine that was inconsistent with the information he provided on April 21, 2014 in the interview with Mr. Carey.

Mr. Carey reported the contents of his January 5, 2016 interview to representatives of ML and Arch Coal, Inc. ("ACI").  Based upon the apparent inconsistencies, Mr. Stratton was asked to come to another interview on January 12, 2106, during which Mr. Carey, Ken Cochran

3

7716855.4

Chris Sykes participated. During that interview, it became crystal clear that Mr. Stratton had not been completely honest and forthcoming in his interview on April 21, 2014, despite being told during the April interview that he could be discharged if he was not. Also, he admitted during this interview that he had "borrowed" $3,000.00 from a vendor. Mr. Carey's summaries of two interviews, and Ms. Smith's summary of the phone call and interview, are being produced in response to the Plaintiff's document requests, and are marked Mingo-Logan 00484-00486 and 00491-00505. See the answer to Interrogatory No. 1 for the names of the people involved in the decision to discharge Plaintiff.

5.   Identify each person who has knowledge of the facts and circumstances alleged in the Complaint and, for each, please state:

(a)  The substance of the facts known by each said witness: and

(b)  Whether you have taken a written statement from each said person.

**ANSWER:**     **Objection:**  This interrogatory seeks information protected against disclosure by the attorney work product privilege to the extent it seeks the "substance of the facts known" by each person identified. Additionally, the Defendants cannot possibly provide "all facts known" by each witness. Only the witnesses can provide that information. Subject to and without waiving these objections, however, ML provides the following information.

Michael W. Carey, Esq.
Carey, Scott & Douglas
707 Virginia St. E., Suite 901
Charleston, WV 25301
(304) 345-1234

Mr. Carey conducted the internal investigation of allegations of wrongdoing at the Mountain Laurel Mine, including interviewing the Plaintiff on April 21, 2014, January 5, 2016, and January 12, 2016. Mr. Carey also had interaction with and cooperated with the FBI as well

4

.ate investigators relating to the investigations that they, at the request of Mr. Carey on behalf of ACI and ML, were conducting.  Mr. Carey reported his findings to representatives of ACI and ML.  He provided written summaries of his interviews to representatives of ACI and ML (which summaries are described in response to Interrogatory No. 4), but did not provide a "written statement" to the undersigned attorney.

> Mr. Kenneth Cochran
> Senior Vice President of Operations
> Arch Coal, Inc.
> c/o C. David Morrison, Esq.
> Steptoe & Johnson, PLLC
> 400 White Oaks Blvd.
> Bridgeport, WV 26330
> (304) 933-8000

Mr. Cochran participated with Mr. Carey in the investigation of wrongdoing at the Mountain Laurel Mine.  He was also involved in making the decision to discharge the Plaintiff.  Further, Mr. Cochran is familiar with the corporate relationship between the three defendants.  He has not provided a written statement.

> Mr. Steve Herndon
> Former Warehouse Manager
> Mingo Logan Coal Co.
> Address unknown
> Telephone number unknown

Mr. Herndon may have knowledge of his own wrongdoing at the mine; of the fact that the Plaintiff was aware of his wrongdoing, but did not report it; of his civil case against Scotty Ellis; and of Plaintiff's involvement in Herndon's civil case.

7716855.4

Mr. Scotty Ellis
Owner, TriState Mining Services
Address unknown
Telephone number unknown

Mr. Ellis may have knowledge of his own wrongdoing at the mine; of the fact that the Plaintiff was aware of his wrongdoing, but did not report it; of his civil case against Steve Herndon; and of Plaintiff's involvement in his civil case against Steve Herndon.

Mr. Allen Kelley
Vice President of Human Resources
Arch Coal, Inc.
c/o C. David Morrison, Esq.
Steptoe & Johnson, PLLC
400 White Oaks Blvd.
Bridgeport, WV 26330
(304) 933-8000

Mr. Kelley has knowledge of the investigations of wrongdoing at the Mountain Laurel Mine. He was present when Mr. Carey interviewed the Plaintiff on April 21, 2014. He has not provided a written statement.

Mr. Roy "Bruce" Linville
Maintenance Engineer
Mingo Logan Coal Co.
9 Oakwood Drive
Madison, WV 25130
(304) 933-8000

Mr. Linville has knowledge about issues relating to overtime between 2014 and 2016. Mr. Linville may have information relating to work allegedly done at Carlos Porter's house. Mr. Linville has not provided a written statement.

6

7716855.4

Ms. Melissa Lowe
7407 Hancock Street
Riverview, FL 33579
(304) 619-3025

Ms. Lowe worked in the office with Francie Stratton. Ms. Lowe may testify that she knows of no effort to interfere with the marriage of Mr. and Mrs. Stratton. Additionally, Ms. Lowe has knowledge of discussions she had with Mrs. Stratton and how Mrs. Stratton has been treated at the mine office. Ms. Lowe has not provided a written statement.

Mr. Shilo K. Lundvall
Business Manager
Mingo Logan Coal Co.
c/o C. David Morrison, Esq.
Steptoe & Johnson, PLLC
400 White Oaks Blvd.
Bridgeport, WV 26330
(304) 933-8000

Mr. Lundvall works in the office near Francie Stratton. He may possess information about how Mrs. Stratton has been treated since her husband's discharge from employment. He has not provided a written statement.

Mr. Jeff Miller
Safety Professional
Mingo Logan Coal Co.
PO Box 66
Holden, WV 25625
(304) 933-8000

Mr. Miller has knowledge about the Plaintiff recording employees. Mr. Miller also has knowledge about issues relating to overtime between 2014 and 2016. Mr. Miller was interviewed by Mr. Carey and Mr. Kelley, and may have knowledge about information he was provided by the Plaintiff relating to bid rigging at the mine, and about other subjects that they discussed. He has not provided a written statement.

7

Mr. John Morgan
Assistant Shift Foreman
Mingo Logan Coal Co.
c/o C. David Morrison, Esq.
Steptoe & Johnson, PLLC
400 White Oaks Blvd.
Bridgeport, WV 26330
(304) 933-8000

Mr. Morgan has knowledge about issues relating to overtime between 2014 and 2016. He also has information concerning the keeping of time cards. He has not provided a written statement.

