

400 White Oaks Boulevard
Bridgeport, WV 26330
(304) 933-8000   (304) 933-8183 Fax
www.steptoe-johnson.com

Writer's Contact Information
DIRECT DIAL
Phone: (304) 933-8119
E-mail:
shawn.morgan@steptoe-johnson.com

September 14, 2017

**VIA U.S. Mail and Email** *(mandy@newlawoffice.com)*
Amanda J. Taylor, Esquire
The Law Office of Stephen P. New
114 Main Street
P.O. Box 5516
Beckley, WV 25801

   Re: Jason K. Stratton v. Arch Coal, Inc.
     <u>Civil Action No. 5:16-CV-12204</u>

Dear Ms. Taylor:

  Please allow this letter to serve as a good faith communication, pursuant to Rule 37 of the Federal Rules of Civil Procedure, regarding the subject matter of your client's September 18, 2017 deposition.

  As previously indicated in David Morrison's September 7, 2017 email, we plan to inquire regarding Mountaineer Development & Consulting, LLC ("Mountaineer"). Contrary to Mr. Stratton's deposition testimony on July 7, 2017 that he had never been to Mountaineer's business address, that he did not really know what the business did, that he placed the business in his name because Amon Mahon asked him to, and that Mr. Mahon's accountant did his taxes, we received correspondence on September 7, 2017 from Mr. Mahon's lawyer claiming that Mr. Mahon has no interest in Mountaineer. At your request, we served a subpoena *duces tecum* personally upon Plaintiff, seeking records regarding Mountaineer, but have not yet received a response. We also served an identical subpoena *duces tecum* upon Mountaineer's agent in Kentucky but, again, have received no response.

  As referenced in your September 7th email reply, there is publicly available information regarding Mountaineer on the West Virginia Secretary of State's website. Interestingly, this information, which was updated on July 21, 2017 (two weeks <u>after</u> Plaintiff's deposition) corroborates an even stronger connection between Mountaineer and Plaintiff, which warrants further questioning of him regarding Mountaineer and his financial interests in it. Plaintiff is listed as the "Manager" and sole Officer of the LLC. His residence is listed as its Principal Office Address and as its Designated Office Address. Plaintiff also is listed, at that same address, for Notice of Process. This contradicts Plaintiff's deposition testimony that he never has been at Mountaineer's place of business.

  Additionally, you recently provided a supplemental discovery disclosure, on September 8, 2017, which necessitates another line of inquiry, concerning Big Fork Development LLC

**Exhibit 11**

("Big Fork") and Plaintiff's financial interests in that business. In his responses to Defendants' discovery requests, Plaintiff represented that he began to work for Big Fork Development in March 2017 as a purchasing agent earning $15.00 per hour. The supplemental discovery disclosure tendered on September 8th reflects that Plaintiff was not paid by Big Fork until April 28, 2017. In contrast to the representation that he was Big Fork's purchasing agent, Plaintiff testified on July 7th that he also is "listed as" the President of the company. Although he further testified that he reports to Paul Ison, Wayne Johnson, Kenny Spangler, and Ben Morgan, Big Fork's records with the West Virginia Secretary of State reflect, instead, that Mountaineer (and, thus, Plaintiff himself) controls Big Fork. The sole Member of Big Fork is Mountaineer. Big Fork's Mailing Address and its Principal Office Address are Plaintiff's residence. In light of this information, we have served a subpoena *duces tecum* personally upon Plaintiff, seeking records regarding Big Fork, but have not yet received a response. That response is due on September 25, 2017, unless Plaintiff elects to provide those records prior to his deposition; of course, if he does not, that may further delay completion of the deposition in order to allow us a full opportunity to question him about those corporate records.

Indisputably, Plaintiff's anticipated deposition testimony -- regarding his interests in and connections to Big Fork and to Mountaineer, as well as payments received from them -- relates directly to whether he has mitigated his claimed economic damages. You indicated to David Morrison on September 7th that you would object to questions posed to Plaintiff regarding Mountaineer, and that you planned to file a motion for protective order; however, to date, no such motion has been filed. In accordance with Rule 30(a)(2)(A)(ii) of the Federal Rules of Civil Procedure,

> A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2)…if the parties have not stipulated to the deposition and…the deponent has already been deposed in the case. (underlining supplied).

We believe that the Court would grant Defendants' leave to question Plaintiff regarding Mountaineer and Big Fork, and would find that reopening the deposition for such questions comports with Rule 26(b)(2) as a circumstance "where new information [has] come[ ] to light triggering questions that the discovering party would not have thought to ask at the first deposition." See Patterson v. Yeager, 2015 WL 6692264, at *4 (S. D. W. Va. Nov. 30, 2015) (quoting Keck v. Union Bank of Switzerland, 1997 WL 411931, at *1 (S. D. N. Y. July 22, 1997)). Please advise tomorrow morning whether you will permit these questions at the deposition, or whether it will be necessary for us to seek leave of court in advance of Monday's scheduled deposition.

  Should you have any questions regarding the foregoing, please do not hesitate to contact me.

                Very truly yours,

                Shawn A. Morgan

SAM/sc