| | |
|---|---|
| **From:** | Mandy Taylor <mandy@newlawoffice.com> |
| **Sent:** | Friday, September 15, 2017 11:45 AM |
| **To:** | Shawn Morgan; steve@newlawoffice.com |
| **Cc:** | David Morrison |
| **Subject:** | Re: Stratton v. Arch Coal, Inc., et al. -- Subpoenaed records |

Shawn:

We not only need to delay Mr. Stratton's deposition, we will need to cancel it. I am in receipt of your letter dated September 14, 2017. As it states, you are required to seek leave of the Court or agreement to re-depose Mr. Stratton. I believe that your letter vastly misrepresents Mr. Stratton's testimony, and that the efforts at a second deposition are nothing more than an effort to take a second bite at the apple. As I told David, you are in possession of Mr. Stratton's tax returns, and you were at the time of the deposition. Moreover, you had the opportunity to question Jason regarding formation and other issues about Mountaineer and Big Fork at his earlier deposition. To the extent that subpoenas are just being issued, it is not the fault of my client that this was not done in advance and in preparation for his first deposition.

Most significantly, other than mere supposition, you have nothing upon which to base your assumptions that Mr. Stratton's testimony was anything other than honest. Your letter states that the correspondence from Mr. Mahon's lawyer stating that he has no ownership or membership interest in Mountaineer is somehow inconsistent with Jason's testimony that the business is in Jason's name. This is simply not true. Your letter further misrepresents Mr. Stratton's testimony in an effort to create a basis for redeposing him. First, you state, on more than one occasion, that Mr. Stratton testified that "he had never been to Mountaineer's business address." This was not his testimony. His testimony was as follows:

Q: This says 100 North Main Street, Nicholasville.
A: That could be it. I've never been to it.

[Stratton, p. 301; ll. 14-16]. Next, you state that he testified that "he did not really know what the business did." This, too, inaccurately reflects his actual testimony which was as follows:

Q: What sort of consulting services did this company provide?
A: He provides consulting to mine-related jobs and he had a sand fracking plant or something like that in Wisconsin.

[Stratton p. 301, ll. 17-21]. You further have no basis to contradict Mr. Stratton's statements that he placed the company in his name at the request of Mr. Mahon, or that Mr. Mahon's accountant does his taxes. Indeed, the latter is reflected accurately in Mr. Stratton's tax returns, which were marked as exhibits to his deposition. Your efforts to confuse the formalities of the company, as opposed to the realities of its operation and Mr. Stratton's involvement, do not merit a second deposition of my client.

As to Big Fork Development, as I have stated, your recently served subpoena could have been served prior to Plaintiff's deposition. Failure to do so should not place a burden on my client. Moreover, beginning work in March of 2017 and being first paid on April 28, 2017, are not inconsistent representations or statements. If you believe they are, you can certainly attempt cross examination at trial, though I believe an objection to the same will be sustained. Further, my client being listed as President of the Company and working for the company as

a purchasing agent are not inconsistent. There is certainly no basis, based upon any disclosure or information available regarding Big Fork, to take a second deposition of my client.

To the extent that you are concerned about the mitigation of my client's damages, you are in possession of his tax returns, prepared by an accountant on his behalf. Any further inquiry, particularly based upon assumption and supposition, is improper, and I cannot consent to the same absent a court order.

I welcome your communications regarding these issues.

Thank you,
Mandy

On Fri, Sep 15, 2017 at 10:20 AM, Shawn Morgan <Shawn.Morgan@steptoe-johnson.com> wrote:

Mandy,

You previously indicated that Plaintiff would provide business records of Mountaineer Development & Consulting, LLC. We also recently subpoenaed him for business records of Big Fork Development LLC. Obviously we will need those records in order to conclude his deposition. When do you anticipate that these records will be provided? Should we delay his deposition further, in order to allow sufficient time for their production and review?

Thank you.

**Shawn Morgan**
Of Counsel

Steptoe & Johnson PLLC
400 White Oaks Boulevard
Bridgeport, WV 26330
O: 304-933-8119 F: 304-933-8183 C: 304-844-1440

Shawn.Morgan@steptoe-johnson.com
www.steptoe-johnson.com



Steptoe & Johnson PLLC Note:
This e-mail and any attachments are confidential and may be protected by legal privilege. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this e-mail or any attachment is prohibited. If you have received this e-mail in error, please notify us immediately by returning it to the sender and delete this copy from your system. Thank you for your cooperation.