# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

JASON K. STRATTON,

               Plaintiff,

v.                                CIVIL ACTION NO. 5:16-cv-12204

ARCH COAL, INC., et al.,

               Defendants.

## MEMORANDUM OPINION ORDER

The Court has reviewed the *Notice of Attorneys' Lien* (Document 166) and *Supplement in Support of Attorneys' Lien* (Document 167) filed by Mr. Stephen P. New and Ms. Amanda J. Taylor of the Law Office of Stephen P. New. The Court has also considered the arguments put forth by the parties during the hearing held on March 15, 2018. For the reasons stated herein, the Court finds that the request should be granted and the movants awarded their attorneys' fees.

The Plaintiff originally retained the Law Office of Stephen P. New in November of 2015 to represent him in a wrongful termination action. The Plaintiff and Mr. New's law firm entered into a contract wherein the Plaintiff agreed to pay forty percent (40%) of the gross recovery, plus all costs and expenses, from any judgment. (Notice of Attorneys' Lien, Ex. 1.) (Document 166-1) The contract also stated that, should the Plaintiff desire to "retain another attorney and dismiss [Mr. New], the [Plaintiff] hereby ASSIGNS, CONVEYS AND GRANTS, unto the attorney herein, 40% of any settlement offers plus costs and expenses . . . ." (*Id.*) Ms. Taylor and Mr. New

1

litigated the Plaintiff's case through 2017. On December 22, 2017, the Plaintiff's counsel filed a *Motion to Withdraw from Representation* (Document 163) at the Plaintiff's behest after the Plaintiff and his counsel could not come to an agreement regarding certain issues outside the scope of Mr. New's representation of the Plaintiff in this action. Specifically, issues arose regarding the Plaintiff's mitigation of damages surrounding a Kentucky corporation registered in his name.

Shortly after filing the motion to withdraw, but before this Court issued a ruling on it, the Plaintiff retained Jeffrey Simpkins and proceeded to mediate the case. Through the course of mediation, the Plaintiff reached a settlement agreement with the Defendants. It is with respect to that settlement agreement that the Law Office of Stephen New filed an attorneys' lien to recover fees and expenses for services provided. The Plaintiff's new counsel did not file a written response in opposition to the charging lien or the supplemental documents in support.

With respect to the termination of the attorney-client relationship, the West Virginia Supreme Court of Appeals has found as follows:

> If the contract between attorney and client be broken without fault on the part of the attorney, he may recover damages for breach, or on *quantum meruit*, for the reasonable value of his services. . . . *But*, if the compensation under the contract is contingent on the success of the suit, and the attorney is discharged without fault on his part, the measure of damages is not the contingent fee, but a reasonable compensation for the services actually rendered.

*Clayton v. Martin*, 151 S.E. 855, 856-57 (W.Va. 1930) (emphasis added). In these instances where the compensation is based on a reasonable compensation for services as opposed to the contingency fee agreement alone, "the court is to consider many factors beyond the number of hours devoted to the case." *Abramson ex rel. Estate of Abramson v. Laneko Eng'g Co.*, 370 F. Supp. 2d 498, 499 (S.D.W. Va. 2005) (Chambers, J.). The West Virginia Supreme Court of Appeals has on several occasions addressed these factors under different factual scenarios and

established a non-exhaustive list that includes the time and labor required, the difficulty of the question, the requisite skills required to perform the job, the customary fee, whether the fee agreed to was fixed or contingent, the experience and reputation of the attorneys, and awards in similar cases. *Id.* at 499-500; Syl. Pt. 3, *Stafford v. Bishop*, 127 S.E. 501 (W.Va. 1925); *Statler v. Dodson*, 466 S.E.2d 497, 505-06 (W.Va. 1995); *Kopelman and Associates, L.C. v. Collins*, 473 S.E.2d 910, 920-21 (W.Va. 1996).