Ms. Terri Harwood
Human Resources Supervisor
Mingo Logan Coal, LLC
PO Box 408
Holden, WV 25625
(304) 933-8000

Ms. Harwood has knowledge about the Plaintiff recording employees. She also has information about issues relating to overtime between 2014 and 2016. She has information regarding the Plaintiff borrowing money from a vendor. Ms. Harwood has had social media exchanges with Mr. Stratton. She also is a friend of, and works in the office with, Francie Stratton and she would have information about how Mrs. Stratton has been treated since Mr. Stratton's discharge from employment. She has not provided a written statement.

8

7716855.4

Mr. Ronnie Mullens
Superintendent Maintenance
Mingo Logan Coal Co.
c/o C. David Morrison, Esq.
Steptoe & Johnson, PLLC
400 White Oaks Blvd.
Bridgeport, WV 26330
(304) 933-8000

Mr. Mullens has knowledge about issues relating to overtime between 2014 and 2016. He also has information concerning the keeping of time cards. Mr. Mullens may have information about discussions with the Plaintiff concerning working overtime, and concerning the fact that Plaintiff was not replaced. He has not provided a written statement.

Mr. James "Diddy" Podunavac
Warehouse Supervisor
Mingo Logan Coal, LLC
c/o C. David Morrison, Esq.
Steptoe & Johnson, PLLC
400 White Oaks Blvd.
Bridgeport, WV 26330
(304) 933-8000

Mr. Podunavac has knowledge about issues relating to overtime between 2014 and 2016. Mr. Podunavac may have knowledge about discussions with the Plaintiff and about pumps being sent out for repair. He has not provided a written statement.

Mr. Carlos Porter
Former General Mine Manager
Mingo Logan Coal Co.
169 Mountain Meadows
Chapmanville, WV 25508
(304) 687-8570

Mr. Porter may have knowledge about discussions with the Plaintiff; job assignment changes involving the Plaintiff; Mr. Porter's interview by Mr. Carey; Mr. Stratton secretly recording conversations; the Plaintiff's salary reduction had he not been discharged; and the

9

7716855.4

gations of retaliation against Plaintiff while he was still at the mine. Mr. Porter has not provided a written statement.

> Mr. Alvin R. "Chip" Porter, Jr.
> Mine Clerk
> Mingo Logan Coal, LLC
> P. O. Box 677
> Holden, WV 25625
> (304) 239-3377

Mr. Porter may possess knowledge relating to his discussions with the Plaintiff and relating to job assignments, and about overtime being reduced at the mine. He has not provided a written statement.

> Mr. Jeff Roberts
> Former General Manager
> Mountain Laurel Mine
> 2800 Davids Ridge
> St. Albans, WV 25177
> (304) 721-9653

Mr. Roberts may possess information on discussions with Mrs. Stratton regarding the Plaintiff's discharge; how Mrs. Stratton was treated in the office after Mr. Stratton's discharge; the allegations about pumps being sent out for repair; Plaintiff's discharge; Plaintiff's claims of retaliation at work; discussions with Plaintiff; Plaintiff's salary reduction had he not been fired; and the fact that Plaintiff was not replaced. Mr. Roberts has not provided a written statement.

> Mr. Gary Roehrer
> C&M Supply Co.
> Address unknown
> Telephone number unknown

Mr. Roehrer should have information about giving the Plaintiff $3,000.00.

7716855.4

Mr. Charles Russell
Former Director Process Development - East
2000 Kanawha Ave., E.
Charleston, WV 25304

Mr. Russell may have information relating to discussions with Mr. Stratton about wrongdoing at the Mountain Laurel Mine. He has not provided a written statement.

Ms. Nancy E. Smith
Paralegal
Carey, Scott & Douglas, PLLC
707 Virginia St. E., Suite 901
Charleston, WV 25301
(304) 345-1234

Ms. Smith has information about a telephone call she had with Jason Stratton on January 5, 2016; and about a meeting she held with Mr. Stratton and Mr. Carey on the same date. She has not provided a written statement.

Mr. Chris Sykes
Group President – Eastern Operations
Arch Coal, Inc.
c/o C. David Morrison, Esq.
Steptoe & Johnson, PLLC
400 White Oaks Blvd.
Bridgeport, WV 26330
(304) 933-8000

Mr. Sykes is familiar with the underlying investigation conducted by Mr. Carey and others, and he possesses knowledge of the reasons for Jason Stratton's discharge from employment. He may also testify about the Plaintiff's selection for a salary reduction had the Plaintiff not been fired. Mr. Sykes had a discussion with Mrs. Stratton regarding her husband's discharge. He has not provided a written statement.

11

7716855.4

> Mr. Jeremy Thompson
> Safety Professional
> Mingo Logan Coal, LLC
> PO Box 499
> Holden, WV 25625
> (304) 933-8000

Mr. Thompson has knowledge about issues relating to overtime between 2014 and 2016. Mr. Thompson has knowledge that the Plaintiff was secretly recording conversations with others. Mr. Thompson may have knowledge that the Plaintiff was aware of wrongdoing at the mine, but did not report it. He has not provided a written statement.

> Ms. Pamela Tucker
> Human Resources Manager
> Mingo Logan Coal, LLC
> c/o C. David Morrison, Esq.
> Steptoe & Johnson, PLLC
> 400 White Oaks Blvd.
> Bridgeport, WV 26330
> (304) 933-8000.

Ms. Tucker has knowledge about Plaintiff's claims of retaliation while at work; discussions with Plaintiff about various issues including overtime and job assignment changes; the fact that the Plaintiff would have been subject to a salary reduction had he not been discharged; Plaintiff's discharge; discussion with Mrs. Stratton regarding the Plaintiff's discharge; investigations conducted relating to wrongdoing at the Mountain Laurel Mine; how Mrs. Stratton has been treated at the mine; and the fact that she has no information that anyone attempted to interfere in the marriage of Mr. and Mrs. Stratton. She has not provided a written statement.

7716855.4

Ms. Sherri Payette
FBI Investigator (now retired)
Federal Bureau-Investigation
113 Virginia St. E.
Charleston, WV 25301
(304) 346-2300

Ms. Payette has knowledge of her agreement with Mr. Carey to cooperate in the parallel investigation that Mr. Carey was conducting; of her meetings with Mr. Carey; of her meetings with Mr. Stratton; of the investigation at the mine in which she was involved; and of the criminal charges that were filed. She has not provided a written statement.

6.    For each lawsuit in which you have been involved since January 2010 regarding wrongful or retaliatory discharge, provide:

(a)   The name and address of each party involved in the lawsuit;

(b)   The jurisdiction in which the lawsuit was or is pending;

(c)   The date the lawsuit was filed and the case number or civil action number of the lawsuit;

(d)   The allegations made by the Plaintiff in the lawsuit;

(e)   The names and addresses of the attorneys involved in the lawsuit; and

(f)   The disposition of the lawsuit.

**ANSWER:**        **Objection.**   The current case alleges retaliatory discharge and disability discrimination.   Therefore, the request for information relating to other types of wrongful discharge cases calls for irrelevant information and information that is not reasonably calculated to give rise to the discovery of admissible evidence.   Subject to and without waiving these objections, however, ML states that it was named in the pending case of *Spry v. Arch Coal, Inc., et al.*, Civil Action No. 15-C-346-W; Circuit Court of Logan County, West Virginia.

13

7.   While employed by Defendants, did Plaintiff lodge any formal or informal complaints or grievances against Defendants regarding safety and health concerns for miners at the subject mine; potential safety hazards associated with the subject mine; potential violations of federal and/or state mining regulations; and/or complaints related to the calculation of lost time, accidents, accident reports, or calculation of non-fatal days lost. For each said complaint or grievance, state:

(a)   The nature of said complaint or grievance;

(b)   The name and address of the individual or entity Plaintiff made his complaint or grievance, and

(c)   The disposition or action taken on said complaint or grievance.

**ANSWER:**       **Objection.**  This interrogatory seeks information that is neither relevant nor reasonably calculated to give rise to the discovery of admissible evidence.  There is no allegation in the complaint that Plaintiff's discharge from employment had had anything whatsoever to do with any formal or informal complaints Plaintiff may have made relating to safety, potential violations of federal and/or state mining regulations, lost time accidents, audit reports or calculation of non-fatal days lost.  Additionally, the interrogatory is vague, ambiguous, overly broad and unduly burdensome.  There is no definition of "informal complaint"; and the scope of the interrogatory is not limited to a reasonable time period.

14

7716855.4

8.   Provide the name, address, telephone number, and job title of each of Plaintiff's supervisors during his employment with Defendants.

**ANSWER:**

| | |
|---|---|
| Ronnie Mullens, Superintendent Maintenance | October 3, 2013 – January 2016 |
| Mark Kimler, Manager of Maintenance | February 28, 2008 – October 2, 2013 |
| Gary Griffith, Superintendent Maintenance | Supervised Plaintiff until February 27, 2008 |

9.   During the course of his employment, was Plaintiff disciplined or reprimanded in any manner? If yes, provide:

(a)   The reason he was disciplined or reprimanded;

(b)   By whom he was disciplined or reprimanded;

(c)   The date of the discipline or reprimand; and

(d)   The nature of the discipline or reprimand.

**ANSWER:**  Yes, as described more fully in response to the interrogatories numbered 1 and 2, Plaintiff was discharged on January 29, 2016.

10.  State the name, address and telephone number, and title of each person who participated in answering these Interrogatories.

**ANSWER:**      C. David Morrison, Esq.
Steptoe & Johnson, PLLC
400 White Oaks Blvd.
Bridgeport, WV  26330
(304) 933-8000

15

7716855.4

Michael A. Kafoury, Esq.
Assistant General Counsel
Arch Coal, Inc.
c/o C. David Morrison, Esq.
Steptoe & Johnson, PLLC
400 White Oaks Blvd.
Bridgeport, WV  26330
(304) 933-8000

Ms. Pamela Tucker
Human Resources Manager
Mingo Logan Coal Co.
c/o C. David Morrison, Esq.
Steptoe & Johnson, PLLC
400 White Oaks Blvd.
Bridgeport, WV  26330

11.  Identify each person you intend to call as a witness at the trial of this case and, for each, please state the substance of the facts and opinions to which each said witness is expected to testify.

**ANSWER:**   **Objection.** First, this interrogatory calls for attorney work product information by asking for the substance of what the undersigned attorney expects in the way of testimony from each witness.  Second, ML cannot possibly know what each person will say when the person is on the witness stand.  Subject to and without waiving the objection, ML states that this interrogatory is premature and the names of witnesses will be provided in accordance with the Court's Scheduling Order.

12.  Identify each person whom you expect to call as an expert witness at the trial of this action and, for each, please provide:

(a)  A complete statement of all opinions the witness will express and the basis and reasons for them;

(b)  The facts or data considered by the witness in forming them;

(c)  Any exhibits that will be used to summarize or support them;

16

7716855.4

(d)  The witness's qualifications, including a list of all publications in the previous 10 years;

(e)  A list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

(f)  A statement of the compensation to be paid for the study and testimony in the case.

**ANSWER:**      No decision has been made on whether any expert witnesses will be called to testify in this case.

13.  For each proceeding in which you have been involved before a state or federal agency since January 2005 involving wrongful discharge, employee discrimination and/or other employment related issue, provide:

(a)  The name and address of the state or federal agency in which said proceeding was or is pending;

(b)  The date said proceeding or process was instituted and the case number;

(c)  The nature of said proceeding;

(d)  The names and addresses of the parties and attorneys involved; and

(e)  The disposition of said proceeding.

**ANSWER:**      **Objection.**  The current case alleges retaliatory discharge and disability discrimination.  Therefore, the request for information relating to other types of wrongful discharge cases calls for irrelevant information and information that is not reasonably calculated to give rise to the discovery of admissible evidence.  Subject to and without waiving this objection, see the response to interrogatory No. 6.

17

14.  Did Defendants terminate Plaintiff's employment on or about January 29, 2016?

**ANSWER:**      Only ML terminated Plaintiff's employment.  Plaintiff was never employed by ACI or Arch Coal Group, LLC.

15.  If you denied in whole or in part any of the requests for admissions below, state the full basis of your denial.

**ANSWER:**      Please see the explanations that accompany the responses to the requests for admission of facts.

16.  Identify each and every individual known to Defendant and/or its agents, including counsel, who has or is likely to have discoverable information concerning the subject matter of the Complaint, the allegations raised therein, or any of your anticipated or asserted defenses and, for each person, state the phone number and address of the individual, his or her position with Defendant, if such individual is employed with Defendant, and the allegation and/or defense with regard to which the person has knowledge.

**ANSWER:**      See the responses to the interrogatories numbered 1, 4 and 5.

17.  Identify each exhibit that you may use at the trial of this case including the date of the exhibit, the person(s) who created the exhibit, and the substance of the exhibit.

**ANSWER:**      No decisions have yet been made on what exhibits will be used at trial. The potential exhibits will be identified in accordance with the Court's Scheduling Order.

18.  Identify each employee of Defendant who has managing authority sufficient to give him or her right to speak for and bind Defendant.

**ANSWER:**      **Objection.**  This interrogatory is overly broad and unduly burdensome.  The interrogatory also seeks information that is neither relevant nor reasonably

18

7716855.4

calculated to give rise to the discovery of admissible evidence because the interrogatory does not limit in any way the subjects in which a person may bind ML.

19. Identify each and every individual involved in any disciplinary matters involving the Plaintiff and for each state:

        a.     His or her name, position, and current address;

        b.     Whether he or she is still employed by Defendant and, if not, his or her last known address;

        c.     The role he or she played in the disciplinary matters involving Plaintiff.

**ANSWER:**       See the response to interrogatory number 1.

20. Please state the name, address, and date of birth of the individual who assumed the duties of Plaintiff after Plaintiff's employment with Defendant ceased.

**ANSWER:**       **Objection.** Because this is not a case in which age discrimination has been alleged, the request for information on the date of birth is irrelevant and not reasonably calculated to give rise to the discovery of admissible evidence. Subject to and without waiving this objection, Plaintiff was not replaced, and his duties were assumed by others.

21. Please state the wages and/or salary Plaintiff was receiving from Defendant at the time his employment with Defendant ceased.

**ANSWER:**       His base salary was $51,000.00 per year; however, had Plaintiff not been discharged, he would have received an 8% salary reduction, resulting in a base salary of $46,920.00 per year. See salary reduction letter attached to ML's responses to Plaintiff's First Set of Request for Production of Documents as ML 01080.

19

22. Please state all benefits available to Plaintiff at the time his employment with Defendant ceased and the value of each benefit.

**ANSWER:**

| Benefit | 2016 Monthly Employee Cost | 2016 Monthly Employer Cost | 2016 Monthly Tobacco Credit | 2016 Monthly Wellness Credit |
|---|---|---|---|---|
| Medical PPO | $483.17 | $1,616.45 | -$100.00 | -$100.00 |
| Dental | $0.00 | $89.10 | | |
| Vision | $4.33 | $11.58 | | |
| Optional Life Employee $153,000 | $19.13 | | | |
| Optional AD&D $100,000 | $3.51 | | | |
| Basic Life Employee $102,000 | | $11.73 | | |
| Basic Life Child $2,000 | | $1.08 | | |
| Basic AD&D $102,000 | | $5.19 | | |

01-01-2016 Cash Balance (pension - 100% Employer provided)     $66,557.02

401(k) Pre-tax Employee Contributions     $13,915.20
401 (k) Employer Match     $5,298.74

01-29-2016 401(k) Bal     $19,213.94

23. Please identify each and every insurance agreement under which an insurer may be liable to satisfy all or part of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment. For each policy, please state the following:

a.     The name of the insurer;

b.     The identification number of the policy;

c.     The amount of each type of coverage available under each policy;

d.     Whether notice of this claim has been provided to the insurer;

e.     Whether a defense of this claim is being provided by the insurer; and

20

7716855.4

    f.      Whether there has been any coverage dispute, declination or coverage, or reservation of rights regarding such policy.

    **ANSWER:**    No.  See the insurance agreement attached to ML's responses to Plaintiff's First Set of Request for Production of Documents ML 00001 - 00045.

Dated this 30th day of June, 2017.

C. David Morrison  (WV Bar #2643)
Shawn A. Morgan (WV Bar #6640)

STEPTOE & JOHNSON PLLC
OF COUNSEL

400 White Oaks Boulevard
Bridgeport, WV  26330
(304) 933-8000
*Counsel for Defendant*
*Mingo Logan Coal LLC*

21

7716855.4

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

JASON K. STRATTON,

      Plaintiff,

v.
                                    Civil Action No. 5:16CV12204
                                    Judge Irene C. Berger

ARCH COAL, INC., a foreign corporation,
MINGO LOGAN COAL COMPANY, a
foreign corporation, and ARCH COAL
GROUP, LLC, a foreign corporation,
                                    Removed From Circuit Court of
                                    Raleigh County, No. 16-C-724

      Defendants.

## CERTIFICATE OF SERVICE

      I hereby certify that on the 30th day of June, 2017, I electronically filed the **"Certificate of Service"** for **"Defendant Mingo Logan Coal LLC's Responses to Plaintiff's First Set of Interrogatories"** with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record. I further certify that I also served a true copy of **"Defendant Mingo Logan Coal LLC's Responses to Plaintiff's First Set of Interrogatories"** on this date by United States mail, postage prepaid, to the following counsel of record:

                         Stephen P. New
                         114 Main Street
                         P.O. Box 5516
                         Beckley, WV 25801
                         *Counsel for Plaintiff*

                         /s/ C. David Morrison
                         C. David Morrison (WV Bar #2643)
                         Shawn A. Morgan (WV Bar #6640)

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**BECKLEY DIVISION**

**JASON K. STRATTON,**

     **Plaintiff,**

v.                                                                    **Civil Action No. 5:16CV12204**
                                                                       **Judge Irene C. Berger**

**ARCH COAL, INC., a foreign corporation,**
**MINGO LOGAN COAL COMPANY, a**
**foreign corporation, and ARCH COAL**                    **Removed From Circuit Court of**
**GROUP, LLC, a foreign corporation,**                    **Raleigh County, No. 16-C-724**

     **Defendants.**

## VERIFICATION TO INTERROGATORY ANSWERS

STATE OF WEST VIRGINIA,

COUNTY OF _Logan_ , TO-WIT:

       Pamela Tucker, being first duly sworn, deposes and says that she is the Manager

of Human Resources at the Mingo Logan Coal LLC; that she has read "Defendant Mingo Logan

Coal LLC's Responses to Plaintiff's First Set of Interrogatories" and knows the contents thereof;

that she is authorized to execute this verification to the interrogatories on behalf of Mingo Logan

Coal LLC; that the answers to the interrogatories contained therein were prepared with the

assistance and advice of counsel and the assistance of others upon which she has relied; that the

answers to the interrogatories set forth therein, subject to inadvertent or undiscovered errors, are

based on and therefore necessarily limited by the records and information still in existence,

presently recollected and thus far discovered in the course of preparation of the answers to the

interrogatories; that, consequently, Mingo Logan Coal LLC reserves the right to make any

changes in the answers to the interrogatories if it appears at any time that omissions or errors have been made therein or that more accurate information is available; and that subject to the limitations set forth herein, the said answers to the interrogatories are true to the best of her knowledge, information and belief.

By: Pamela Tucker
Its: Manager of Human Resources

Taken, subscribed and sworn to before me this 30ᵗʰ day of June, 2017.

My commission expires: 9-13-2022.

Notary Public

[NOTARY SEAL]



7716855.2
7716855.4

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

**JASON K. STRATTON,**

     **Plaintiff,**

**v.**                                   **Civil Action No. 5:16CV12204**
                                           **Judge Irene C. Berger**

**ARCH COAL, INC., a foreign corporation,**
**MINGO LOGAN COAL COMPANY, a**
**foreign corporation, and ARCH COAL**     **Removed From Circuit Court of**
**GROUP, LLC, a foreign corporation,**     **Raleigh County, No. 16-C-724**

     **Defendants.**

## DEFENDANT MINGO LOGAN COAL LLC'S FIRST SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

        In accordance with Rule 33 of the Federal Rules of Civil Procedure, Defendant, Mingo Logan Coal LLC ("ML"), subject to providing supplemental information as discovery continues, hereby supplements its response to Plaintiff's interrogatories as follows:

        1.    For each individual who participated or was otherwise involved in the decision to terminate the employment of Jason K. Stratton provide:

        (a)   The individual's name, address and telephone number;

        (b)   The individual's job title; and

        (c)   Provide a description of the individual's job duties.

        **ANSWER:**      In addition to Defendant's prior response, see the documents attached hereto as Mingo-Logan 02102-02111, which provide a description of job duties for the following individuals:

7751459.1

>Ms. Pamela Tucker
>Human Resources Manager
>Mingo Logan Coal Co.
>
>Mr. Jeff Roberts
>Former General Manager
>Mingo Logan Coal Co.
>
>Mr. Chris Sykes
>Group President - Eastern Operations
>Arch Coal, Inc.

There is no job description for:

>Mr. Kenneth Cochran
>Senior Vice President of Operations
>Arch Coal, Inc.

Counsel participating in the decision to terminate plaintiff were Robert Jones, Esquire, General Counsel for Arch Coal, Inc.; Michael A. Kafoury, Esquire, Assistant General Counsel for Arch Coal, Inc.; and Michael Carey, Esquire.

  3. Do you contend that Jason K. Stratton committed any act during the course of his employment which constituted misconduct or inappropriate behavior? If so, please provide the date and nature of the misconduct or inappropriate behavior.

  **ANSWER:** In addition to Defendant's prior response, Plaintiff engaged in misconduct on numerous dates. First, on April 21, 2014, he provided false information to Michael Carey in connection with the investigation into the kickback scheme, failed to be forthright and truthful with Mr. Carey, and otherwise failed to cooperate with the investigation. Second, between April 21, 2014 and January 12, 2016, he failed to be forthright and truthful with Mr. Carey and company officials regarding his knowledge of the kickback scheme, and the false information he previously had provided to Mr. Carey. Third, on an unknown date or dates, he accepted monies from a third-party vendor, in violation of corporate policies. Fourth, on

2

unknown dates from the time plaintiff learned of the kickback scheme through January 12, 2016, he failed to report his knowledge of the kickback scheme to his supervisors and/or company officials, in violation of corporate policies.

      4.   For each conversation that your managers, directors, and/or supervisors had with or about Jason K. Stratton regarding the termination of his employment, provide:

    (a)  The date and time of said conversation;

    (b)  Every individual who was present during the conversation;

    (c)  The nature and substance of the conversation; and

    (d)  The name, address and telephone number of the individuals who participated or overheard the conversation.

**ANSWER:**   In addition to Defendant's prior response, it made supplemental discovery disclosures on July 25, 2017, totaling approximately 717 additional pages. These disclosures, totaling 2,101 pages, include numerous email messages to, from, and/or regarding plaintiff's termination. These email messages list the date and time on which the correspondence occurred. Conversations with or concerning plaintiff's termination occurred, as reflected in this correspondence, between January 12, 2016 (when plaintiff was interviewed by Mike Carey, Ken Cochran and Chris Sykes concerning plaintiff's April 21, 2014 false statements to Mr. Carey and failure to cooperate with the investigation) and January 29, 2016, when plaintiff's employment was terminated.

Plaintiff was present for the meeting with Mike Carey, Ken Cochran and Chris Sykes on January 12, 2016. He was party to the January 19, 2016 phone call with Chris Sykes, during which he was advised that he would be on paid leave from January 20, 2016 until further investigation was complete. He was party to the January 28, 2016 phone call with Chris Sykes to schedule an

3

appointment for him on January 29, 2016 at 1:00 p.m. at the mine office. He was present for that meeting, at which time his employment was terminated. Accordingly, information regarding the time on which those interactions occurred is known to plaintiff.

To the extent that these or any other communications regarding plaintiff's termination involved consultation with and advice from counsel, the attorney-client privilege and/or the attorney work product doctrine protect those communications from disclosure.

20. Please state the name, address, and date of birth of the individual who assumed the duties of Plaintiff after Plaintiff's employment with Defendant ceased.

**ANSWER:**     In addition to Defendant's prior response, Plaintiff's duties as to entering the diesel stats (hours) were assumed by Tony Dardi and John Morgan, while Plaintiff's duties as to entering other stats were assumed by Bruce Linville and Chip Porter.

Dated this 4th day of August, 2017.

David Morrison (WV Bar #2643)
Shawn A. Morgan (WV Bar #6640)

STEPTOE & JOHNSON PLLC
OF COUNSEL

400 White Oaks Boulevard
Bridgeport, WV 26330
(304) 933-8000
*Counsel for Defendant*
*Mingo Logan Coal LLC*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

JASON K. STRATTON,

  Plaintiff,

v.

                                          Civil Action No. 5:16CV12204
                                          Judge Irene C. Berger

ARCH COAL, INC., a foreign corporation,
MINGO LOGAN COAL COMPANY, a
foreign corporation, and ARCH COAL
GROUP, LLC, a foreign corporation,
                                       Removed From Circuit Court of
                                       Raleigh County, No. 16-C-724

    Defendants.

## DEFENDANT MINGO LOGAN COAL LLC'S RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS

      In accordance with Rule 34 of the Federal Rules of Civil Procedure, Defendant, Mingo

Logan Coal LLC ("ML"), subject to providing supplemental requests as discovery continues,

hereby responds to the Plaintiff's Request for Production of Documents as follows:

      1.    Produce a complete copy of Plaintiff's personnel file and employment records.

    **RESPONSE:**      See the documents attached hereto as Mingo-Logan 00216-00920;

00974-01011; 01080; 01088-01121; 01137-01185; and 01186-01341.

      2.    Produce any and all email and / or other documents with Arch Coal, Inc.; Mingo

Logan Coal Company; or Arch Coal Group, LLC; complaint / grievance / administrative filing

with the West Virginia Office of Miners Health Safety and Training; complaint / grievance /

administrative filing with the Mine Safety and Health Administration; and / or any other similar

type document filed with any state or federal agency which pertains to safety and health concerns

for miners at the subject mine; potential safety hazards associated with the subject mine;

potential violations of federal and/or state mining regulations; and/or complaints related to lost time, accidents, accident reports, or calculation of non-fatal days lost.

**RESPONSE:**     **Objection.** This request is overly broad and unduly burdensome. First, there is no limit on the years for which the request is being made. Second, there is no limit in the locations or operations pertaining to which a "complaint/grievance/administrative filing" with the listed companies was filed. Further, the request calls for information that is neither relevant nor reasonably likely to give rise to the discovery of admissible evidence. The Plaintiff's Complaint makes no allegations regarding safety issues in the mine. Finally, Plaintiff can send reasonably tailored FOIA requests to the agencies at issue to obtain the information he wants.

3.   A complete copy of any and all documents relating to Plaintiff's employment or his termination including but not limited to correspondence, memoranda, e-mail, notes, and faxes.

**RESPONSE:**     See the documents attached hereto as Mingo-Logan 00047-00215; 00479-00507; 00539-00579; 00921-01011; 01080; 01088-01121; and 01122-01134.  See also ML's response to Request No. 1.

4.   A complete copy of any and all medical records, worker's compensation records, and documents in your possession, custody or control regarding Plaintiff.

**RESPONSE:**     See the documents attached hereto as Mingo-Logan 00216-00478; 00539-00577; and 00578-00579.  See also ML's response to Request Nos. 1, 2 and 3.

5.   Produce a complete copy of any policy of insurance that may provide coverage to satisfy all or part of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy a potential judgment.

2

7716858.2

**RESPONSE:**        See the documents attached hereto as Mingo-Logan 00001-00045.

6.    Produce a copy of any declination of coverage or reservation of rights letter received from any insurer with regard to this civil action.

**RESPONSE:**        None received.

7.    Copies of any and all documents that you may use to support your claims or defenses.

**RESPONSE:**        See the documents attached hereto as Mingo-Logan 00046-00215; 00237-00276; 00406-00412; 00415; 00459; 00472; 00479-00507; 00539-00541; 00543-00548; 00564; 00971-00975; 01012-01087; 01122-01136; and 01137-01341.

8.    Copies of any and all documents, materials or things that support your good faith basis or basis for your affirmative defenses contained in your Answer.

**RESPONSE:**        See ML's response to Request No. 7.

9.    Copies of each and every exhibit, document, model or other physical evidence which you intend to introduce at the trial of this case.

**RESPONSE:**        No decisions have been made about documents, exhibits, models or physical evidence that will be used at trial.  This response will be updated in accordance with the Court's Scheduling Order.

10.  Copies of each and every exhibit, document, model or other physical evidence which you intend to use as a demonstrative aid during the trial of this action.

**RESPONSE:**        See ML's response to Request No. 9

11.  Copies of any written documents, letters or other writings that have any relevance to the allegations contained in the Complaint and the Defendant's Answer.

3

7716858.2

**RESPONSE:**   <u>**Objection.**</u>   This request is overly broad and unduly burdensome. Subject to and without waiving this objection, please see ML's response to Request No. 7.

12.  Copies of your employee handbooks and/or employment policies and procedures in effect from January 2010 through present.

**RESPONSE:**   See the documents attached hereto as Mingo-Logan 00059-00215; 00921-00970; 00976-01011.

13.  Copies of any and all safety policies, protocols and procedures in effect in January of 2016.

**RESPONSE:**   <u>**Objection.**</u>   (a) This request is overly broad and unduly burdensome, and calls for information that is neither relevant nor reasonably calculated to give rise to the discovery of admissible evidence.  By way of example only, Plaintiff's request encompasses copies of all machine operation manuals, roof control plans, safety posters and signs, etc.; none of these policies, protocols and procedures relate to Plaintiff's claims.  (b) Additionally, the request seeks information that is neither relevant nor reasonably calculated to give rise to the discovery of admissible evidence.  The Complaint raises no issue regarding safety.

14.  A copy of any and all job descriptions for any position held by Plaintiff during his employment with Defendants(s) as well as for the position of Mine Superintendent.

**RESPONSE:**   See the documents attached hereto as Mingo-Logan 00971-00975.

15.  Produce any and all e-mail messages, minutes or correspondence in your possession, custody or control written by, regarding or relating to Jason K. Stratton; the investigation in Mingo Logan Coal; or Mr. Stratton's participation in the investigation for the past five (5) years.

4

**RESPONSE:**      **Objection.**  To the extent that this request seeks information about the full scope of the investigation by Michael W. Carey, the request calls for information that (a) is protected against disclosure by the attorney-client privilege; (b) is unduly burdensome and overly broad (Mr. Carey has over 30 boxes of paper files and thousands more pages on thumb drives); and (c) is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  For documents relating specifically to Jason Stratton, see Mingo-Logan 00047-00058; 00479-00507; and 01122-01134.

16.  Any and all financial statements, audited financial statements, corporate tax returns (state and federal), audit reports, balance sheets, income statements, and cash flow statements for Mingo Logan Coal Company and its predecessor for the fiscal years 2010-present.

**RESPONSE:**      **Objection.**  Until Plaintiff establishes a *prima facie* case for recovery of punitive damages, this request calls for information that is neither relevant nor reasonably calculated to give rise to the discovery of relevant information.  Further, the information requested contains sensitive financial information that will not be provided without a Court Order to do so.

17.  A complete copy of any and all policies, procedures, protocols, documents, or guidelines pertaining or relating to terminating an employee's employment in effect from January of 2014 to present.

**RESPONSE:**      See the documents attached hereto as Mingo-Logan 00059-00215; 00921-00970; 00976-01011.

18.  All documents which demonstrate the financial position and operating results of Mingo Logan Coal Company and its predecessor for the past five (5) years.

**RESPONSE:**      See ML's objection to Request No. 16.

5

7716858.2

19. A complete copy of any and all annual letters provided by Defendant or its predecessor which detail the value of employees' total compensation packages from 2010 - present.

**RESPONSE:**     **Objection.** This request is overly broad and unduly burdensome. It also calls for information that is neither relevant nor reasonably calculated to give rise to the discovery of admissible evidence. Further the information requested contains sensitive financial information that will not be provided without a Court Order to do so. The value of compensation for employees other than the Plaintiff is also highly sensitive and confidential information that will not be produced without a Court Order to do so.

20. A complete copy of any and all policies, procedures, protocols, documents, or guidelines for the Wolves Program in effect from 2010 to present.

**RESPONSE:**     ML does not have and has not had in effect a Wolves Program.

21. A copy of any time sheets, time cards, schedules, or other documents reflecting Jason K. Stratton's schedule from January 1, 2010, through his termination.

**RESPONSE:**     See the documents attached hereto as Mingo-Logan 00508-00920.

22. A copy of any and all documents identified in Defendants' Rule 26(a)(1) Disclosures or any supplement thereto.

**RESPONSE:**     Please see the documents produced herewith.

23. A copy of any communication (electronic or other), memoranda, policy, procedure, protocol, or other document related to Defendants' investigation into wrongdoing at the mine.

**RESPONSE:**     **Objection.** This request calls for information that is neither relevant nor reasonably calculated to give rise to the discovery of admissible evidence. Further,

6

the request calls for information protected by the attorney-client and work product privileges. Michael W. Carey conducted the investigation for ML and provided numerous documents, witness summaries, reports, thoughts, etc. about the investigation. Finally, the request is overly broad and unduly burdensome. Mr. Carey has over 30 boxes of paper files and thousands of other pages on thumb drives. Subject to those objections, ML is producing all of the documents pertaining to Plaintiff's involvement in the investigation.

Dated this 30th day of June, 2017.

C. David Morrison  (WV Bar #2643)
Shawn A. Morgan (WV Bar #6640)

STEPTOE & JOHNSON PLLC
OF COUNSEL

400 White Oaks Boulevard
Bridgeport, WV  26330
(304) 933-8000
*Counsel for Defendant*

7

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

JASON K. STRATTON,

      Plaintiff,

v.

                                     Civil Action No. 5:16CV12204
                                     Judge Irene C. Berger

ARCH COAL, INC., a foreign corporation,
MINGO LOGAN COAL COMPANY, a
foreign corporation, and ARCH COAL             Removed From Circuit Court of
GROUP, LLC, a foreign corporation,             Raleigh County, No. 16-C-724

      Defendants.

## CERTIFICATE OF SERVICE

      I hereby certify that on the 30th day of June, 2017, I electronically filed the **"Certificate of Service"** for **"Defendant Mingo Logan Coal LLC's Response to Plaintiff's Request for Production of Documents"** with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record.  I further certify that I also served a true copy of **"Defendant Mingo Logan Coal LLC's Response to Plaintiff's Request for Production of Documents"** on this date by United States mail, postage prepaid, to the following counsel of record:

                          Stephen P. New
                          114 Main Street
                          P.O. Box 5516
                          Beckley, WV 25801
                          *Counsel for Plaintiff*

                          /s/ C. David Morrison
                          C. David Morrison (WV Bar #2643)
                          Shawn A. Morgan (WV Bar #6640)

# DOCUMENT PRIVILEGE LOG
## Stratton v. Arch Coal, Inc., et al.
## US District Court for the Southern District of WV
## Civil Action No. 5:16-cv-12204

| Date | Custodian | Description of Document | Privilege Asserted |
|------|-----------|------------------------|--------------------|
| 04/23/14 – 01/28/16 | Steptoe & Johnson | E-Mail communications exchanged among Michael A. Kafoury, Esq., Assistant General Counsel for Arch Coal, Inc., Robert Jones, Esq., General Counsel for Arch Coal, Inc. and Michael W. Carey, Esq., regarding the interviews of Jason Stratton | Attorney-Client Communication |

7725058

UNITED STATE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

JASON K. STRATTON,

      Plaintiff,

v.

                                             Civil Action No. 5:16CV12204
                                             Judge Irene C. Berger

ARCH COAL, INC., a foreign corporation,
MINGO LOGAN COAL COMPANY, a
foreign corporation, and ARCH COAL            Removed From Circuit Court of
GROUP, LLC, a foreign corporation,               Raleigh County, No. 16-C-724

      Defendants.

## DEFENDANT MINGO LOGAN COAL, LLC'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSIONS OF FACTS

      In accordance with Rule 36 of the Federal Rules of Civil Procedure, Defendant

Mingo Logan Coal, LLC ("ML") hereby responds to Plaintiff's Requests for Admission of Facts

as follows:

      1.   Admit that Defendants terminated Plaintiff's employment.

      **RESPONSE:**    Denied.  Plaintiff was employed only by ML, and thus his

employment was terminated by ML.

      2.   Admit that Plaintiff never committed any act during the course of his employment

with Defendants that constituted misconduct or inappropriate behavior.

      **RESPONSE:**    Denied.  Plaintiff violated the Code of Business Conduct and

company policies in at least three respects:

(a)     He accepted what he described as a loan from a vendor in 2012.

(b)     He was dishonest and not forthcoming in the information he provided to Michael W. Carey, when interviewed on April 21, 2014, at which time the Plaintiff was advised that, pursuant to company policy, his cooperation was expected and, if he failed to comply, he could be disciplined up to and in including termination.

(c)     He did not come forward voluntarily to report information in his possession about others engaging in illegal kickback schemes.

3.     Admit that Jason K. Stratton was employed by Defendants as a Dispatcher.

**RESPONSE:**     Denied.  Plaintiff was never employed by Arch Coal, Inc. or Arch Coal Group LLC.  He was a Maintenance Technician for ML at the time of his employment termination.

4.     Admit that during his employment with Defendants, Jason K. Stratton consistently performed his duties in a satisfactory manner.

**RESPONSE:**     Denied.  See the response to Request No. 2 for an explanation.  Moreover, it is impossible to now go back and determine what errors or mistakes Plaintiff may have made while employed at the Mountain Laurel Mine.

5.     Admit that Defendants were aware that Plaintiff cooperated with FBI investigators during a joint federal and state investigation into an illegal kickback scheme at the Mountain Laurel Complex of Mingo Logan Coal Company.

**RESPONSE**:     This request cannot be admitted or denied because of the use of the word "cooperated."  At some point in time, Defendants knew that Plaintiff had provided

2

information to an FBI investigator during the FBI investigation into an illegal kickback scheme at the Mountain Laurel Complex of ML.

6.   Admit that Defendants were aware that Plaintiff possessed voice recordings, notes, and photographs relevant to the aforementioned investigation, and that Plaintiff intended to disclose the same if requested by subpoena.

**RESPONSE:**   Denied.   The request is not clear as to when the Defendants supposedly gained knowledge that Plaintiff had information that he did not share with Defendants about the illegal kickback scheme.  Moreover, Defendants still have no knowledge of photographs as Plaintiff still has not disclosed them.  Defendants were never told that Plaintiff would disclose information to the FBI if subpoenaed.

7.   Admit that following Defendant's discovery of Plaintiff's cooperation with the FBI, his work hours were reduced.

**RESPONSE:**   Denied.  Once again, Defendants still do not know if plaintiff "cooperated" with the FBI as explained in response to Request No. 5.  Additionally, though his hours were reduced along with others working at the Mountain Laurel Mine due to needs of the business, reducing his hours was completely unrelated to any information Plaintiff supplied to the FBI.

8.   Admit that West Virginia and Federal recognize a substantial public policy favoring cooperation with the efforts of the Federal Bureau of Investigation in conducting an investigation, and criminal penalties exist for failure to do so.

**RESPONSE:**   Denied.  See the briefs submitted in support of Defendants' Motion to Dismiss.

7718424.2

9.   Admit that West Virginia and Federal require compliance with any properly issues and served subpoena.

**RESPONSE:**   This response cannot be admitted or denied.  Due to grammatical and/or typographical mistakes, the request makes no sense.

10.   Admit that provisions of West Virginia and federal law including, but not limited to Rule 45 of the West Virginia Rules of Civil Procedure and the Federal Rules of Civil Procedure requires compliance with a duly issued subpoena, and provide penalties for failure to do so.

**RESPONSE:**   Partially admitted and partially denied.  If there is no legitimate objection to a properly served subpoena, the request is admitted.  However, the request is denied to the extent that a subpoena may be quashed under federal and/or state law.

11.   Admit that Defendants did not fire Safety Directors that followed with Defendants' directives not to comply for the rules and regulations set forth in the foregoing Requests for Admissions.

**RESPONSE:**   This request cannot be admitted or denied.  Due to grammatical and/or typographical errors, the request makes no sense.

12.   Admit that Defendants are an employer within the meaning of W.Va. Code § 5-11-1 *et seq.*

**RESPONSE:**   Denied in part and admitted in part.  Defendants admit that ML is an "employer", but deny that either Arch Coal, Inc., or Arch Coal Group, LLC, is an "employer" as the term "employer" is defined in the West Virginia Human Rights Act.  Defendants also deny that these Defendants have ever been a single "employer".

4

13.  Admit that Plaintiff was replaced by an individual that did not have a disability or perceived disability.

      **RESPONSE:**     Denied.  Plaintiff was not replaced.

Dated this 22nd day of June, 2017.

                            C. David Morrison  (WV Bar #2643)
                            Shawn A. Morgan (WV Bar #6640)

STEPTOE & JOHNSON PLLC          400 White Oaks Boulevard
      OF COUNSEL                 Bridgeport, WV  26330
                            (304) 933-8000
                            *Counsel for Defendant*
                            *Mingo Logan Coal, LLC*

5

7718424.2

UNITED STATE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

JASON K. STRATTON,

    Plaintiff,

v.

                                   Civil Action No. 5:16CV12204
                                   Judge Irene C. Berger

ARCH COAL, INC., a foreign corporation,
MINGO LOGAN COAL COMPANY, a
foreign corporation, and ARCH COAL
GROUP, LLC, a foreign corporation,

                                   Removed From Circuit Court of
                                   Raleigh County, No. 16-C-724

    Defendants.

## CERTIFICATE OF SERVICE

    I hereby certify that on the 22nd day of June, 2017, I electronically filed the "Certificate of Service" for "Defendant Mingo Logan Coal Company's Responses to Plaintiff's First Set of Requests for Admissions of Fact" with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record  I further certify that I also served a true copy of "Defendant Mingo Logan Coal Company's Responses to Plaintiff's First Set of Requests for Admissions of Fact" on this date by United States mail, postage prepaid, to the following counsel of record:

                              Stephen P. New
                              114 Main Street
                              P.O. Box 5516
                              Beckley, WV 25801
                              *Counsel for Plaintiff*


                            /s/ C. David Morrison
                            C. David Morrison (WV Bar #2643)
                            Shawn A. Morgan (WV Bar #6640)