Here, the Plaintiff contractually agreed to compensate Mr. New's firm by a contingency fee of forty percent. The Court finds that the contractual language of the parties is controlling and that the agreed-to forty percent of the settlement plus the reimbursement of expenses is a reasonable compensation[1] for the services rendered by the Law Office of Stephen New. Upon entering into a contractual relationship with Mr. New's firm, Mr. New and Ms. Taylor substantially contributed to the Plaintiff's wrongful termination case. Mr. New's law firm is experienced in litigation and, upon taking the case, conducted a thorough investigation of the Plaintiff's claims. Upon removal to this Court, Mr. New's firm continued to represent the Plaintiff in a diligent and effective manner, including successfully defending against a motion to dismiss.

Mr. New's firm developed a strategy for litigating the case, took several depositions, responded to motions for summary judgment, and responded to motions *in limine*. It appears that the Plaintiff was completely satisfied with representation from Mr. New's firm during all of this work, and did not become dissatisfied until Mr. New informed the Plaintiff that the firm did not represent him in his capacity as a representative for other business entities with which he was

---

1 Without publicizing the amount of the confidential settlement negotiated by the parties, the Court notes that the forty percent fee awarded herein amounts to significantly less than any reasonable calculation of fees based on the time involved in briefing motions to dismiss, briefing motions for summary judgment, taking multiple depositions, and responding to discovery requests.

affiliated. It was at that point in late 2017, after the brunt of the litigation had been completed and the parties were awaiting a ruling on summary judgment motions, that the Plaintiff became unhappy with Mr. New's representation and the parties agreed that Mr. New would withdraw from representation at no fault of his own.

Based on these facts and circumstances, Mr. New's firm is entitled to its contractually agreed-upon forty percent of the settlement proceeds. Mr. New's firm did all of the work leading up to the mediation, and the Plaintiff and Mr. Simpkins undoubtedly relied on this work during the mediation process. Mr. New's firm represented the Plaintiff for two years, covering all aspects of the litigation preceding the successful mediation, including motions to dismiss, discovery, motions for summary judgment and motions *in limine*. While the Court cannot assume that Mr. New's appearance at the mediation would have resulted in the same settlement agreement, it is fair to assume that it was largely because of Mr. New's prior work that the settlement was reached, given that Mr. Simpkins[2] was hired immediately before the mediation.

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that Mr. New and the Law Offices of Stephen P. New receive a fee of forty percent (40%) of the settlement

---

2 In the interests of ensuring that the parties had the opportunity to fully explain the circumstances involved in the change in counsel and eventual attorneys lien, the Court ordered the parties to appear at a hearing. During this hearing, Mr. Simpkins offered an extended monologue detailing alleged unprofessional communications between himself and Mr. New and talked around the nature of the Kentucky proceedings for which Mr. New declined to represent the Plaintiff. Mr. Simpkins all but refused to answer the Court's questions about the facts regarding the Plaintiff's business dealings in Kentucky after the Court *twice* prompted him to do so. The Court was able to garner an understanding of those details only after an attorney for the Defendant, who had no remaining interest in the case, voluntarily appeared at the hearing, and provided an explanation. Overall, Mr. Simpkins' statements and arguments made no reference whatsoever to the applicable legal standards, and he provided no factual arguments to support the Plaintiff's position that Mr. New was not entitled to fees under those legal standards. In addition to his unprepared and inadequate efforts to address the merits of the attorney fee issue, Mr. Simpkins made the wholly disrespectful and outrageous suggestion that the Court may be "in the back pocket" of Mr. New and his law firm, or at least that Mr. New may have believed the same. The Court finds Mr. Simpkins' argument to be beneath the integrity, civility and professionalism required of the legal profession. Based on his egregious behavior, the Court recommends that Mr. Simpkins endeavor to improve his preparedness and performance prior to any future appearance.

plus costs and expenses for services rendered. The Clerk of the Court is **DIRECTED** to pay said fees and expenses to Attorney Stephen P. New prior to releasing the remainder of the deposited settlement amount to current Counsel for the Plaintiff.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to counsel of record and to any unrepresented party.

ENTER: April 2, 2018

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA